UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CASE NO. 1:05-cv-0354-DFH-TAB<br>OOGLES N GOOGLES, an Indiana )<br>corporation, KEVIN MENDELL, an )<br>individual, DANYA MENDELL, an )<br>individual, and X, Y, Z CORPORATIONS, )<br>)<br>Defendants. ) | |

ENTRY ON FINAL PRETRIAL SCHEDULE
AND TRIAL SETTING

This matter is set for a jury trial beginning **Monday, April 10, 2006, at 9:00 a.m.**, in Room 344, Birch Bayh United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. A final pretrial conference will be held before Judge David F. Hamilton on **Friday, March 31, 2006, at 9:00 a.m.**, in Room 330, Birch Bayh United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

To complete trial preparations, the court orders as follows:

1.  TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

    a.  File a list of witnesses who are expected to be called to testify at trial.
    b.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description

       of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    c.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    d.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        (1)    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        (2)    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    e.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    f.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

2.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

    a.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      b.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      c.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      d.     Notify the court and opposing counsel of requests for separation of witnesses at trial.

3.    Prior to the final pretrial conference, the parties should review the document "Answers to Commonly Asked Questions Regarding Trials Before Judge David F. Hamilton," which can be obtained at the court's website, **www.insd.uscourts.gov**. If counsel or parties do not have access to the Internet, a copy of the document may be obtained by calling Judge Hamilton's courtroom deputy at (317) 229-3724.

Date: June 14, 2005

                                    DAVID F. HAMILTON, JUDGE
                                    United States District Court
                                    Southern District of Indiana

-4-

Copies to:

John David Hoover
HOOVER HULL BAKER & HEATH LLP
jdhoover@hooverhull.com

Kevin C. Kaplan
BURLINGTON WEIL SCHWEIP KAPLAN & BLONSKY PA
kkaplan@bwskb.com

Bryan S. Redding
COHEN GARELICK & GLAZIER
bredding@cgglawfirm.com