IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-0354-DFH-TAB |
| | ) | |
| OOGLES N GOOGLES, an Indiana corporation; | ) | |
| KEVIN MENDELL, an individual; | ) | |
| DANYA MENDELL, an individual; and | ) | |
| X, Y, Z CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL INITIAL
DISCLOSURES FROM DEFENDANTS**

Plaintiff Stelor Productions, Inc. ("Stelor") hereby submits this memorandum in support

of its motion to compel initial disclosures and the identities of franchisees from Defendants

Oogles N Googles, Kevin Mendell, Danya Mendell, and X,Y, Z Corporations.  In support of said

motion, Stelor states as follows:

Defendants have ignored their obligation to provide initial disclosures pursuant to Federal

Rules of Civil Procedure, Rule 26(a)(1).  *See also* Rule 37(a) (providing that parties may move

for an order compelling initial disclosures).  These initial disclosures are long past due.  The

Case Management Plan requires that initial disclosures would be due on or before June 11, 2005.

Defendant has failed to make those disclosures.   Defendants' counsel, furthermore, represented

Dockets.Justia.com

to Magistrate Judge Baker at the June 1, 2005 status conference that it would disclose the identity of its franchisees so that Plaintiff could add them as parties in a timely manner.

Stelor is prejudiced by this failure to make disclosures because the deadline for amending the complaint to add parties is August 11, 2005.  Defendant's delay in providing the identities of the franchisees appears to be an unsubtle ploy to run out the clock on this amendment.

Wherefore, pursuant to Rules 26(a)(1) and 37(a), Stelor respectfully moves for an compelling Defendants to make their 26(a)(1) disclosures, disclose the identifies of Oogles N Googles's franchisees, pay Stelor's expenses and fees in bringing this motion, and such other relief as the Court deems just and proper.

### Certificate of Conference

Undersigned counsel certifies that he and his office has conferred extensively with counsel for Defendants, but the parties were unable to resolve the issues set forth herein. Defendants' counsel finally called and represented that he was working on the initial disclosures, but committed to no specific date for service of them and, as of now, we have not received it.

Respectfully submitted,

John David Hoover, Attorney No. 7945-49
HOOVER HULL BAKER & HEATH LLP
Attorneys at Law
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Phone:  (317) 822-4400
Fax:  (317) 822-0234
E-mail:  jdhoover@hooverhull.com

Of counsel (admitted pro hac vice):

s/Kevin C. Kaplan
Kevin C. Kaplan
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive – PH
Miami, Florida 33133
Tel:  (305) 858-2900
Fax:  (305) 858-5261
Email:  kkaplan@bwskb.com

Attorneys for Plaintiff, Stelor Productions, Inc.


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 7, 2005, a copy of the foregoing ***Memorandum In Support of Motion to Compel Initial Disclosures from Defendants*** was filed electronically.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Bryan S. Redding
Cohen Garelick & Glazier
bredding@cgglawfirm.com

s/Kevin C. Kaplan
Kevin C. Kaplan
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive – PH
Miami, Florida 33133
Tel:  (305) 858-2900
Fax:  (305) 858-5261
Email:  kkaplan@bwskb.com

3