UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, INC., ) <br> a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OOGLES N GOOGLES, an Indiana ) <br> corporation; KEVIN MENDELL; ) <br> DANYA MENDELL; MICHELLE COTE; ) <br> ROB LENDERMAN; STACEY ) <br> LENDERMAN; BRENDA MURTY; ) <br> MARGIE THOMAS; ROB SLYTER; ) <br> ELIZABETH SLYTER; CORINNA ) <br> SPARKS; CHRISTINE WATERBURRY; ) <br> LEIGH SUNDLING; and TINA CARTAYA) <br> ) <br> Defendants. ) | Case Number: 1:05-CV-0354-DFH-TAB |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Comes now the Defendants, by counsel, and pursuant to Federal Rule of Civil Procedure 12 and 41, would move this Court to dismiss this action and would present to the Court the following:

1. Plaintiff, Stelor Productions, Inc. ("Stelor"), has filed an Amended Complaint in this matter.

2. Stelor brings this action based upon trademarks ("Marks") which it was using under a licensing agreement with Steven Silvers. Amended Complaint, ¶ 21.

3. Attached hereto as Exhibit "A" are printouts from United States Patent Trademark website showing information about the trademarks listed in paragraph 21 of Plaintiff's Amended Complaint and confirming that Stelor is not the owner of the Marks.

4. The undersigned has been contacted by counsel for Mr. Silvers and informed that Stelor is no longer a licensee of the Marks listed in paragraph 21 and that Mr. Silvers has just recently learned that Stelor filed this action against the Defendants and that such action was without authority or legal standing. A copy of the email from Gail McQuilkin is attached hereto as Exhibit "B."

5. Counsel for Mr. Silvers has expressed that Mr. Silvers is not interested in litigating this matter in Federal Court (as it now stands) and through counsel is preparing an affidavit to be tendered to this Court, confirming that this matter should be dismissed without prejudice.

6. The affidavit noted above had not been completed as of the time necessary for this filing, but it is expected that the affidavit will be completed in the next seven (7) working days. The Defendants would request leave to allow for the filing of this affidavit and that it be incorporated into this motion as if attached hereto.

7. As is widely known, courts may adjudicate only "cases or controversies" under Article III of the United States Constitution. *Warth v. Seldin*, 442 U.S. 490, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The Court is prohibited in this case from hearing the action under Article III, as the party owning the interest at issue and having standing does not wish the case to proceed in Federal Court.

8. Stelor is not the real party in interest as required by Federal Rule of Civil Procedure 17(A). A "real party in interest" owns or has been transferred the right sought to be enforced. Only someone with legal title to the rights affected by the defendant's conduct could sue at law. The designation of the real party in interest entails identifying the person who

possesses the particular right sought to be enforced. *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992).

9.    Likewise, Stelor lacks the standing to sue. The doctrine of standing requires federal courts to make sure concrete legal issues are presented by a plaintiff with a particularized injury in fact traceable to the conduct of the defendant which is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

WHEREFORE, Defendants pray that the Court dismiss this matter, without prejudice, and for all other relief just and proper in the premises.

COHEN GARELICK & GLAZIER


By:   s/ Bryan S. Redding
     Bryan S. Redding, #18127-49
     Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  John David Hoover
  jdhoover@hooverhull.com
  Kevin C. Kaplan
  kkaplan@bwskb.com
  David John Zack
  dzack@bwskb.com

Bryan S. Redding, Esq.
COHEN GARELICK & GLAZIER
8888 Keystone Crossing
Suite 800
Indianapolis, Indiana  46240
(317) 573-8888