UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, INC., )<br>a Delaware corporation, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>OOGLES N GOOGLES, an Indiana )<br>corporation; KEVIN MENDELL; )<br>DANYA MENDELL; MICHELLE COTE; )<br>ROB LENDERMAN; STACEY )<br>LENDERMAN; BRENDA MURTY; )<br>MARGIE THOMAS; ROB SLYTER; )<br>ELIZABETH SLYTER; CORINNA )<br>SPARKS; CHRISTINE WATERBURRY; )<br>LEIGH SUNDLING; and TINA CARTAYA)<br>  )<br>  Defendants. ) | Case Number: 1:05-CV-0354-DFH-TAB |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Comes now the Defendants, by counsel, and pursuant to Federal Rule of Civil Procedure 12 and 41, submits this brief in support of the motion to dismiss Plaintiff's Amended Complaint:

**I. FACTS**

Plaintiff, Stelor Productions, Inc. ("Stelor"), has filed an Amended Complaint in this matter. Stelor brings this action based upon trademarks ("Marks") which it was using under a licensing agreement with Steven A. Silvers ("Silvers"). Amended Complaint, ¶ 21.

The licensing agreement with Stelor was terminated by Silvers on April 27, 2005. Attached hereto as Exhibit 1 is the Declaration of Gail A. McQuilkin, counsel for Steven A. Silvers, ¶¶ 6-7. According to the license agreement upon termination of the agreement "all the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately

revert to LICENSOR. . . ." Exhibit 1, ¶ 8.

Thereafter on May 5, 2005, Stelor Productions, LLC (not Stelor Productions, Inc.) filed suit against Silvers in the United States District Court for the Southern District of Florida alleging improper termination and seeking injunctive relief against Silvers to compel Silvers to allow Stelor to continue being a licensee. Exhibit 1, ¶ 10.

On July 5, 2005, the United States District Court issued an order denying the injunctive relief sought by Stelor holding that Stelor "has not demonstrated any injury it may suffer from denial of the preliminary injunction cannot be adequately compensated by monetary damages so as to make equitable interlocutory relief appropriate. Attached to Exhibit 1 is a true and accurate copy of the Order, designated Exhibit A (relevant citation from pg. 2 of Exhibit A).

In support of this decision the court cited the cases of *A.L.K. Corp. v. Columbia Pictures Industries, Inc.* 440 F.2d. 761 (3d. Cir. 1971) and *Freeplay Music, Inc. v. Verance Corp.*, 80 Fed.Appx. 137 (2d. Cir. 2003)(unpub). In both of these cases, licensees that had been terminated sought preliminary injunctive relief of specific performance of the licensing agreement, to allow them to continue as licensees during the pendency of the suits. In both cases, the relief sought was denied. *Id.*, Exhibit A at pgs. 2-3. This is the same relief Stelor sought in this Florida action. *Id.*

In the case brought by Stelor, the Court held that "even if a breach of the licensing agreement or settlement agreement is ultimately found, the only cognizable injury which [Stelor] has established is that is may sustain a loss of income . . . . This value is capable of measurement and can adequately be remedied by monetary damages if [Stelor] is ultimately successful on the merits of its claim." *Id.,* Exhibit A at pgs. 3-4.

Stelor has asserted in the legal actions in Florida that Stelor Productions, **Inc.** no longer exists, and brought said actions under the name Stelor Productions, LLC. Exhibit 1, ¶ 10, Exhibit A of Exhibit 1, pg. 1.

Prior to August 27, 2005, Silvers was unaware that Stelor had filed this action and upon discovery of this fact, counsel for Silvers immediately contacted defense counsel in this action. Exhibit 1, ¶ 13, Exhibit C to Exhibit 1. The present action was apparently not authorized by Silvers and Silvers would prefer that this matter be dismissed without prejudice. Exhibit 1, ¶¶ 13, 15.

## II.  ARGUMENT

**A.  Stelor no longer has rights to pursue this action**

Stelor brought this action under a licensing agreement that has now been terminated. Stelor has been denied the relief of specific performance of continuing the licensing agreement. At this time, Stelor no longer has an interest in which to pursue in this case, i.e. trademark infringement, as all these rights have reverted to their owner, Silvers. Thus, Stelor lacks standing and is also not the real party in interest.

The doctrine of standing requires federal courts to make sure concrete legal issues are presented by a plaintiff with a particularized injury in fact traceable to the conduct of the defendant which is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In the case at hand, Stelor lacks any right to assert injury to something that they have no legal right to possess, that is the trademarks owned by Silvers. Particularly in light of the fact that the owner, Silvers, prefers that this matter be dismissed without prejudice. Exhibit 1, ¶ 15.

Further, Stelor is not the real party in interest as required by Federal Rule of Civil Procedure 17(A). A "real party in interest" owns or has been transferred the right sought to be enforced. Only someone with legal title to the rights affected by the defendant's conduct could sue at law. The designation of the real party in interest entails identifying the person who possesses the particular right sought to be enforced. *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992). Since Stelor is no longer a licensee, they have no rights to be enforced.

**B.**     **Stelor Productions, Inc. no longer exists**

This action has been brought in the name of Stelor Productions, Inc. *See* Amended Complaint. The Florida case referenced above was brought in the name of Stelor Productions, LLC. Exhibit 1, ¶ 10, Exhibit A to Exhibit 1, pg. 1. Stelor Productions, LLC, asserted that Stelor Productions, Inc. no longer exists. *Id.*

Thus, to the extent that Stelor Productions, Inc. may have a right to bring this action, if this entity no longer exists, it cannot be a named plaintiff.

WHEREFORE, on either of the basis noted above, Defendants pray that the Court dismiss this matter, without prejudice, and for all other relief just and proper in the premises.

                                                        COHEN GARELICK & GLAZIER


                                                By:    s/ Bryan S. Redding
                                                        Bryan S. Redding, #18127-49
                                                        Attorneys for Defendants

**CERTIFICATE OF SERVICE**

 I hereby certify that on September 26, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 John David Hoover
 jdhoover@hooverhull.com
 Kevin C. Kaplan
 kkaplan@bwskb.com
 David John Zack
 dzack@bwskb.com

Bryan S. Redding, Esq.
COHEN GARELICK & GLAZIER
8888 Keystone Crossing
Suite 800
Indianapolis, Indiana  46240
(317) 573-8888