## **DECLARATION OF GAIL A. MCQUILKIN**

I, GAIL A. MCQUILKIN, declare under penalty of perjury that the following is based upon my personal knowledge and is true and correct.

1. I am a partner and managing shareholder in the firm of Kozyak Tropin & Throckmorton, counsel for defendant, Steven A. Silvers ("Silvers"). I am also counsel for Silvers in the recently dismissed action in the United States District Court for the Southern District of Florida, Stelor Productions, LLC v. Steven A. Silvers, Civil Action No. 05-80393 (the "District Court Action").

2. I am the attorney who has been primarily involved in the license relationship between Silvers and Stelor Productions relating to the "Googles" trademark and related intellectual property owned by Silvers (collectively "Googles IP."). I am the person with the most personal knowledge of the Silvers' termination of Stelor Productions' license.

3. Effective June 1, 2002, Silvers entered into a License Agreement with Stelor Productions, Inc. by which he granted Stelor a license to use the Googles IP.

4. On November 12, 2004, Silvers sent a Notice of Termination, advising Stelor it had sixty (60) days to cure numerous breaches under the License Agreement or face termination as Silvers' licensee.

5. On January 13, 2005, Silvers terminated the License Agreement for Stelor's failure to cure its numerous breaches.

6. On January 28, 2005, Silvers and Stelor entered into a confidential Settlement Agreement under which Silvers agreed to withdraw the January 13, 2005 termination letter, but not the Notice of Termination, provided Stelor fully cured the breaches by its performance under the Settlement Agreement.

1

7. On April 27, 2005 Silvers reinstated his termination because Stelor had not performed its obligations under the Settlement Agreement.

8. The License Agreement provides, at ¶X(C):

> Upon the expiration or termination of this Agreement, all the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately revert to LICENSOR and LICENSEE, except as detailed above in Section (B) of the "Post Termination Rights" Section, shall immediately discontinue all use of the Licensed Property and the like, at no cost whatsoever to LICENSOR.

9. Silvers has advised Stelor on numerous occasions that the License Agreement is terminated, and demanded that Stelor comply with the post-termination provisions of the license Agreement.

10. On May 5, 2005, Stelor Productions LLC (not Stelor Productions, Inc.) filed the District Court Action for wrongful termination seeking injunctive relief to compel Silvers to perform under the License Agreement, and alleging that Stelor Productions, Inc. no longer exits.

11. On July 5, 2005, in an Order rejecting a Report and Recommendation of the Magistrate Judge, the District Court denied Stelor Productions' request for injunctive relief, holding that because the License Agreement was terminated, Stelor Productions only remedy is a suit for money damages. Exhibit A.

12. On August 8, 2005, the District Court dismissed the District Court Action for lack of subject matter jurisdiction because Stelor Productions had not alleged or provided the names and residences of each member of the LLC, but gave leave to amend within ten days. Exhibit B. No amended complaint was filed.

13. On August 27, 2005 Silvers learned that Stelor Productions, **Inc.** had filed a trademark infringement action in the Southern District of Indiana (Steve A. Esrig filed a sworn declaration in the District Court Action stating that Stelor Productions, Inc. was converted to Stelor Productions LLC.) Upon confirming that this action was filed, I immediately sent an

2

email to Bryan Redding, Esq. informing him that Stelor Productions is not the owner of the Googles IP, and that its license rights had been terminated. Exhibit C.

14. On September 6, 2005, we filed a Complaint in Florida state court to enjoin Stelor Productions from representing to others that it is Silvers' licensee, or that it is authorized to use the Googles IP. Exhibit D. Attached to the Complaint are true and correct copies of the License Agreement, and correspondence with Stelor Productions, including the final Termination Notice.

15. Mr. Silvers did not authorize this lawsuit by Stelor Productions, and prefers that the matter be dismissed without prejudice. Mr. Silvers intends to try to resolve the matter with defendant through negotiations, and if the matter is not resolved he will pursue his remedies through the proceeding pending before the Trademark Trial and Appeal Board.

Dated: September 26, 2005

_____
Gail A. McQuilkin

3339/101/257637.1

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-80393-CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C.,
　　Plaintiff,

v.

STEVEN A. SILVERS,
　　Defendant.
_____/

FILED by ___ D.C.

JUL - 5 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER REJECTING IN PART AND APPROVING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION ON PLAINTIFF's MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the court upon the plaintiff's motion for preliminary injunction [DE# 2]. On May 10, 2005, this matter was referred to a magistrate judge pursuant to 28 U.S.C. §§ 636-39 and Rule 72 of the Federal Rules of Civil Procedure, for a recommended disposition. On June 3, 2005, the magistrate judge filed a report and recommendation upon the motion. [DE# 25].

