IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS LLC F/K/A STELOR PRODUCTIONS, INC., )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>OOGLES N GOOGLES, an Indiana corporation; )<br>KEVIN MENDELL; DANYA MENDELL; )<br>MICHELLE COTE; ROB LENDERMAN; )<br>STACEY LENDERMAN; BRENDA MURTY; )<br>MARGIE THOMAS; ROB SLYTER; )<br>ELIZABETH SLYTER; CORINNA SPARKS; )<br>CHRISTINE WATERBURRY; )<br>LEIGH SUNDLING; and TINA CARTAYA )<br>)<br>Defendants. ) | Case No. 1:05-cv-0354-DFH-TAB |

**<u>Answer Brief of Plaintiff Stelor Productions, LLC to Defendants' Motion to Dismiss</u>**

Pursuant to Southern District of Indiana Local Rule 7.1, Plaintiff Stelor Productions, LLC ("Stelor")[1] files this answer brief. In support thereof, it states as follows:

I.

**<u>INTRODUCTION</u>**

Defendants' Motion to Dismiss must fail. Defendants assert that Stelor lacks standing because Stelor's license agreement with respect to the trademarks at issue in this litigation has been terminated by the licensor Steven Silvers ("Silvers"). The argument's glaring fallacy is that, even if the agreement had been termination (and it has not), Stelor would still have standing to pursue its claims for damages based on Defendants' misconduct prior to the termination.

---

[1]   Stelor has filed an agreed motion to substitute Stelor Productions, LLC as the plaintiff in this action.

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261

Dockets.Justia.com

The claim of termination, however, is simply invalid in any event. Defendants base their contention on nothing more than a declaration from the ***attorney for Silvers,*** in his pending litigation against Stelor in Florida. An attorney cannot possibly establish by declaration that the License Agreement is legally terminated, especially a declaration that is inaccurate and incomplete.

As alleged in the Amended Complaint, Stelor is the exclusive worldwide licensee of the Googles Marks. (Am. Cmpl. ¶ 21.) Stelor enjoys those rights pursuant to a written License Agreement. As that License Agreement expressly provides, moreover, Stelor has sole power to protect the Marks by bringing lawsuits against infringers, such as the Defendants here. To the extent the licensor, Silvers, claims the License Agreement has been terminated, he is wrong. And he, not Stelor, is in breach of the Agreement. That issue, though, will ultimately be decided in the courts, with litigation pending in Florida, as described below. As a Federal Magistrate has already held, Silvers is likely the breaching party, and his supposed termination of the License Agreement "improper."

Given this record, Stelor clearly has standing to bring this action, and Defendants have failed to establish otherwise.

## II.

## BACKGROUND REGARDING THE LICENSE AGREEMENT AND LITIGATION BETWEEN STELOR AND SILVERS

A.  **The License Agreement.**

Attached as Exhibit 1 is the License, Distribution and Manufacturing Agreement ("License Agreement") pursuant to which Silvers grants Stelor an exclusive world-wide, sub-licensable right to use the marks. (Ex. 1 § I.A.) The License Agreement also gives Stelor "all

2

Burlington • Weil • Schwiep • Kaplan & Blonsky, P.A.

Office in the Grove Penthouse  2699 South bayshore drive  Miami, Florida 33133
T: 305.858.2900  F: 305.858.5261
Email: info@bwskb.com  www.bwskb.com

right, power, and interest to seek, obtain and maintain all Intellectual Property Rights associates with the Licensed Intellectual Property and Licensed Trademarks." (*Id.*, § VIII.A.) The License Agreement, moreover, grants Stelor an irrevocable power of attorney to act on the licensor's behalf to enforce the trademark rights. (*Id.*)

Given this express language, there can be no dispute that Stelor has the right – and indeed the obligation – to bring this action in order to protect the Googles Marks.

**B.    Prior Litigation.**

Silvers' persistent interference with Plaintiff's business, including Stelor's legal efforts to protect the Googles intellectual property, forced Stelor to file a prior lawsuit for breach of contract in October 2004 ("2004 Action"), Case No. 04-80954 (S.D. Fla.). That dispute was subsequently resolved and voluntarily dismissed, pursuant to a written Settlement Agreement in early 2005.

