IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CASE NO. 1:05-cv-0354-DFH-TAB

STELOR PRODUCTIONS, LLC, a
Delaware limited liability company
f/k/a STELOR PRODUCTIONS, INC.,

      Plaintiff,

vs.

OOGLES N GOOGLES, an Indiana corporation;
KEVIN MENDELL; DANYA MENDELL;
MICHELLE COTE; ROB LENDERMAN;
STACEY LENDERMAN; BRENDA MURTY;
MARGIE THOMAS; ROB SLYTER; ELIZABETH
SLYTER; CORINNA SPARKS; CHRISTINE
WATERBURRY; LEIGH SUNDLING; TINA
CARTAYA,

      Defendants.
_____/

## AMENDED CASE MANAGEMENT PLAN

I.    Parties and Representatives

    A.  Stelor Productions, Inc. – Plaintiff

    Counsel for Plaintiff:
    Kevin C. Kaplan (admitted *pro hac vice*) Coffey Burlington, 2699 South Bayshore Drive, PH-A, Miami, Florida 33133. Tel: 305-858-2900; Fax 305-858-5261; E-mail: kkaplan@coffeyburlington.com

    John David Hoover, Hoover Hull, LLP, Suite 4400, 111 Monument Circle, P.O. Box 44989, Indianapolis, IN 46244-0989, Tel: 317-822-4400, Fax: 317-822-0234, E-mail: jdhoover@hooverhull.com

Dockets.Justia.com

B. Defendants

Counsel for Defendants:
Stephen L. Vaughan, #2294-49, Indiano Vaughan LLP, One N. Pennsylvania Street, Suite 1300, Indianapolis, IN 46204, E-mail: steve@iplawindiana.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.    Synopsis of Case

A. Statement of Plaintiff's Claims, relevant facts, legal theories, basis for subject matter jurisdiction, and estimate of damages.

Plaintiff Stelor Productions, Inc. brings this action for Federal Trademark Infringement, Federal and State Unfair Competition, and Federal Trademark Dilution against Defendants. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1332 (diversity), 28 U.S.C. § 1338 (trademark and unfair competition), and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The parties are citizens of different states.

Plaintiff provides entertainment, information and goods for children. Its products are based on four lovable alien creatures called "Googles." Plaintiff is the exclusive worldwide licensee for the terms and/or designs Googles, Oggle, Ooggle and Iggle, which are registered and incontestable trademarks. Plaintiff markets it products and information through, among other outlets, its Internet domain name "googles.com."

Defendant Oogles N Googles and its principal, Defendant Kevin Mendell, infringed and otherwise violated Plaintiff's rights by marketing children's entertainment services under the name "Oogles-N-Googles," including over Internet domain name "ooglesngoogles.com." Defendant Mendell has also filed registration applications for the mark and design "Oogles-N-Googles." Defendants have sold franchises of its business to the other named defendants.

Plaintiff seeks temporary and injunctive relief, actual, statutory, extraordinary, punitive and trebled damages, and imposition of a constructive trust, disgorgement of trebled profits from Defendants, reasonable attorneys' fees, and costs. Plaintiff's investigation as to damages is ongoing and relief based on Defendant's profits will require discovery.

B. Statement of Defendants' claims, relevant facts, legal theories, affirmative defenses, counterclaims, subject matter jurisdiction, and damages.

Defendant, Oogles N Googles, is in the business of providing themed parties, e.g. birthday parties, to individuals with children, where the parents wish to avoid all the hassles and problems associated with putting together a party themselves. Defendant activities are not

infringing the trademark of the Plaintiff because there is no likelihood of confusion between the marks. Also, the avenues of marketing the products are distinct as well as the target consumer. Additionally, the Plaintiff has no products or services that are competitive with Defendant. These and other defenses will prevent Plaintiff from prevailing in this matter against Defendant, Oogles N Googles, or any of the other named defendants.

