# MAGISTRATE JUDGE'S SUMMARY OF CASE MANAGEMENT PLAN

**Date Approved**:                                         **Cause No.**:  1:05-CV-0354-DFH-TAB

**Caption**:              Stelor Productions, Inc.,

                    Plaintiff

                vs.

                Oogles N Googles, Kevin Mendell, Danya Mendell, and X., Y, Z Corporations

                Defendants

**Pltf's Counsel**:        Kevin C. Kaplan 305-858-2900
                John David Hoover 317-822-4400

**Defts' Counsel**:        Stephen L. Vaughan 317-822-0033

**Nature of Case**:        Plaintiff Stelor Productions, Inc. brings this action for Federal Trademark Infringement, Federal and State Unfair Competition, and Federal Trademark Dilution against Defendants. Plaintiff provides entertainment, information and goods for children. Its products are based on four lovable alien creatures called "Googles." Plaintiff is the exclusive worldwide licensee for the terms and/or designs Googles, Oggle, Ooggle and Iggle, which are registered and incontestable trademarks. Plaintiff markets it products and information through, among other outlets, its Internet domain name "googles.com."

                Defendant Oogles N Googles and its principal, Defendant Kevin Mendell, infringed and otherwise violated Plaintiff's rights by marketing children's entertainment services under the name "Oogles-N-Googles," including over Internet domain name "ooglesngoogles.com." Defendant Mendel has also filed registration applications for the mark and design "Oogles-N-Googles." Defendants have sold franchises of its business to the remaining named defendants.

                Plaintiff seeks temporary and injunctive relief, actual, statutory, extraordinary, punitive and trebled damages, and imposition of a constructive trust, disgorgement of trebled profits from Defendants, reasonable attorneys' fees, and costs.

**Defenses**:

    The Defendants would contend that there is no liability for any of the damages sought by the Plaintiff.  Defendant, Oogles N Googles, is in the business of providing themed parties, e.g. birthday parties, to individuals with children, where the parents wish to avoid all the hassles and problems associated with putting together a party themselves.  Defendant activities are not infringing the trademark of the Plaintiff for any number of reasons, including, but not limited to: no likelihood of confusion; no false designation or description; plaintiff is not competitive with Defendant; non-use; the doctrine of unclean hands; fair use; laches and estoppel; no dilution can occur as plaintiff's mark is not famous.  The avenues of marketing the products are distinct as well as the target consumer.  Additionally, the Plaintiff has no products or services that are competitive with Defendants.

**Discovery**:  Non-Expert Discovery Completed by May 16, 2008; Expert Discovery by June 17, 2008.

**Readiness**:  Trial: August 2008

**Trial Time**:  3 days - by jury

**Motions Pending**:  None

**Motions Future**:  Amend pleadings/add parties by January 15, 2008;
Summary judgment by April 1, 2008.

**Pltf's Demand**:  Due January 15, 2008      **Defense Offer**:  Due February 15, 2008

**Settlement**:  The parties may request a follow up settlement conference with the Magistrate at a later time.

**Remarks**:  (for court's use)