UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, INC., a Delaware corporation | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) Case Number: 1:05-CV-0354-DFH-TAB ) ) ) |
| OOGLES N GOOGLES, an Indiana Corporation; KEVIN MENDELL, DANYA MENDELL; MICHELLE COTE; ROB LENDERMAN; STACEY LENDERMAN; LENDERMAN; BRENDA MURTY; MARGIE THOMAS; ROB SLYTER; ELIZABETH SLYTER; CORINNA SPARKS; CHRISTINE WATERBURY; LEIGH SUNDLING; and TINA CARTAYA | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO REINSTATE STAY PROCEEDINGS**

Defendants, by counsel, for their Memorandum In Support of Motion to Reinstate Stay of Proceedings, state as follows:

BACKGROUND

Steven A. Silvers wrote a children's book entitled "Googles and the Planet of Goo" apparently while he was incarcerated in federal prison after convictions on federal cocaine trafficking charges. *See, U. S. v. Silvers*, 90 F.3d 95 (4th Cir. 1996) . In the book, "Googles"

was the name of an alien from the imaginary planet "Goo". (See Exh. 1, excerpts from book). Other Silvers' characters in the book were "Giggles", "Goggles", and "Goo Roo". *Id.* Silvers also designed a logo in the shape of a face of one of these characters (presumably "Googles") which incorporated the word "Googles" into the face of the character, with the "O" letters forming the eyes of the face and the "G" letters forming the ears. (Exh. 2). In 1997, the Googles logo was registered as a federal trademark in a classification for children's books. (Exh.3). Sometime thereafter, Silvers created the characters "Iggle", "Oggle", and Oogle", and in 2001, these words were registered as trademarks in a classification for stuffed plush dolls. (Exh. 4 and Amended Complaint, para. 12).

Silvers incorporated "The Googles Children's Workshop, Inc." ("GCW") in New Jersey in 1994. (Exh.5). His father, Michael Silvers, served as its President, presumably because Steven was in prison. In 1996, Steven was released from prison. (Exh. 6). Through GCW, Silvers attempted to sell his book, apparently without much success. In 1997, GCW was dissolved without assets..(Exh.5). In 1999, Silvers purported to execute an assignment of the Googles logo trademark to himself. (Exh. 7). In 2000, he licensed the Googles logo trademark to the The Aroura Collection, Inc. ("Aroura") of Davie, Florida (Exh. 8).

In 2002, Stelor Productions, Inc. ("Stelor") entered in an agreement with Silvers and/or Aroura for the right to use the trademarks. (Exh. 10, para. 8). In 2003, attorney Ira Edell of Rockville, Maryland filed a renewal for the Googles logo trademark on behalf of GCW, stating the mark had been used in commerce for more than five (5) consecutive years from June, 1996 through March, 2003, even though GCW had been dissolved approximately five (5) years earlier. (Exh. 5).

The Googles logo trademark appears to have generated more litigation than commerce. In 2004 and 2005, Silvers and Stelor repeatedly engaged each other in litigation over the Googles logo trademark and other alleged Googles intellectual property. In 2004, Stelor sued Silvers in the U. S. District Court for the Southern District of Florida alleging Silvers breached his contract between the parties. (Exh. 9). In 2005, Silvers sued Stelor in Florida state court alleging that Stelor had not complied with the license agreement and had no right to use the Googles intellectual property. (Exh. 10). In 2005, Stelor sued Silvers in the U.S. District Court for the Southern District of Florida alleging Silvers had breached a settlement agreement between the parties. (Exh.11).

Notwithstanding the pending disputes over who had the rights to the Googles logo trademark, Stelor sued Oogles n Googles in this Court in March, 2005 alleging that the Oogles n Oogles name infringed on the trademarks based on the Googles logo and the word marks "Iggle," "Oggle", and "Oogle ". (See Amended Complaint). Oogles n Googles Franchising, LLC ("Oogles n Googles") is an Indiana limited liability company started by Kevin and Danya Mendell of Carmel, Indiana that is in the children's themed birthday party business. Oogles n Googles does not sell children's books, nor does it sell plush stuffed dolls. The themed birthday party business was successful enough that Oogles n Googles began offering franchises, and there are currently about thirty-eight (38) Oogles n Googles franchisees in the United States.

In 2002, Oogles n Googles filed for a federal registration of its Oogles n Googles trademark which is comprised of those words accompanied by stylized drawings of monkeys.(Exh.15). The USPTO examining attorney searched the Office records and found no similar registered or pending mark which would bar registration under Trademark Act, Section

3

2(d). (Exh. 16). Notwithstanding that, Stelor filed an opposition in the USPTO which is currently stayed.

