IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

05 18033 CA 03

STEVEN A. SILVERS,

    Plaintiff,

vs.

STELOR PRODUCTIONS, LLC,

    Defendant,
_____/

## COMPLAINT

Plaintiff, Steven A. Silvers, sues Stelor Productions, LLC and alleges:

1. This is an action for declaratory, supplementary and injunctive relief brought pursuant to Florida's Declaratory Judgment Act, Florida Statutes Section 86.011, et seq., and for breach of contract.

2. Silvers is an individual residing in Palm Beach County, Florida with a business address at 8983 Okeechobee Blvd., #202, West Palm Beach, FL 33411.

3. Defendant Stelor Productions, LLC is, upon information and belief, a limited liability company organized under Delaware law, with a place of business at 14701 Mockingbird Drive, Darnestown, Maryland. Defendant is, on information and belief, the successor in interest to Stelor Productions, Inc., a corporation organized under Delaware law. Both entities are referred to here as "Stelor."

4. Silvers is the author of the children's book "GOOGLES and the Planet of Goo" and creator of numerous characters, illustrations and concepts based on the GOOGLES family of characters.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

Exh. 10

Dockets.Justia.com

5. Silvers is the owner of 25 "GOOGLES" related trademarks, including "The GOOGLES and Design" mark, and "GOOGLES.com" domain name.

6. Silvers has registered and owns more than 120 domain names related to the GOOGLES concept and characters, including "GOOGLES.com."

7. Silvers also owns numerous copyrights and patents for the characters, illustrations, music and designs encompassed by the GOOGLES concept. The trademarks, copyrights, patents, domain name registrations and related derivative intellectual property are collectively referred to as "GOOGLES Intellectual Property."

8. Effective June 1, 2002, Silvers entered into a License, Distribution and Manufacturing Agreement ("License Agreement") with Stelor by which he granted Stelor a license to use the GOOGLES Intellectual Property, and to manufacture and promote products and services based on the GOOGLES Intellectual Property ("Licensed Products"). Exhibit A.

9. Effective June 1, 2002, Silvers entered into a Consulting Agreement with Stelor which provided, among other things, that Silvers could terminate the License Agreement if Stelor breached the Consulting Agreement's compensation provisions. Exhibit B.

10. On November 12, 2004, Silvers sent a Notice of Termination, advising Stelor it had sixty (60) days to cure numerous breaches under the License Agreement or face termination as Silvers' licensee. Exhibit C. Silvers also invoked Stelor's breaches of the Consulting Agreement as a basis for termination.

11. On January 13, 2005, Silvers terminated the License Agreement for Stelor's failure to cure its numerous breaches. A copy of the termination letter is attached as Exhibit D.

12. On January 28, 2005, Silvers and Stelor entered into a Settlement Agreement under which Silvers agreed to withdraw the January 13, 2005 termination letter, but not the Notice of

2

Termination, provided Stelor fully cured the breaches by its performance under the Settlement Agreement.

13. On April 27, 2005 Silvers reinstated his termination because Stelor had not performed its obligations under the Settlement Agreement. See Exhibit E.

14. The License Agreement provides, at ¶X(C):

> Upon the expiration or termination of this Agreement, all the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately revert to LICENSOR and LICENSEE, except as detailed above in Section (B) of the "Post Termination Rights" Section, shall immediately discontinue all use of the Licensed Property and the like, at no cost whatsoever to LICENSOR.

15. Silvers has advised Stelor on numerous occasions that the License Agreement is terminated, and demanded that Stelor comply with the post-termination provisions of the license Agreement. Copies of Silvers' letters to that effect are attached as Exhibit F.

16. The License Agreement, ¶X, sets out Stelor's rights and obligations upon termination. Stelor is allowed to continue using the GOOGLES Intellectual Property on a limited basis for a limited period, but only if it meets certain requirements. The key requirement for Stelor to use the GOOGLES Intellectual Property post-termination is the submission of an inventory of Licensed Product on hand. License Agreement, ¶X(B).

17. Stelor has failed to provide an inventory of Licensed Products. The 30 day period for Stelor to comply with this requirement expired on May 27, 2005.

18. Stelor has also failed to actively sell Licensed Products post-termination, according to the purported royalty statements Stelor has provided to Silvers.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

19. Because Stelor has not complied with its post-termination requirements under the License Agreement, it has no right to use the GOOGLES Intellectual Property for any purpose, even for a limited period.

20. Notwithstanding the termination, the reversion of all rights to Silvers, and Stelor's loss of any limited right to use the GOOGLES Intellectual Property, Stelor continues to do. Upon information and belief, Stelor used the GOOGLES Intellectual Property at the Licensing Exhibition in New York City in July, 2005, to promote its own (non-licensed) website services. Stelor's website (stelorproductions.com) continues to feature the GOOGLES trademarks, characters and concept, GOOGLES graphics and illustrations, GOOGLES music, and GOOGLES.com domain name.

