UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

Case No. 05-80387-CIV (Ryskamp/Vitunac)

NIGHT BOX
FILED

Λ'Ω - 8 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

STEVEN A. SILVERS, an individual,        )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
GOOGLE INC., a Delaware corporation,     )
                                         )
        Defendant.                       )
_____  )
                                         )
GOOGLE INC., a Delaware corporation,     )
                                         )
        Counterclaimant,                 )
                                         )
v.                                       )
                                         )
STEVEN A. SILVERS, an individual;        )
STELOR PRODUCTIONS, INC., a Delaware     )
corporation; STELOR PRODUCTIONS, LLC;)
a business entity of unknown form; and   )
STEVEN ESRIG, an individual,             )
                                         )
        Counterdefendants.               )
_____  )

## GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant Google Inc., by its undersigned counsel, hereby responds to the Complaint as

follows:

1.      Google denies the first sentence of paragraph 1 of the Complaint. Google lacks

information regarding the remaining allegations of paragraph 1 of the Complaint and on that

basis denies the allegations.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

Exh. 13

Dockets.Justia.com

2.    Google denies the allegations of paragraph 2 of the Complaint.

3.    Google admits the first sentence of paragraph 3 of the Complaint and denies the allegations of the second and third sentences of that paragraph. Google further denies the allegations of the final sentence of paragraph 3 of the Complaint. Google lacks information and belief to admit or deny the remaining allegations of paragraph 3 of the Complaint and therefore denies the allegations.

4.    Google denies the allegations of paragraph 4 of the Complaint.

5.    Google denies that Silvers has a superior or exclusive (as to Google) right to use the GOOGLES mark, that Silvers has the right to enjoin Google, that Silvers has incurred damages, that there has been any reverse confusion caused by Google's conduct, and that Google's conduct has been unlawful. Google admits that Silvers filed this action and that Silvers seeks damages. Google denies any remaining allegations of paragraph 5 of the Complaint.

6.    Google lacks information or belief to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies the allegations.

7.    Google admits the allegations of paragraph 7 of the Complaint.

8.    Google admits that this action arises under the Lanham Act and the common law of the State of Florida but denies that the action arises from trademark infringement and unfair competition.

9.    Google admits that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 1338. Google denies the remaining allegations of paragraph 9 of the Complaint.

10.   Google admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(c). Google denies the remaining allegations of paragraph 10 of the Complaint.

**2**

11.     Google lacks information or belief to admit or deny the allegations of paragraph 11 of the Complaint and therefore denies the allegations.

12.     Google lacks information or belief to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies the allegations.

13.     Google lacks information or belief to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies the allegations.

14.     Google lacks information or belief to admit or deny the allegations of paragraph 14 of the Complaint and therefore denies the allegations.

15.     Google lacks information or belief to admit or deny the allegations of paragraph 15 of the Complaint and therefore denies the allegations.

16.     Google lacks information or belief to admit or deny the allegations of paragraph 16 of the Complaint and therefore denies the allegations.

17.     Google lacks information or belief to admit or deny the allegations of paragraph 17 of the Complaint and therefore denies the allegations.

18.     Google lacks information or belief to admit or deny the allegations of paragraph 18 of the Complaint and therefore denies the allegations.

19.     Google lacks information or belief to admit or deny the allegations of paragraph 19 of the Complaint and therefore denies the allegations.

20.     Google lacks information or belief to admit or deny the allegations of paragraph 20 of the Complaint and therefore denies the allegations.

21.     Google lacks information or belief to admit or deny the allegations of paragraph 21 of the Complaint and therefore denies the allegations.

22.     Google lacks information or belief to admit or deny the allegations of the first sentence of
paragraph 22 of the Complaint and therefore denies the allegations. Google denies the remaining
allegations of paragraph 22 of the Complaint.

23.     Google lacks information or belief to admit or deny the allegations of the paragraph 23 of
the Complaint and therefore denies the allegations.

24.     Google lacks information or belief to admit or deny the allegations of paragraph 24 of the
Complaint and therefore denies the allegations.

25.     Google lacks information or belief to admit or deny the allegations of paragraph 25 of the
Complaint and therefore denies the allegations.

26.     Google lacks information or belief to admit or deny the allegations of paragraph 26 of the
Complaint and therefore denies the allegations.

27.     Google lacks information or belief to admit or deny the allegations of paragraph 27 of the
Complaint and therefore denies the allegations.

28.     Google lacks information or belief to admit or deny the allegations of paragraph 28 of the
Complaint and therefore denies the allegations.

29.     Google lacks information or belief to admit or deny the allegations of paragraph 29 of the
Complaint and therefore denies the allegations.

30.     Google lacks information or belief to admit or deny the allegations of paragraph 30 of the
Complaint and therefore denies the allegations.

31.     Google lacks information or belief to admit or deny the allegations of paragraph 31 of the
Complaint and therefore denies the allegations.

32.     Google admits the allegations of paragraph 32 of the complaint.

33.     Google admits the allegations of paragraph 33 of the complaint.

4

34.    Google admits that the word "googol" means the number one followed by one hundred zeros and admits the allegations of the third sentence of paragraph 34 of the Complaint. Google denies the remaining allegations of paragraph 34 of the complaint.

35.    Google denies the allegations of the first sentence of paragraph 35 of the Complaint. Google lacks information or belief to admit or deny sentence two of paragraph 35 of the Complaint and therefore denies the allegations.