On June 16, 2005, defendant filed his formal written objections to the Report & Recommendation. [DE# 46] Having reviewed those objections, and made a *de novo* determination with respect to those portions of the magistrate judge's report with respect to which formal written objection has been filed, the court has determined to adopt in part and reject in part the June 2, 2005 Report and Recommendation of the Magistrate Judge.

### Discussion

The defendant is the owner of certain intellectual property rights related to an animated children's story named "Googles From The Planet Goo." The plaintiff acquired the right to use

1

and commercialize that intellectual property under a licensing agreement between the parties. In this suit, plaintiff complains that defendant has interfered with its rights under the licensing agreement and a related settlement agreement by interrupting its use of the googles.com website. Defendant, on the other hand, argues that he was justified in terminating the license and redirecting the website due to plaintiff's own breach of the contract and settlement agreement.

As a threshold matter, the court observes that the preliminary injunctive relief sought by plaintiff has in large part already been satisfied by the court's temporary restraining orders partially implementing the injunction recommended by the Magistrate Judge and requiring defendant's cooperation with plaintiff's use of the Googles IP for the duration of plaintiff's product launch at the June 21-24, 2005 international trade show in New York City. [DE# 32, 49] Agreeing with the Magistrate Judge's conclusion that interruption of the unique business opportunity posed by the product launch created the prospect of "irreparable harm," this court granted the extraordinary prejudgment relief requested on a temporary basis. [DE# 32, 49]

However, the court does not find sufficient evidence of "irreparable harm" to justify continuation of preliminary injunctive relief beyond this point. Plaintiff makes generalized allegations of loss of good will, profits and reputation posed by defendant's termination of the parties' licensing agreement, but it has not demonstrated that any injury it may suffer from denial of preliminary injunction cannot be adequately compensated by monetary damages so as to make equitable interlocutory relief appropriate. *See e.g. Freeplay Music Inc. v Verance Corp.*, 80 Fed. Appx. 137 (2d Cir. 2003)(unpub.)(affirming district court's rejection of licensee's request for preliminary injunction that would have left licensing agreement in effect during pendency of litigation).

As the Third Circuit explained in *A.L.K. Corp v Columbia Pictures Industries, Inc.*, 440 F.2d 761 (3d Cir. 19710, in spurning a preliminary injunction to compel specific performance of a movie theater owner's licensing agreement with a distributor for a first run film showing, despite the acknowledged difficulty of assessing the distinctive value of lost "theater momentum" precipitated by the licensor's unilateral termination:

> Admittedly, the denial of a preliminary injunction in this case would permit Columbia to resolicit bids on 'Husbands' with the resulting possibility that plaintiff's asserted rights to the film will be lost. This injury cannot be considered 'irreparable,' however, unless plaintiff demonstrates that its legal remedies are either inadequate or impracticable. Generally speaking a breach of contract results in irreparable injury warranting equitable relief in two types of cases:
>
> 1. Where the subject matter of the contract is of such a special nature, or of such a peculiar value, that the damages, when ascertained according to legal rules, would not be a just and reasonable substitute for or representative of that subject matter in the hands of the party who is entitled to its benefit; or in other words, where the damages are inadequate;
>
> 2. Where, from some special and practical features or incidents of the contract inhering either in its subject- matter, in its terms, or in the relations of the parties, it is impossible to arrive at a legal measure of damages at all, or at least with any sufficient degree of certainty, so that no real compensation can be obtained by means of an action at law; or in other words, where damages are impracticable.

In A.L.K., the court recognized that all movies are somewhat "unique," but found no "irreparable harm" associated with the interrupted showing, noting that the theatre owner failed to show that the film in question would have any effect on its momentum different from that of other available motion pictures of the same type.

Similarly, in this case, even if a breach of the licensing agreement or settlement agreement is ultimately found, the only cognizable injury which plaintiff has established is that it may sustain a loss of income -- the difference between the income which could have been earned by retaining

3

its right to use the Googles related intellectual property, including its access to the googles.com website, and the amount of income that it actually earned during the same period. This value is capable of measurement and can adequately be remedied by monetary damages if plaintiff is ultimately successful on the merits of its claim. Further, as defendant points out, there is nothing which prevents the plaintiff from using another domain name to enable its customers to access its own "Gootopia Website" during the pendency of this lawsuit.

Because the court thus insufficient evidence of "irreparable harm" posed by denial of the interlocutory relief requested, the requested continuation of interlocutory equitable relief shall be denied. It is accordingly **ORDERED** and **ADJUDGED**:

1. The Magistrate Judge's June 3, 2005 Report and Recommendation [DE#24] is hereby approved in part, to the limited extent that the court adopts the recommendation for a temporary injunction prohibiting defendant's interference with plaintiff's use of the google.com website up through the conclusion of the New York City international trade show on June 24, 2005, and all findings entered in support of that limited injunction, as previously ordered by this court by way of temporary restraining orders entered June 9 and June 22, 2005. [DE# 32, 49].