Under the Settlement Agreement, Silvers expressly reinstated all provisions of the License Agreement, including the clear requirement that 60 days' notice be provided of any alleged breaches, with an opportunity to cure, as a precondition for termination of the License Agreement. *See* Art. IX.

**C.    Silvers' Purported Termination and the Recent Litigation**

Nevertheless, with no notice whatsoever, Silvers purported to terminate the License Agreement in April of 2005. Silvers also unilaterally filed an action for trademark infringement against Google Inc., the internet giant, whose trademarked name ***post-dates*** the Googles Marks. That action, styled *Steven A. Silvers v. Google Inc.*, is pending in the Southern District of Florida as Case No. 05-80387 ("Google Inc. Action").

3

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

*1.   The 2005 Action.*  Stelor immediately filed an action for injunctive and declaratory relief, confirming (among other things) the continued validity of the License Agreement. That action was filed in the Southern District of Florida, Case No. 05-80393 ("2005 Action"), which was required by the exclusive venue and jurisdiction provision in the Settlement Agreement.

Stelor promptly moved for preliminary injunction, and following an evidentiary hearing, a Federal Magistrate issued a Report and Recommendation expressly finding that Stelor had a substantial likelihood of success on the merits of his claim. As the Report held, "[Silvers] has effectively admitted to breach of the contract" and that *"it is likely that [Silvers'] April 27, 2005 termination of the License Agreement between Stelor and Silvers was improper."* (*See* Ex. 3 at 23.) The District Court Judge then entered a temporary restraining order implementing the injunction recommended by the Magistrate, although the Judge later declined to extend the TRO upon its expiration or otherwise to implement the injunction.

The 2005 Action, however, was thereafter dismissed without prejudice for lack of subject jurisdiction. Stelor – which had recently converted from a Chapter C corporation to a limited liability company – had discovered that a sub-member resided in Florida, thus eliminating diversity jurisdiction.

*2.   Stelor's Cross-Claim in the Google Inc. Action.*  Given the dismissal of the 2005 Action, Stelor re-filed its claims against Silvers as a Cross-Claim in the Google Inc. Action. Stelor, although not originally a party to that action, had been joined as a counterclaim defendant by Google Inc.

4

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

Silvers has filed a competing action in the Eleventh Judicial Circuit Court in and for the County of Miami-Dade, Florida seeking declaratory and other relief. (McQuilkin Decl.., Ex. D.) Stelor has moved to dismiss that action.

The thrust of the pending litigation between Silvers and Stelor in Florida state court and the Southern District of Florida is the propriety of Silvers' purported termination of the License Agreement. That issue has not yet been finally decided, with only the Federal Magistrate's preliminary indication in the 2005 Action that Silvers is likely to lose.

### D.   Silvers Has Been On Notice of Stelor's Enforcement Actions Against Defendants.

Silvers, moreover, has had notice of the actions against Oogles-N-Googles at every stage, including the administrative action previously instituted by Stelor related to the Oogles-N-Googles mark in 2003 before the Trademark Trial and Appeals Board of the US Patent and Trademark Office ("TTAB"). Thus, although Defendants now suggest that this dispute may better be resolved in such an administrative proceeding, Defendants neglect to advise this Court that they previously moved to dismiss the TTAB action, which was stayed pending resolution of this lawsuit. (*See* Ex. 4.)

### III.

### MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss for lack of standing, the court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter. *Retired Chicago Police Assoc. v. City of Chicago,* 76 F.3d 856, 862 (7th Cir.1996). In the latter situation, the court may find the facts. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the

5

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

required elements of standing. *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir.2003). "Those elements are (i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relation between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

## IV

## ARGUMENT

The allegations of the complaint establish Stelor's entitlement to bring this action. Specifically, the complaint alleges that "Stelor is the exclusive worldwide licensee of the . . . marks." (Am. Compl. ¶ 21.) Ignoring this allegation, Defendant argues that Stelor is not the real party in interest to bring this claim. Untrue. The License Agreement with Steven Silvers grants Stelor an exclusive world-wide, sub-licensable right to use the marks. (Ex. 1 § I.A.) Stelor has "all right, power, and interest to seek, obtain and maintain all Intellectual Property Rights associates with the Licensed Intellectual Property and Licensed Trademarks." (*Id.*, § VIII.A.) The License Agreement also grants Stelor an irrevocable power of attorney to act on the licensor behalf to enforce the trademark rights. (*Id.*) Stelor, as exclusive licensee, has thus been injured by Defendants' use of the marks. *See Lujan, supra.*

In addition, the attached Declaration of Steven Esrig,[2] Stelor's CEO, further establishes 1) that Stelor has exclusive authority to pursue this action to enforce the Googles Marks and

---

[2]   This declaration was previously filed in the 2005 litigation.