III.    Pretrial Pleadings and Disclosures

   A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before September 28, 2007.

   B.   Plaintiff shall file preliminary witness and exhibit lists on or before November 15, 2007.

   C.   Defendants shall file preliminary witness and exhibit lists on or before November 15, 2007.

   D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before January 15, 2008.

   E.   Plaintiff shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before January 15, 2008. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

   F.   Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before December 20, 2007. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

   G.   Defendants shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff(s) serves its expert witness disclosure; or if none, Defendant(s) shall make its expert disclosure on or before January 15, 2008. However, if Defendants use expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

   H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than May 1, 2008. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

  I.  All parties shall file and serve their final witness and exhibit lists on or before <u>July 15, 2008</u>.

  J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

IV. <u>Discovery and Dispositive Motions</u>

  Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

  A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

    Plaintiffs intend to file a summary judgment motion because Defendants are infringing Plaintiff's registered trademarks, which can be established as a matter of law. Defendants anticipate filing a summary judgment motion on the infringement issue, as well as on the Plaintiff's claims for exemplary and punitive damages.

B.  Select the track that best suits this case:

____  Track 1: No dispositive motions are anticipated. All discovery shall be completed[1] by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_X_  Track 2: Dispositive motions are expected and shall be filed by <u>April 1, 2008</u> [no later than 11 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by <u>May 16, 2008</u> [no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by <u>June 17, 2008</u> [no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

____  Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

____  Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and

---

[1] The term "completed," as used in Section III.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

        therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

        _____

V.    Pre-Trial/Settlement Conferences

Indicate here whether any of the parties deem it helpful to hold an initial conference with the Magistrate Judge or District Judge, and if so, the suggested timing and forum (i.e., in person or by telephone) of such a conference. At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.

The parties note that several settlement conferences have already been held in this matter with the Magistrate Judge, and do not believe that further settlement conferences would be helpful at this time. The parties may request a follow-up conference with the Magistrate at a later time.

VI.    Trial Date

The presumptive trial date is 18 months from the Anchor Date. The parties request a trial date in <u>August 2008</u>. The trial is by jury and is anticipated to take <u>three (3) days</u>. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII.    Referral to Magistrate Judge

At this time, all parties <u>do not consent</u> to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [Indicating the parties' consent in this paragraph may result in this matter being referred to the Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent.]

VIII.    Required Pre-Trial Preparation

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

        1.    File a list of witnesses who are expected to be called to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.   Other Matters**

None.

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| s/John David Hoover | s/Stephen L. Vaughan |
| John David Hoover, Attorney No. 7945-49 | Stephen L. Vaughan. |
| HOOVER HULL LLP | Indiano Vaughan LLP |
| Suite 4400 | One N. Pennsylvania Street |
| 111 Monument Circle | Suite 1300 |
| P.O. Box 44989 | Indianapolis, IN 46204 |
| Indianapolis, IN  46244-0989 | Tel:  317/822-0033 |
| Tel: 317-822-4400 | E-mail:  steve@iplawindiana.com |
| Fax:  317-822-0234 | |
| E-mail:  jdhoover@hooverhull.com | |

Of counsel:

s/Kevin C. Kaplan (Pro Hac Vice)
Kevin C. Kaplan
COFFEY BURLINGTON
Office in the Grove, PH-A
2699 S. Bayshore Drive
Miami, Florida 33133
Tel:  305-858-2900
Fax:  305-858-5261
Email:  kkaplan@coffeyburlington.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____  PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____  APPROVED AS SUBMITTED.

_____  APPROVED AS AMENDED.

_____  APPROVED AS AMENDED PER SEPARATE ORDER.

_____  APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  THIS MATTER IS SET FOR TRIAL BY _____ ON _____  _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____  A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____.

_____  DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN

_____

_____

_____

_____

_____

_____

_____

_____


_____     _____
Date                                            U. S. District Court
                                                Southern District of Indiana