To further add to the litigation surrounding the Googles logo trademark, Silvers also sued Google, Inc. in U. S. District Court in the Southern District of Florida in May, 2005. ("the Google case"). (Exh. 12). Google, Inc. is the world famous internet search engine company which has multiple federal registrations for the word mark "Google" as its trademark. In his lawsuit against Google, Inc., Silvers alleged infringement of the Googles logo trademark and further alleged that Google, Inc. should be forever enjoined from using the word mark "Google" in connection with children's products and services. *Id.* In response, Google, Inc. filed a counterclaim for declaratory judgment alleging among other things that Silvers' Googles logo trademark is invalid. (Exh.13). The Court bifurcated the law suit, with Stage I of the proceedings limited to a determination of whether Stelor or Silvers had superior rights to the Googles logo trademark. Stelor and Silvers apparently resolved their differences by settlement, concluding Stage I on August 24, 2007. (Exh.14, Entry 238). Stelor was then substituted for Silvers as the Plaintiff in that lawsuit.(Exh.14, Entry 243). On October 30, 2007, the Honorable Judge Kenneth Ryskamp for the U.S District Court for the Southern District of Florida set the case for trial for January 29, 2009. (Exh. 14, Entry 249). The captioned litigation is set for trial on August 11, 2008.

ARGUMENT

When the Stay was lifted in this matter on September 6, 2007, the undersigned counsel did not anticipate that the action between Stelor and Google, Inc. in Florida would not be

4

concluded prior to the trial date of this case. However, this case is now scheduled to go to trial before the Google case in Florida. By virtue of the sheer size of "Google Inc." and the ubiquity of its Google word marks, the outcome of the Florida litigation is of much greater global economic significance than is the dispute here. Although Stelor filed this case before Silvers sued Google, Inc., that case appears to have been vigorously and continuously litigated since it was filed in 2005, while this case has been stayed. (Exh.14). One of the central issues in both cases is the validity of the Googles logo trademark, and the history of the mark raises serious questions as to whether Stelor has any enforceable rights at all in the Googles logo mark. If the litigation here were to proceed to trial prior to the Florida litigation between Stelor and Google, Inc., there exists the possibility that an adverse result here could prejudice Google, Inc. in its defense of Stelor's claims in Florida on a theory of collateral estoppel, thereby limiting Google, Inc.'s future use of its Google word marks. Of course, the converse is also true. However, because Google, Inc.'s word marks have achieved such global economic significance and notoriety, the undersigned would respectfully submit that the validity of Stelor's alleged Googles logo trademark should first be tested by the party which arguably has the most to lose if Stelor's Googles logo trademark were to be found valid in a court of law.

      The undersigned would also submit that much of the discovery in this case would be a duplication of the discovery that has been done or will be done in the Google case if this case is not stayed pending the resolution of the Google case.. That discovery would include the deposition of Stelor's principal, Steven Esrig, in Maryland, the deposition of Steven Silvers in Florida, the deposition of Michael Silvers in New Jersey, attorney Ira Edell in Maryland, and the deposition of a representative of The Aroura Collection, Inc. in Florida. In addition to the fact

that Google, Inc. clearly has a vested economic interest in preserving the rights to its Google word marks, Google, Inc. is a multi-billion dollar company that has significantly greater resources than almost any company in the world, including Oogles n Googles, to conduct the expensive multi-state discovery that is needed to discover the long and curious history of Stelor's Googles logo trademark. If this case is stayed pending the resolution of the Google case, there exists a strong probability that the discovery pertaining to the history of the Googles logo trademark would not have to be duplicated in this case.

Additionally, the discovery in this case will be extremely disruptive to what has heretofore been a successful Indiana franchise business started in 2002 by a Carmel, Indiana husband and wife. Plaintiff's counsel has previously requested the depositions of the Mendell's and of a representative of each franchisee; currently, there are about thirty-eight franchisees, with one as far away as Hawaii. Plaintiff's willingness and need to depose that many people in this case may be tempered by the outcome of the Google case if Google, Inc. is successful in invalidating the Googles logo trademark.

Finally, the undersigned would respectfully submit that there does not appear to be a strong probability that a jury in this case would find the Oogles n Googles name or the Oogles n Googles trademark substantially similar to Stelor's Googles logo trademark. (Compare Exh. 2 and Exh. 15). One trademark is an alien and the other trademark has monkeys. Because this does not appear to be a strong case of liability for trademark infringement and because of the questionable history of the Googles logo mark, the undersigned would submit that the equities favor Oogles n Googles with respect to this Motion.

Accordingly, the Defendants respectfully move that this case be stayed pending the trial

or settlement of the case *Stelor Productions, Inc. v. Google, Inc.* currently pending in the U.S. District Court for the Southern District of Florida as Cause No. 9:05-cv-80387-KLR.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

CERTIFICATE OF SERVICE

       I hereby certify that on January 15, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s/ Stephen L. Vaughan
       Stephen L. Vaughan, #2294-49