21. Stelor' use of the GOOGLES Intellectual Property is without Silvers' authority or consent.

22. Silvers has repeatedly demanded that Stelor cease and desist from its unauthorized use of the GOOGLES Intellectual Property.

23. Stelor has refused to comply with Silvers' demand to cease and desist, and continues to use the GOOGLES Intellectual Property without Silvers' authorization.

24. Silvers has retained the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT ONE - DECLARATORY RELIEF

25. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 24 as though fully set forth.

26. Up until April 27, 2005, Silvers licensed his GOOGLES Intellectual Property to Stelor, pursuant to the License Agreement. On April 27, 2005, Silvers reinstated his prior termination of the License Agreement.

4

27. Pursuant to the License Agreement, ¶X, upon termination all licensed rights revert to Silvers, and Stelor is required to cease and desist from using the GOOGLES Intellectual Property.

28. Since April 27, 2005, Stelor has disregarded the termination of the License Agreement and continues to hold itself as Silvers' licensee. Stelor continues to use Silvers' GOOGLES Intellectual Property, without Silvers' authority or consent.

29. An actual and ripe controversy exists as to the effect of the termination of the License Agreement and Stelor's rights, or lack thereof, to use the GOOGLES Intellectual Property.

WHEREFORE, Silvers requests that this Court declare the rights of the parties and provide the following relief:

A. A declaration that the License Agreement is terminated, and that Stelor is no longer a licensee of Silvers.

B. An order enjoining Stelor from:

1. Using the GOOGLES Intellectual Property (including but not limited to Silvers' trademarks, domain names, copyrights, patents, and derivatives);

2. Representing to others that it is Silvers' licensee, or that it is authorized to use or sublicense the GOOGLES Intellectual Property; and

3. Selling or promoting any Licensed Product.

C. A full accounting from Stelor of the commercialization of the GOOGLES Intellectual Property during the period the License Agreement was in effect, i.e. June 1, 2002 to April 27, 2005;

D. Attorneys fees pursuant to contract and Florida Statutes Section 57.105;

E. Costs; and

F. Such other relief as the Court deems equitable.

5

## COUNT II

## BREACH OF CONTRACT

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 24 as though fully set forth.

31. This is an action for breach of the post-termination provisions of the License Agreement.

32. On April 27, 2005, Silvers' duly terminated the License Agreement.

33. Pursuant to the License Agreement, ¶X, Stelor is required, upon termination, to cease and desist using the GOOGLES Intellectual Property or selling any Licensed Property.

34. While Paragraph X of the License Agreement affords Stelor a limited period of time to use the GOOGLES Intellectual Property, such use is conditioned on Stelor (i) providing an inventory of Licensed Product; and (ii) actively selling Licensed Product. Stelor has done neither, and therefore its right to use the GOOGLES Intellectual Property has been extinguished.

35. Notwithstanding the termination of the License Agreement, Stelor continues to use the GOOGLES Intellectual Property. Such use is without Silvers' authority or consent.

36. Stelor has breached Paragraph X of the License Agreement.

37. As a result of Stelor's breach, and unauthorized use of the GOOGLES Intellectual Property, Silvers has been denied the exclusive use of and control over his own trademarks, copyrights, patents and domain names, as well as derivative products.

WHEREFORE, Silvers requests that this Court enter judgment in his favor and against Stelor and award the following relief:

    A.    Enjoining Stelor from using the GOOGLES Intellectual Property, including but not limited to Silvers' trademarks, domain names, copyrights and patents;

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 I Phone 305.372.1800 I Fax 305.372.3508 I kttlaw.com

B.  Requiring Stelor to account to Silvers for commercializing the GOOGLES Intellectual Property from April 27, 2005 to the present, including all sales of Licensed Product and Derivatives, and to disgorge all revenues gained from such unauthorized conduct; and

C.  Requiring Stelor, consistent with Paragraph X of the License Agreement, to return to Silvers all material relating to the GOOGLES Intellectual Property and derivatives, and to any inform sublicensees of the termination.

D.  Attorneys' fees pursuant to contract and Florida Statutes Section 57.105.

E.  Costs; and

F.  Such other relief as the Court deems equitable.

DATED this 6Th day of September, 2005.

Respectfully submitted,

DIMOND, KAPLAN & ROTHSTEIN, P.A.  
Co-Counsel for Plaintiff  
525 S. Flagler Drive, Suite 200  
West Palm Beach, FL 33401  
Telephone: (561) 671-2110  
Adam T. Rabin, Esq.

KOZYAK TROPIN & THROCKMORTON, P.A.  
Counsel for Plaintiff  
2525 Ponce de Leon, 9th Floor  
Coral Gables, Florida 33134  
Telephone: (305) 372-1800  
Fax: (305) 372-3508

By: _____  
Kenneth R. Hartmann  
Florida Bar No: 664286  
Gail M. McQuilkin  
Florida Bar No. 969338

3339/104/257119.1