36.    Google denies the allegations of paragraph 36 of the Complaint.

37.    Google admits the allegations of paragraph 37 of the Complaint.

38.    Google admits the allegations of paragraph 38 of the Complaint.

39.    Google admits that a trademark search was commissioned on the term Google in or around August 1998. Google admits that the search results included a reference to the googles.com domain name. Google denies the remaining allegations of paragraph 39 of the Complaint.

40.    Google admits that the sound of the word "google" was a factor in the decision to adopt the name "Google." Google denies the remaining allegations of paragraph 40 of the Complaint.

41.    Google admits that on September 16, 1998, Google Inc. filed an intent-to-use Federal trademark application to register the mark GOOGLE for goods and services including "computer hardware" in Class 9 and for an array of computer services in Class 42. Google denies the remaining allegations of paragraph 41.

42.    Google denies the allegations of paragraph 42 of the Complaint.

43.    Google denies the allegations of paragraph 43 of the Complaint.

44.    Google denies the allegations of paragraph 44 of the complaint.

5

45.    Google admits that Google Inc. was reincorporated as a Delaware corporation on August

27, 2003. Google denies the remaining allegations of paragraph 45 of the complaint.

46.    Google lacks information and belief to admit or deny the allegations of paragraph 46 of

the Complaint and therefore denies the allegations.

47.    Google lacks information and belief to admit or deny the allegations of paragraph 47 of

the Complaint and therefore denies the allegations.

48.    Google lacks information and belief to admit or deny the allegations of paragraph 48 of

the Complaint and therefore denies the allegations.

49.    Google lacks information and belief to admit or deny the allegations of paragraph 49 of

the Complaint and therefore denies the allegations.

50.    Google lacks information and belief to admit or deny the allegations of paragraph 50 of

the Complaint and therefore denies the allegations.

51.    Google denies the last sentence of paragraph 51. Google lacks information and belief to

admit or deny the remaining allegations of paragraph 51 of the Complaint and therefore denies

the allegations.

52.    Google denies the allegations of paragraph 52 of the Complaint.

53.    Google admits that it offers for sale a product called "Google Goo." Google denies the

remaining allegations of paragraph 53 of the Complaint.

54.    Google denies the allegations of paragraph 54 of the Complaint.

55.    Google repeats and incorporates its responses in paragraphs 1 through 54 above.

56.    Google denies the allegations of paragraph 56 of the Complaint.

57.    Google denies the allegations of paragraph 57 of the Complaint.

58.    Google denies the allegations of paragraph 58 of the Complaint.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

59.    Google denies the allegations of paragraph 59 of the Complaint.

60.    Google denies the allegations of paragraph 60 of the Complaint.

61.    Google denies the allegations of paragraph 61 of the Complaint.

62.    Google denies the allegations of paragraph 62 of the Complaint.

63.    Google repeats and incorporates its responses in paragraphs 1 through 54 above.

64.    Google denies the allegations of paragraph 64 of the Complaint.

65.    Google denies the allegations of paragraph 65 of the Complaint.

66.    Google denies the allegations of paragraph 66 of the Complaint.

67.    Google denies the allegations of paragraph 67 of the Complaint.

68.    Google denies the allegations of paragraph 68 of the Complaint.

69.    Google denies the allegations of paragraph 69 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each count asserted in it, fails to allege facts sufficient to state a claim.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims asserted in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of plaintiff's unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by relevant statutes of limitations.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred because of waiver, acquiescence and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred of plaintiff's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims fail because any marks claimed by plaintiff have been abandoned.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by its failure to join an indispensable party.

### COUNTERCLAIMS

Defendant and Counterclaimant GOOGLE INC. ("Google") hereby counterclaims as follows:

### INTRODUCTION

1.    This counterclaim arises from explicit threats of, and actual conduct of, litigation by the plaintiff and counterdefendant, Steven A. Silvers ("Silvers"), by the counterdefendants Stelor Productions, Inc. and Stelor Productions, LLC (collectively "Stelor Productions") and by Stelor Productions' CEO Steven Esrig ("Esrig") (collectively "Counterdefendants"), against Google arising from Google's use of its famous mark GOOGLE in connection with internet search engine services.

2.    This counterclaim also arises from the actions of all Counterdefendants in launching a new website, ostensibly called "Gootopia" but located and advertised at www.googles.com and promoted with the GOOGLES name, that ostensibly offers computer-related and Internet-related functions, including search engine services and email services. Counterdefendants developed and implemented the Gootopia web site, and its search and e-mail functionalities, well after

Google's search engine and website became world famous, and after Google introduced e-mail services that have become widely known.

3.      Google is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google operates a world-famous Internet search engine and provides related goods and services.

4.      Google is informed and believes, and therefore alleges, that Plaintiff and counterdefendant Silvers is an individual who resides in West Palm Beach, Florida.

5.      Google is informed and believes, and therefore alleges, that Plaintiff and counterdefendant Esrig is an individual who resides in Darnestown, Maryland. Google is informed and believes, and therefore alleges, that Esrig has carried out business that pertains to this action in this district and elsewhere in the United States.

6.      Google is informed and believes, and therefore alleges, that, counterdefendant Stelor Productions, Inc. is a corporation incorporated in the State of Delaware with its principal place of business at the home of counterdefendant Esrig in Darnestown, Maryland. Google is informed and believes that Stelor Productions, Inc. does business in this district and elsewhere in the United States.

7.      Google is informed and believes, and therefore alleges, that, Counterdefendant Stelor Productions, LLC is a limited liability company which does business in this district and elsewhere in the United States. Google is informed and believes that Stelor Productions, LLC is a successor to Stelor Productions, Inc., in that Stelor Productions, Inc. has filed a pleading in federal court stating that "Stelor Productions, Inc. has become Stelor Productions, LLC." Both Stelor Productions, Inc. and Stelor Productions, LLC are collectively referred to below as "Stelor Productions."

8.      Counterdefendants claim rights in alleged marks GOOGLES and GOOGLES AND

DESIGN arising from a paperback children's book allegedly written by Silvers in the early

1990s. Silvers paid a vanity publisher to publish 1000 copies of the book, entitled GOOGLES

AND THE PLANET OF GOO, in 1996. The book styled itself a "children's edutainment book"

and claimed that "the Googles concept was created as a means to provide children with a fun-

filled method of expanding their vocabulary." Silvers gave away most of the copies of the book

that he distributed, usually to family, friends, or acquaintances. The book never attained any

significant commercial sales. Before this litigation, Silvers' counsel made known to Google the

sale of no more than six copies of the book during a period of almost nine years.

9.      Counterdefendants Stelor Productions and Esrig reportedly claim that Stelor Productions

for the first time acquired certain rights to enforce Silvers' GOOGLES and/or GOOGLES AND

DESIGN marks in 2002. At the time Stelor Productions reportedly first acquired certain rights to

those marks, the GOOGLE brand had become world famous. At the time Stelor Productions

reportedly first acquired rights to the GOOGLES and/or GOOGLES AND DESIGN marks,

neither those marks nor the web site located at the googles.com domain name had been used to

offer or promote search functions or email. At the time Stelor Productions reportedly first

acquired rights to the GOOGLES and/or GOOGLES AND DESIGN marks, Counterdefendants

had made no actual use in the ordinary course of business of the GOOGLES and/or GOOGLES

AND DESIGN marks for children's books for a period of over three years.

10.     In 2004 and 2005, Stelor Productions and Silvers engaged each other in litigation over

the alleged license agreement between them relating to the GOOGLES and/or GOOGLES AND

DESIGN marks. In a federal court pleading, Silvers alleged and acknowledged that Stelor

Productions, as Silvers' licensee, had failed to use commercially reasonable efforts to promote,

**10**

market, and sell products bearing the licensed trademarks. Silvers further alleged and acknowledged that, during the 30 months Stelor Productions had had the benefit of its license agreement with Silvers regarding the marks, Stelor Productions had not sold a single licensed product.

11.    Silvers has filed the present litigation. Stelor Productions, under the direction of Esrig, previously caused to be filed -- but later withdrew -- trademark opposition and cancellation proceedings before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, and a domain name arbitration, against Google relating to the issues presented in this litigation. Google is informed and believes, and therefore alleges, that Stelor Productions and Silvers have made public statements about their claims against Google and about their alleged entitlement to enormous damages from Google.

12.    In view of Silvers' institution of litigation against Google, and Stelor Productions' and Esrig's claim of alleged rights in the GOOGLES mark and institution of Trademark Trial and Appeal Board proceedings and a domain name arbitration in respect of Google's use of the mark GOOGLE and the domain name google.com, Google seeks an order under the Declaratory Judgment Act declaring that the mark GOOGLE as used by Google does not infringe Silvers' and Stelor Productions' alleged rights in the alleged marks GOOGLES and GOOGLES AND DESIGN and that Silvers and Stelor Productions have no valid or enforceable rights in the alleged registered mark GOOGLES AND DESIGN. Google seeks cancellation of Silver's U.S. Registration No. 2,087,590 for GOOGLES AND DESIGN. Google further seeks affirmative relief in the nature of an injunction, together with attorney's fees and costs, arising from Counterdefendants' trademark violations and unfair competition designed to harm Google.

**11**

## GENERAL ALLEGATIONS

### Google's GOOGLE Brand

13.    Google operates the Google internet search engine which is the best known and most widely used search engine in the world. Google's mark GOOGLE is a famous mark which has been in continuous use since at least as early as September 1997. Google's primary website is located at <google.com>. Google's search engine currently indexes more than eight billion web pages. Google's revenues for 2004 were $3,189,223,000.

14.    Through its continuous use of its GOOGLE mark, Google has acquired broad common-law rights in the GOOGLE mark. In addition, Google owns three federal trademark registrations as described below.

15.    Google owns U.S. Registration No. 2,884,502, based on an application filed September 16, 1998, for the mark GOOGLE for the following goods: "computer hardware, computer software for creating indexes of information, indexes of web sites and indexes of other information resources." A copy of the registration data from the U.S. Patent and Trademark Office web site is attached as Exhibit A.

16.    Google owns U.S. Registration No. 2,806,075, based on an application filed September 16, 1998, for the mark GOOGLE for the following goods and services: "computer services, namely, providing software interfaces available over a network in order to create a personalized on-line information service; extraction and retrieval of information and data mining by means of global computer networks; creating indexes of information, indexes of web sites and indexes of other information sources in connection with global computer networks; providing information from searchable indexes and databases of information, including text, electronic documents, databases, graphics and audio visual information, by means of global computer information

**12**

networks" and "providing electronic mail and workgroup communications services over computer networks; providing multiple user access to proprietary collections of information by means of global computer information networks." A copy of the registration data from the U.S. Patent and Trademark Office web site is attached as Exhibit B.

17.    Google also owns U.S. Registration No. 2,954,071, based on an application filed September 18, 2001, for the mark GOOGLE for the following goods and services: "Electronic retailing services via computer featuring mouse pads, flashlights, lamps, license plate frames and holders, books, notebooks, pens, greeting cards, stickers, decals, tote bags, duffel bags, backpacks, luggage tags, umbrellas, mugs, tumblers, shirts, t-shirts, modem cords, vests, caps, hats, and other clothing items; mouse pads, calculators, flashlights, lamps, license plate frames and holders; books, namely children's books, books on the subject of computers, notebooks, pens, greeting cards, stickers, decals; bags, namely, tote bags, duffle bags, backpacks; luggage tags; umbrellas; mugs, tumblers; clothing, namely, shirts, t-shirts, vests, hats, caps, boxer shorts; children's clothing, namely, t-shirts, and sporting equipment, namely, plastic exercise balls. A copy of the registration data from the U.S. Patent and Trademark Office web site is attached as Exhibit C.

18.    Google was founded in 1997 by two Stanford University students. Google's unique technology platform had an immediate impact on the internet world and catapulted the GOOGLE search engine to worldwide prominence. The GOOGLE search engine has received widespread unsolicited favorable publicity in trade and consumer media. A list of representative publicity relating to Google's internet search engine is attached hereto as Exhibit D.

19.    In 2004, Google conducted an initial public offering (IPO) of its stock which was widely followed in the general media. Google's IPO was one of the hottest IPOs of 2004. Since the

**13**

offering, Google's stock price has soared from $85 per share to a price around $300 per share.

Google currently has a market capitalization of over $80 billion, greater than the market

capitalization of General Motors or General Electric.

20.    Google is one of the most famous companies in the world and a leader in the high

technology marketplace. Google's brand name GOOGLE was Brandchannel's Brand of the Year

for 2002 and 2003.

## Silvers' Claim To Ownership of the GOOGLES AND DESIGN Mark and Registration by Assignment from a Defunct Company

21.    Google is informed and believes and therefore alleges that Counterdefendant Silvers

claims ownership of Registration No. 2,087,590, dated August 12, 1997, based upon an

application dated August 2, 1996, for the mark GOOGLES AND DESIGN for "children's

books." A copy of a print-out from the website of the United States Patent and Trademark

Office ("USPTO") depicting the GOOGLES AND DESIGN mark and containing registration

data is attached as Exhibit E. Assignment information for that registration from the USPTO

website is attached as Exhibit F.

22.    Google is informed and believes, and therefore alleges, that the original owner of the

federal trademark application and registration for GOOGLES AND DESIGN, Registration No.

2,087,590, was The Googles Children's Workshop, Inc., a New Jersey corporation.

23.    Google is informed and believes, and therefore alleges, that at the time of the federal

registration for GOOGLES AND DESIGN, Registration No. 2,087,590, the registrant had not

made trademark use of the mark on the goods covered by the registration in the ordinary course

of business.

24.    Google is informed and believes, and therefore alleges, that The Googles Children's

Workshop, Inc., was dissolved without assets on or before October 22, 1997. A copy of status

**14**

information for that company from the New Jersey Secretary of State website is attached to this Complaint as Exhibit G.

25.     Google is informed and believes, and therefore alleges, that Counterdefendant Silvers truthfully indicated to the State of New Jersey that The Googles Children's Workshop, Inc. had no assets when that company was dissolved.

26.     Google is informed and believes, and therefore alleges, that Mr. Silvers claims to have received rights in the GOOGLES AND DESIGN mark and registration by assignment from The Googles Children's Workshop, Inc.

27.     Google is informed and believes, and therefore alleges, that Mr. Silvers executed a notarized assignment of the GOOGLES AND DESIGN mark and registration to himself personally from The Googles Children's Workshop, Inc. on May 18, 1999. A copy of the assignment as recorded in the USPTO is attached to this Complaint as Exhibit H. Google is informed and believes, and therefore alleges, that on the date of execution of that alleged assignment, and immediately before the execution, The Googles Children's Workshop, Inc. no longer existed as a legal entity. Google is informed and believes, and therefore alleges, that on the date of execution of that alleged assignment, and immediately before the execution, The Googles Children's Workshop, Inc. had no assets, no revenues, and no business activities.

28.     Google is informed and believes, and therefore alleges, that Counterdefendant Silvers truthfully indicated that he was the "former pres[ident]" of The Googles Children's Workshop, Inc. when he executed the assignment from The Googles Children's Workshop, Inc. to himself years after dissolution of The Googles Children's Workshop, Inc.

29.     Silvers asserts in paragraph 46 of his Complaint that in 1998 he attempted to contact Google founder Larry Page to discuss the Google and Googles names. Silvers thus concedes that

**15**

he was very aware of Google's fame before he executed an ostensible "assignment" to himself of

the alleged mark and registration for GOOGLES AND DESIGN from a defunct company.

## The Fraudulent USPTO Filing With Respect to the Counterdefendants' Alleged Mark and Registration for GOOGLES AND DESIGN

30.    Google is informed and believes, and therefore alleges, that a Combined Declaration of

Use and Incontestability Under Sections 8 and 15 to maintain the registration of GOOGLES

AND DESIGN, Registration No. 2,087,590 was filed with the U.S. Patent and Trademark office

in March 2003 by "The Googles Children's Workshop, Inc.," identified as a New Jersey

corporation. A copy of the Combined Declaration is attached to this Complaint as Exhibit I.

31.    Google is informed and believes that the Combined Declaration was executed on behalf

of The Googles Children's Workshop, Inc. by Ira C. Edell, identified as an attorney for The

Googles Children's Workshop, Inc.

32.    Google is informed and believes that, in executing executed the Combined Declaration,

Mr. Edell declared that all statements made in the Combined Declaration of his own knowledge

were true. Mr. Edell did not make any statements in the Combined Declaration that were

indicated to be on his information and belief. Mr. Edell made the statements with the knowledge

that willful, false statements may jeopardize the validity of the registration that was the subject of

the Combined Declaration.

33.    At the time of the filing of that Combined Declaration, The Googles Children's

Workshop, Inc. had been dissolved for over five years and no longer existed.

34.    Google is informed and believes, and therefore alleges, that at the time of the Combined

Declaration Mr. Edell had had no communications with The Googles Children's Workshop, Inc.

**16**

35.    Google is informed and believes, and therefore alleges, that at the time of the Combined Declaration, The Googles Children's Workshop, Inc. had not given Mr. Edell authority to act on its behalf.

36.    Google is informed and believes, and therefore alleges, that at the time of the filing of that Combined Declaration, The Googles Children's Workshop, Inc. had not used, continuously for a period of five years, the GOOGLES AND DESIGN mark as registered.

37.    Google is informed and believes, and therefore alleges, that at the time of the filing of that Combined Declaration, The Googles Children's Workshop, Inc. was not the owner of the GOOGLES AND DESIGN mark.

38.    At the time of the filing of that Combined Declaration, The Googles Children's Workshop, Inc. was not the owner of record of U.S. Registration No. 2,087,590.

39.    Google is informed and believes, and therefore alleges, that the declarant and/or the ostensible registrant causing the Combined Declaration to be filed knew the statements made in the Combined Declaration to be false at the time they were made. The false statements were designed to, and did, mislead the USPTO with respect to the true facts concerning the ownership and continuous use by The Googles Children's Workshop, Inc. of the mark that was the subject of U.S. Registration No. 2,087,590.

40.    Google is informed and believes, and therefore alleges, that the fraudulent statements made in the Combined Declaration caused the U.S. Patent and Trademark Office to issue a notice of acknowledgement of the Combined Declaration and to maintain the registration instead of canceling it.

41.    Google is informed and believes, and therefore alleges, that the statements made in the Combined Declaration to maintain the federal registration for GOOGLES AND DESIGN, U.S.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

Registration No. 2,087,590, were made by a person without knowledge of the facts asserted in the declarations and who had not reasonably investigated the facts to determine the truthfulness of the assertions.

42.     Google is informed and believes, and therefore alleges, that Stelor Productions caused or instructed Mr. Edell to file the Combined Declaration pursuant to a power of attorney executed by Silvers in favor of Stelor Productions.

43.     No correction or amendment to the Combined Declaration Under Sections 8 and 15 was timely made. The owner of record of U.S. Registration No. 2,087,590 did not file a declaration under Section 8 or 15.

44.     Google is informed and believes, and therefore alleges, that on or before October 1999 The Googles Children's Workshop, Inc. abandoned the mark that is the subject of U.S. Registration No. 2,087,590 without intention to resume use.

## Silvers' Later U.S. Trademark Applications for GOOGLES Marks

45.     Almost immediately after the announcement of Google's IPO, Counterdefendant Silvers filed two new trademark applications for combination marks which included or consisted of the alleged mark GOOGLES.

46.     On May 7, 2004, less than 10 days after Google filed documents with the Securities and Exchange Commission to initiate its initial public offering, Counterdefendant Silvers filed in the USPTO U.S. Application Serial No. 76/591,386 for the alleged mark GOOGLES EDUTAINMENT on an intent-to-use basis in Class 16 for "printed books, magazines, board games, flyers, playing cards." A copy of U.S. Application Serial No. 76/591,386 is attached hereto as Exhibit J. Google is informed and believes that the application was filed by an attorney in the name of Silvers at the instruction of Stelor Productions and Esrig.

47.     Ten days later, on May 17, 2004, Silvers filed in the USPTO U.S. Application Serial No.

78/420,234 for the alleged mark GOOGLES on an intent-to-use basis for "computer services,

namely providing e-mail services; multiple user access to computer networks for the transfer and

dissemination of a wide range of information; providing a wide range of general interest

information via online bulletin boards and via multi user computer networks" in Class 42. A

copy of U.S. Application Serial No. 78/420,324 is attached hereto as Exhibit K.

48.     U.S. Application Serial No. 78/420,234 was filed on behalf of Silvers by Laurence R.

Hefter of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.  The law firm of Finnegan,

Henderson, Farabow, Garrett & Dunner, L.L.P. had previously represented Google with respect

to Google's trademark matters, including at one time the maintenance of Google's trademark

portfolio including its GOOGLE marks. In connection with the new application filed by Mr.

Hefter and the Finnegan firm, Mr. Hefter executed in his own name a declaration on behalf of

Mr. Silvers stating that he believed the applicant to be entitled to use the mark in commerce and

that, to the best of his knowledge, no other person, firm, corporation, or association had the right

to use the mark in commerce, either in the identical form thereof or in such resemblance thereto

as to be likely, when used on or in connection with the goods/services of such other person, to

cause confusion, or to cause mistake, or to deceive. He also declared that all statements made of

his own knowledge were true.

49.     Google is informed and believes, and therefore alleges, that the Finnegan, Henderson

firm filed the application to register GOOGLES, U.S. Application Serial No. 78/420,234, at the

instance of Stelor Productions and Esrig.

50.     The applications to register GOOGLES and GOOGLES EDUTAINMENT, filed in the

name of Silvers, are currently pending before the USPTO.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

## Stelor Productions' Alleged Rights in the GOOGLES Marks and Initiation of Proceedings Against Google

51.    Google is informed and believes, and therefore alleges, that, Counterdefendant Stelor

Productions claims to have obtained a license of the exclusive rights in the GOOGLES AND

DESIGN mark and other related intellectual property from Silvers and claims rights to enforce

those alleged rights against third parties.

52.    Shortly after the filing of the new applications, in July 2004, while Google's IPO was

pending, but its S-1 registration statement was not yet effective, Counterdefendant Stelor

Productions, claiming to be the owner of the alleged mark GOOGLES AND DESIGN, filed a

Petition to Cancel Google's U.S. Registration No. 2,806,075 for the mark GOOGLE ("Stelor

Cancellation"). On July 6, 2004, Stelor Productions filed a Notice of Opposition against

Google's U.S. Application Serial No. 76/314,783 for the mark GOOGLE, claiming that Stelor

Productions owns prior rights to the mark GOOGLES for "goods and services for children" and

that Google's use of GOOGLE in connection with the goods and services recited in Google's

U.S. Application Serial No. 76/314,783 is likely to cause confusion.

53.    Immediately following the filing of the Stelor Cancellation and Notice of Opposition,

Stelor Productions issued a press release claiming rights in the alleged mark GOOGLES AND

DESIGN and questioning Google's rights to its famous name and mark.  A copy of a press

release apparently issued by Stelor Productions is attached hereto as Exhibit L.

54.    On November 2, 2004, after the successful completion of Google's IPO,

Counterdefendants filed a complaint with the National Arbitration Forum, pursuant to the

Uniform Domain Name Dispute Resolution Policy ("UDRP") seeking transfer of several of

Google's domain names including google.com. The UDRP Complaint was filed in the name of

Counterdefendant Silvers by San Francisco attorney Yano L. Rubinstein, who is named as

ADORNO & YOSS, LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

"Complainant's Authorized Representative" in the UDRP Complaint. Google is informed and believes, and therefore alleges, that Mr. Rubinstein, in San Francisco, filed the UDRP Complaint at the instigation of Stelor Productions and Esrig pursuant to Stelor Productions' power of attorney granted by Silvers.

55.    On November 10, 2004, following Stelor Productions' initiation of the UDRP proceeding against Google and with knowledge that Google had recently raised substantial sums in the marketplace through its public offering of stock to the public, Mr. Rubinstein contacted counsel for Google stating that he represented Stelor Productions and Silvers and demanded that Google meet with his clients within 48 hours to discuss Google's purchase of his client's rights in the alleged mark GOOGLES AND DESIGN. Mr. Rubinstein stated that his client was ready to file a federal court action against Google and that his client would likely issue a "massive" press release in connection with the lawsuit, similar to the press release issued by Counterdefendants in connection with the cancellation petition and notice of opposition filed in the USPTO against Google's trademark registration and application. Mr. Rubinstein urged that Google's representatives immediately meet with Stelor Productions to avoid the damage that the litigation would cause Google.

56.    Counterdefendants dismissed the proceedings they had brought in the Trademark Trial and Appeal Board as well as the UDRP proceeding as part of a "stand-down" agreement in which Google also dismissed, without prejudice, proceedings it had brought before the Trademark Trial and Appeal Board to cancel the GOOGLES AND DESIGN federal trademark registration. Silvers filed this action without notice to Google and without having furnished Google, despite numerous requests, evidence of any continued use of his claimed mark in the

**21**

ordinary course of business that would evidence the existence of any trademark rights claimed by
him.

57.     Google is informed and believes, and therefore alleges, that Stelor Productions has sought
investments in its company on the ground that it is asserting a trademark claim against Google
and will seek a substantial monetary remedy.

## COUNT I

### DECLARATORY RELIEF REGARDING NON-VIOLATION OF COUNTERDEFENDANTS' RIGHTS

58.     Google realleges and incorporates by reference paragraphs 1 through 57 as though fully
set forth herein.

59.     As a result of Counterdefendants' actions, there is an actual controversy between Google
and Counterdefendants as to the parties' rights and legal relations associated with Google's use of
the GOOGLE marks.  Google has a reasonable and real apprehension that it faces an immediate
lawsuit by Counterdefendants.

60.     Google intends to use its GOOGLE marks lawfully in interstate commerce and intends to
continue using lawfully GOOGLE-related domain names.

61.     Google is informed and believes, and therefore alleges, that The Googles Children's
Workshop, Inc. abandoned the GOOGLES AND DESIGN trademark and any GOOGLES
trademark it ever claimed.

62.     Google is informed and believes, and therefore alleges, that the mark GOOGLES AND
DESIGN that is the subject of U.S. Registration no. 2,087,590 has been abandoned.

63.     Google is informed and believes, and therefore alleges, that the registration of the mark
GOOGLES AND DESIGN, U.S. Registration no. 2,087,590, is not incontestable.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

64.     Google is informed and believes, and therefore alleges, that Counterdefendants have not used any GOOGLES trademark in good faith in the ordinary course of business.

65.     Google is informed and believes, and therefore alleges, that Counterdefendants lack a good-faith intent to use the mark GOOGLES AND DESIGN or any other GOOGLES mark, including GOOGLES EDUTAINMENT, in the ordinary course of business.

66.     Google's rights in its GOOGLE marks are superior to any GOOGLES-related marks claimed by Counterdefendants, including the abandoned GOOGLES AND DESIGN and the later GOOGLES EDUTAINMENT and GOOGLES marks.

67.     Google's use of its GOOGLE marks and domain names will not infringe on or otherwise violate any federal or state trademark, trade name, competition, or related rights of Counterdefendants.

68.     Google does not engage in any activities that harm or threaten any lawful rights of Counterdefendants.

69.     An actual case or controversy exists within the meaning of 28 U.S.C. § 2201 as to whether Google's use of the trademark GOOGLE for Internet search engine services and related products and services, and whether its use of domain names that incorporate the letter string "google" violates any valid rights of Counterdefendants. A judicial determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and obligations, if any. Google is entitled to a declaration of non-violation of any rights of Counterdefendants, a declaration that (1) it has no liability to Counterdefendants arising from its use of GOOGLE as a trademark or its use of domain names that incorporate the letter string "google" such as google.com, googlesadsense.com, googlesadwords.com, and googles-adwords.com; (2) Counterdefendants are not entitled to any injunction or other relief against

ADORNO & YOSS, LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

Google, (3) Counterdefendants have no enforceable rights against Google relating to their

alleged rights in GOOGLES, and (4) Counterdefendants have no continuing rights in

GOOGLES.

WHEREFORE, Google prays for relief as set forth below.

## COUNT II

### CANCELLATION OF COUNTERDEFENDANTS' CLAIMED FEDERAL REGISTRATION AND DECLARATION OF INVALIDITY OF COUNTERDEFENDANTS' PENDING APPLICATIONS

70.     Google realleges and incorporates by reference paragraphs 1 through 69 as though fully

set forth herein.

71.     The federal registration for GOOGLES AND DESIGN, Registration No. 2,087,590 is

invalid or voidable, or is otherwise subject to cancellation. Google is entitled to a declaration

that the registration shall be cancelled and to an order of this Court to the Director of the U.S.

Patent and Trademark Office that the Director cancel the registration and otherwise rectify the

register forthwith.

72.     Any use by Counterdefendants of GOOGLES for "providing electronic mail and

workgroup communications services over computer networks; providing multiple user access to

proprietary collections of information by means of global computer information networks" in

International Class 38; and "computer services, namely, providing software interfaces available

over a network in order to create a personalized on-line information service; extraction and

retrieval of information and data mining by means of global computer networks; creating indexes

of information, indexes of web sites and indexes of other information sources in connection with

global computer networks; providing information from searchable indexes and databases of

information, including text, electronic documents, databases, graphics and audio visual

**24**

information, by means of global computer information networks" would cause confusion, cause mistake, or deceive the public as to the source, sponsorship, or affiliation of Counterdefendants' services and would violate Google's prior rights in GOOGLE.

73.    The pending applications filed by Counterdefendants to register GOOGLES and GOOGLES EDUTAINMENT are in bad faith.  Counterdefendants lack a good-faith intent to use the marks in the ordinary course of business.

74.    The pending applications filed by Counterdefendants to register GOOGLES and GOOGLES EDUTAINMENT threaten to violate or otherwise impair Google's rights.

75.    By reason of the foregoing facts, Google will be damaged by the continued registration of the mark GOOGLES AND DESIGN for the goods identified in U.S. Registration No. 2,087,590 and by registration of GOOGLES EDUTAINMENT and GOOGLES for the goods and services identified in applications 78/420,234 and 76/591,386 respectively.

76.    Google is entitled to a declaration that Counterdefendants are not entitled to registration of any GOOGLES related trademark, including GOOGLES EDUTAINMENT and GOOGLES, and to an order of the Court to the Director of the U.S. Patent and Trademark Office to cancel U.S. Registration No. 2,087,590  and to refuse registration to Counterdefendants' applications 78/420,234 and 76/591,386.

WHEREFORE, Google prays for relief as set forth below.

## COUNT III

## FEDERAL TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1114 AND 1125(a)

77.    Google repeats and realleges the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

ADORNO & YOSS, LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200  •  Facsimile (954) 768-7800

78.     Google used the mark GOOGLE for Internet search and related services long before

counterdefendants began using GOOGLES for search and related functions. Google's GOOGLE

mark is famous and powerful. Google has rights with respect to GOOGLE that are superior to

the rights of Counterdefendants in any GOOGLES or GOOGLES-related marks.

79.     Counterdefendants have begun to use GOOGLES in connection with the promotion,

offering, or furnishing of search and related services and functions in a way that is likely to cause

mistake, deception, or confusion as to the source, sponsorship, affiliation, connection, or

approval of counterdefendants' goods, services, and commercial activities. Counterdefendants

have acted with the desire to promote confusion in the marketplace in the misguided view that

confusion caused by their activities might give them trumped-up claims against Google.

80.     Counterdefendants' actions as described above infringe upon Google's registered

trademarks and constitute violation of section 43(a) of the Lanham Act, 15 U.S C. § 1125(a).

81.     This is an exceptional case within the meaning of section 35(a) of the Lanham Act, 15

U.S.C. § 1117(a). Google is entitled to an injunction as well as an award of attorney's fees.

WHEREFORE, Google prays for relief as set forth below.

## COUNT IV

### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1114 AND 1125(a)

82.     Google repeats and realleges the allegations set forth in paragraphs 1 through 81 as if

fully set forth herein.

83.     During the summer of 2004, Counterdefendants embarked upon a deliberate campaign to

harm Google and threaten Google's IPO by falsely claiming ownership rights in the mark

GOOGLES AND DESIGN and questioning Google's right to continue using its famous

GOOGLE marks.

26

84.     By their carefully time press release and administrative filings in the USPTO,

Counterdefendants sought to cast a pall over Google's IPO, by creating doubt among the public,

the press and investors as to Google's rights to use its GOOGLE marks.

85.     Counterdefendants attempted to portray themselves as competitors of Google in the

business activities reflected in Counterdefendants' claimed trademark registration and

registration applications. In their commercial advertising and/or promotion, Counterdefendants

misrepresented the nature, characteristics, and qualities of their own and Google's commercial

activities. Counterdefendants' false and/or misleading statements were widely disseminated to

the public.

86.     Google is informed and believes, and therefore alleges, that, Counterdefendants engaged

in the foregoing activities solely to force Google to purchase Counterdefendants' alleged rights in

the alleged mark GOOGLES AND DESIGN for an exorbitant sum of money, by tarnishing

Google's reputation and goodwill in the minds of the public and casting aspersions on Google's

title to its famous name and mark.

87.     Google's reputation and goodwill have been harmed by Counterdefendants' campaign of

carefully timed press releases and public statements regarding their alleged ownership of the

mark GOOGLES AND DESIGN.

88.     Google is informed and believes, and therefore alleges, that at the time of making each

public statement regarding their alleged ownership of the mark GOOGLES AND DESIGN,

Counterdefendants were aware that such statements were false and/or misleading in that

Counterdefendants had no valid rights in and to the mark GOOGLES AND DESIGN.

89.     Google is informed and believes, and therefore alleges, that Counterdefendants made

their false and misleading statements in furtherance of their campaign to falsely portray Google

**27**

as an infringer, with the intention of tarnishing Google's reputation in the marketplace, thereby putting additional pressure to bear on Google to accede to Counterdefendants' threats and demands.

90.    Google is informed and believes, and therefore alleges, that members of the media, financial analysts and the general public have relied on Counterdefendants' false and/or misleading statements.

91.    Google has suffered and, unless Counterdefendants are enjoined by this Court, will continue to suffer damage as a result of Counterdefendants' false and/or misleading statements. Counterdefendants' acts, as described above, have cause confusion, mistake and/or deception among the public and therefore, constitute unfair competition in violation of 15 U.S.C. § 1125(a).

WHEREFORE, Google prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE Defendant and Counterclaimant Google Inc. prays:

a.    That Plaintiff take nothing by his action and that his claims be dismissed.

b.    That the Court issue a declaration to the effect that:

1.    Counterdefendants Silvers and Stelor Productions have no rights to the alleged marks GOOGLES AND DESIGN, GOOGLES EDUTAINMENT and GOOGLES; and

2.    Google's use of the mark GOOGLE and its GOOGLE-related marks and domain names does not constitute infringement or unfair competition.

c.    That the Court direct the USPTO to refuse registration to U.S. Application Serial No. 76/591,386 for GOOGLES EDUTAINMENT and 78/420,234 for GOOGLES on grounds of likelihood of confusion with Google's mark GOOGLE, or in the alternative that

**28**

Silvers be ordered to file an express abandonment of U.S. Application Serial No. 76/591,386 and U.S. Application Serial No. 78/420,234 with the USPTO.

       d.      That the Court direct the USPTO to cancel U.S. Trademark Registration No. 2,087,590 for GOOGLES AND DESIGN on grounds of abandonment , invalidity because of an ineffectual Combined Declaration, and fraud pursuant to 15 U.S.C. §§ 1064, 1119 and 1121.

       e.      That the Court enjoin further prosecution by Counterdefendants of any applications for GOOGLES or GOOGLE and order Silvers to expressly abandon pending applications to register marks incorporating GOOGLE, GOOGLES, or any element confusingly similar to GOOGLE.

       f.      That the Court enjoin Counterdefendants from any use of GOOGLE, GOOGLES, or any mark containing any element confusingly similar to GOOGLE.

       g.      That the Court enjoin Counterdefendants from use or registration of any domain name containing GOOGLE, GOOGLES, or any mark containing any element confusingly similar to GOOGLE.

       h.      That the Court order Counterdefendants immediately to deliver up for destruction all materials containing infringing uses of GOOGLE, GOOGLES, or any mark confusingly similar to GOOGLE.

       i.      That Google recover from Counterdefendants the cost of this suit and reasonable attorney's fees.

       j.      That Counterdefendants make a full report to this Court of their compliance with the foregoing within thirty (30) days of judgment herein.

       k.      That Google have such other and further relief as this Court deems just and proper.

CASE NO. 05-80387-CIV

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant and Counterclaimant

Google Inc. hereby demands a jury trial of all issues triable by a jury.

Jan Douglas Atlas (Florida Bar No. 226246)
jatlas@adorno.com
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone (954) 763-1200
Fax (954) 766-7800

Andrew P. Bridges (California Bar No. 22761)
abridges@winston.com
Jennifer A. Golinveaux (California Bar No. 203056)
jgolinveaux@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax: (415) 591-1400

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

**30**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on this $8+h$ day of August, 2005 upon:  HARLEY S. TROPIN, ESQ., KENNETH R. HARTMANN, ESQ. and GAIL A. McQUILKIN, ESQ., Kozyak, Tropin, Throckmorton, P.A., 2525 Ponce de Leon, 9th Floor, Miami, FL 33134; and ADAM T. RABIN, ESQ., Dimond, Kaplan & Rothstein, P.A., 525 South Flagler Drive, Trump Plaza, Suite 200, West Palm Beach, FL 33401.

Jan Douglas Atlas