2. The court otherwise declines to accept the Magistrate Judge's June 3, 2005 Report and Recommendation, and specifically rejects the recommended entry of preliminary injunction compelling the parties' performance of their respective obligations under the subject license and settlement agreement during the pendency of this litigation.

3. Beyond the temporary interlocutory relief previously granted by way of the emergency temporary restraining order entered June 9, 2005 [DE# 32] as extended by order entered June 22, 2005 [DE# 49], the plaintiff's motion for preliminary injunction [DE# 2] is therefore **DENIED.**

4

Case No. 05-80393-CIV-HURLEY
Order on Magistrate R & R

4. The defendant's request for oral argument on his objections to the Report & Recommendation filed June 17, 2005 is **DENIED as MOOT**. [DE# 45]

5. The defendant's combined motion to strike declaration of Steven A. Esrig, motion to set aside magistrate judge's report and recommendation, and motion to vacate temporary restraining order filed June 17, 2005 [DE# 39] is **DENIED as MOOT**.

6. The defendant's motion to seal Exhibit F contained within his Appendix to Objections to the Magistrate's Report and Recommendation filed June 24, 2005 [DE# 51] is **DENIED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 2nd day of July, 2005.

Daniel T. K. Hurley
United States District Judge

cc. United States Magistrate Judge James Hopkins
    Kenneth Hartmann, Esq.
    Adam T. Rabin, Esq.
    Kevin Kaplan, Esq.

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393-CIV-HURLEY

STELOR PRODUCTIONS LLC f/k/a
STELOR PRODUCTIONS, INC.
    plaintiff
vs
STEVEN A SILVERS,
    defendant.
_____/

FILED by _____ D.C.

AUG - 8 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction [DE# 19] which questions whether the plaintiff, Stelor Productions LLC, a limited liability company, has adequately established a citizenship diverse from that of the individual defendant, Steven Silvers, a Florida resident.

A limited liability company is a citizen of each state of which a member is a citizen. *Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). If any of its members it itself a partnership or LLC, the citizenship of the LLC must be traced through however many layers of partners or members there may be. *Mutual Assignment and Indemn. Co. v Lind -Waldock & Co., LLC,* 364 F.3d 858, 861 (7th Cir. 2004).

In this case, plaintiff claims that all of its members are citizens of states other than Florida. In support of this proposition, it relies on the affidavit of Steven Esrig, which contains the conclusory allegation that none of the LLC's members are citizens of the State of Florida. In responding to the current motion to dismiss, plaintiff submits an unsworn exhibit which lists the 33 foreign jurisdictions in which its members purportedly reside, without any corresponding data identifying the individuals or other entities which comprise the membership roster.

Because the record is devoid of evidence from which the citizenship of the members of the plaintiff LLC might be traced, the court concludes that plaintiff has failed to prove --or even meaningfully address -- whether Stelor Productions LLC is a citizen of Florida and thus fails to carry its burden of proving that diversity jurisdiction exists. *See Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.; Jones v Honeywell Int'l Inc.*, 2005 WL 1669480 *4 n. 2 (M.D. Fla. July 14, 2005); *Marshall Construction L.L.C. v Climastor IV, L.L.C.*, 2005 WL 1364942 (M.D. Ala. June 8, 2005). It is therefore **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss [DE# 19] is **GRANTED**.

2. This order is without prejudice for plaintiff to file, within **TEN (10) DAYS** from date of this order, an amended complaint which identifies each member of the plaintiff limited liability company by name and place of citizenship, together with other supplementary evidentiary submissions designed to establish the $75,000.00 jurisdictional threshold of this court. Plaintiff is specifically directed in this regard to supplement the record with evidentiary predicate in support of its assertion that the value of injunctive relief sought exceeds the $75,000.00 jurisdictional threshold of this court. *See Ericcsoon GE Mobile Communications, Inc v Motorola Comm.*, 120 F.3d 216 (11th Cir. 1997).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6th day of August, 2005.

Daniel T. K. Hurley
United States District Judge

cc.
Kevin C. Kaplan, Esq.
Kenneth Hartmann, Esq.
Adam T. Rabin, Esq.

# Exhibit C

**From:** GAIL A MCQUILKIN
**To:** bredding@cgglawfirm.com
**Date:** 8/27/2005 7:19:11 PM
**Subject:** Googles trademark

Bryan -

This firm represents Steven Silvers, the owner of the "Ooogles" and "Googles" trademarks. We just now learned that Stelor Productions, our FORMER licensee, and its attorney Kevin Kaplan, filed an action in Indiana against your client. As they have no authority or legal right to do this we need to talk. I am travelling to NYC on Monday and can be reached on my cell phone. 305-215-8414. Thank you.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com