6

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

enjoin Defendants' unauthorized infringement, 2) that Silvers has breached the license agreement by improperly purporting to terminate Stelor, and 3) Stelor has complied with its obligations to Silvers under the License Agreement. (Ex. 2, ¶¶ 11-12, 25-27, 28.) As Silvers, not Stelor, has breached the License Agreement, Stelor retains standing to bring this action. Stelor's proffer of evidence on the standing issue is sufficient to meet its burden on this motion to dismiss. *See Lee*, 330 F.3d at 468.

Defendants' sole argument for dismissal[3] is based on the self-serving declaration of Silvers' attorney, Gail McQuilkin. Ms. McQuilkin, essentially, "testifies" that the license agreement has been legally terminated. McQuilkin, however, cannot legitimately decree, as a matter of law, that the license agreement is legally terminated. *See Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985) (disregarding legal argument in affidavit). That remains to be decided by a Florida court.

Indeed, the preliminary (and only) indication to date of how that issue will be decided is that it was Silvers – and not Stelor – who breached the License Agreement and improperly sought its termination. As the Federal Magistrate in the 2005 Action held, ***"it is likely that [Silvers'] April 27, 2005 termination of the License Agreement between Stelor and Silvers was improper."*** (*See* Ex. 3 at 23 and 32). The District Court Judge then adopted these findings by issuing temporary retraining orders against Silvers, although he denied a preliminary injunction because the "preliminary injunctive relief sought by plaintiff has in large party already been

---

[3]   Defendants also argued that Stelor is not the proper named party because it has changed corporate form and is now an LLC. Plaintiff has filed an agreed motion to substitute parties, which is currently pending before the Court.

7

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

satisfied by the court's temporary restraining orders" and Stelor had an adequate remedy at law.[4] (McQuilkin Decl., Ex. A at 2-4.) There has been absolutely *no* finding in favor of Silvers on the merits of his claim that the License Agreement has been terminated.

In fact, even if Silvers' purported termination of the License Agreement in April of 2005 were valid – and it is not – Stelor still would have standing to pursue this action with respect to Defendants' misconduct prior to April 2005. This action was initially filed in March of 2005 – before Silvers' purported termination – and seeks damages (and other relief) for Defendants' infringing conduct as of that date. Certainly, Stelor would have the legal right to recover any damages it suffered for the period prior to termination, regardless of the purported termination in April of 2005.

## Conclusion

For these reasons, Defendants' motion should be denied. Stelor has standing to pursue these claims against Defendants pursuant to the License Agreement. To the extent the licensor may claim that Agreement has been terminated, that issue remains to be decided by the Florida Courts, notwithstanding the declaration testimony of the licensor's Florida counsel. Even if *arguendo* the License Agreement had been terminated effective April 2005 – and it most certainly has not – Stelor still would have standing to pursue its claims against these Defendants for damages incurred prior to that date.

---

[4] The 2005 Action was dismissed based solely on subject matter jurisdiction grounds. (McQuilkin Decl., Ex. B.)

8

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

Accordingly, Defendants' Motion is without merit and should be denied.

Respectfully submitted,

John David Hoover, Attorney No. 7945-49
HOOVER HULL BAKER & HEATH LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: 317- 822-4400
Fax: 317- 822-0234
E-mail: jdhoover@hooverhull.com

Of counsel:

Kevin C. Kaplan (admitted *pro hac vice*)
David J. Zack (admitted *pro hac vice*)
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive – PH
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email: dzack@bwskb.com

Attorneys for Plaintiff, Stelor Productions, Inc.

By: /s David J. Zack

9

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 31 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's systems.

> Bryan S. Redding, Esq.
> COHEN, GARELICH AND GLAZIER
> E-mail address: Breeding@cgglawfirm.com

By: ___/s David J. Zack

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM