UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., ) | | |
| a Delaware corporation ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| ) | Case Number: 1:05-CV-0354-DFH-TAB | |
| v. ) | | |
| ) | | |
| ) | | |
| OOGLES N GOOGLES, an Indiana ) | | |
| Corporation; KEVIN MENDELL, ) | | |
| DANYA MENDELL, MICHELLE COTE; ) | | |
| ROB LENDERMAN; STACEY ) | | |
| LENDERMAN; BRENDA MURTY; ) | | |
| MARGIE THOMAS; ROB SLYTER; ) | | |
| ELIZABETH SLYTER; CORINNA ) | | |
| SPARKS; CHRISTINE WATERBURY; ) | | |
| LEIGH SUNDLING; and TINA CARTAYA ) | | |
| ) | Jury Demanded | |
| ) | | |
| Defendants. ) | | |

**DEFENDANTS' AMENDED ANSWERS TO PLAINTIFF'S**

**AMENDED COMPLAINT**

The Defendants, by counsel, for their Answers to Plaintiff's Amended Complaint state as follows:

**PRELIMINARY STATEMENT**

The correct name for the Defendant named as "Oogles N Googles, an Indiana corporation" is "Oogles n Googles Franchising, LLC", an Indiana limited liability company (hereinafter "Oogles n Googles"). In addition to Oogles n Googles, Plaintiff has sued thirteen (13) individual defendants. Some of Plaintiff's allegations are directed to fewer than all of the Defendants. To the extent that an allegation is directed to fewer than all of the Defendants, the remaining Defendants

to which the allegation is not directed make no response. However, to the extent that any such response may be deemed to be required, the Defendants deny such allegation.

## **FIRST DEFENSE**

1. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. The Defendant named as "Oogles N Googles, an Indiana corporation" is incorrectly named. The correct name of this defendant is "Oogles n Googles Franchising, LLC", an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. Oogles n Googles Franchising, LLC, denies the allegations in paragraph 2. To the extent that allegations are directed to "OOGLES", an Indiana corporation, said allegations are answered on behalf of "Oogles n Googles Franchising, LLC".

3. Kevin Mendell is a member of Oogles n Googles Franchising, LLC and resides in Carmel, Indiana. He denies any remaining allegations of paragraph 3.

4. Danya Mendell is **not** a member of Oogles n Googles Franchising, LLC and resides in Carmel, Indiana. Danya and Kevin Mendell admit that they are husband and wife, but deny any remaining allegations in paragraph 4.

5. Kevin and Danya Mendell deny paragraph 5.

6. Oogles n Googles and Corinna Sparks deny paragraph 6.

7. Oogles n Googles and Leigh Sundling deny paragraph 7.

8. Oogles n Googles and Michelle Cote deny paragraph 8.

9. Oogles n Googles and Rob and Stacey Lenderman deny paragraph 9.

10. Oogles n Googles and Brenda Murty deny paragraph 10.

11. Oogles n Googles and Margie Thomas deny paragraph 11.

12 Oogles n Googles and Rob and Elizabeth Slyter deny paragraph 12.

13. Oogles n Googles and Christine Waterbury deny paragraph 13.

14. Oogles n Googles and Tina Cartaya deny paragraph 14.

15. Defendants deny paragraph 15.

16. Defendants admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 16.

17. Defendants admit this Court has subject matter jurisdiction but deny the remaining allegations in paragraph 17.

18. Defendants admit venue is proper in this district, but deny the remaining allegations in paragraph 18.

19. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 19.

20. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 21.

22. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 22.

23. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 23.

24. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Oogles n Googles denies paragraph 26.

27. Defendants deny paragraph 27.

28 Defendants deny paragraph 28.

29. Oogles n Googles admits it has registered the domain name "ooglesngoogles.com", and advertises its services on the website, but denies any remaining allegations of paragraph 29.

30. Kevin Mendell admits the allegations contained in paragraph 30.

31. Oogles n Googles admits it offers for sale and has sold franchises, but denies the remaining allegations in paragraph 31.

32. Defendants deny paragraph 32.

33. Defendants deny paragraph 33.

34. Defendants deny paragraph 34.

35. Defendants deny paragraph 35.

36. Defendants deny paragraph 36.

37. Defendants are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 37.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39.

40 - 49. Defendants deny paragraphs 40 through 49.

50 – 55. Defendants deny paragraphs 50 through 55.

56 – 60. Defendants deny paragraphs 56 through 60.

61 – 63. Defendants deny paragraphs 61 through 63.

64 – 75. Paragraphs 64 through 75 comprise a prayer for judgment by the Plaintiff. To the extent that the Defendants are required to admit or deny such a prayer for judgment, Defendants deny paragraphs 64 through 75.

**SECOND DEFENSE**

Plaintiff's Amended Complaint fails to state claim upon which relief can be granted.

### THIRD DEFENSE

Subject to discovery, Plaintiff's claims are barred because there is no likelihood of confusion.

### FOURTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because there is no false designation or description.

### FIFTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by non-use of the alleged trademarks with respect to Plaintiff's alleged goods and services.

### SIXTH DEFENSE

Plaintiff's claims are barred because Defendants have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion.

### SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

### EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

### NINTH DEFENSE

.    Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

### TENTH DEFENSE

Plaintiff's alleged marks are not famous.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the fact that even if famous, Defendants' use of the mark preceded such infamy.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because no dilution has occurred.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because they have suffered no damages.

**FOURTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims fail because any marks claimed by Plaintiff have been abandoned.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

**SEVENTEENTH DEFENSE**

Subject to discovery, Plaintiff or the prior owner(s) of the alleged trademarks committed fraud on the USPTO.

Wherefore, Defendants pray for judgment in their favor, and all other proper relief.

## JURY DEMAND

Defendants pray that all matters triable before a jury be heard as such.

>Respectfully submitted by:
>
>/s/ Stephen L. Vaughan
>Stephen L. Vaughan, #2294-49
>INDIANO VAUGHAN LLP
>One N. Pennsylvania Street, Suite 850
>Indianapolis, IN 46204
>Telephone: (317) 822-0033
>Fax:    (317) 822-0055
>E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 29, 2008, a copy of the foregoing Defendants' Amended Answers to Amended Complaint was filed electronically to the below listed counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| John David Hoover | Kevin C. Kaplan |

                                                /s/ Stephen L. Vaughan
                                                Stephen L. Vaughan, #2294-49
                                                INDIANO VAUGHAN LLP
                                                One N. Pennsylvania Street, Suite 1300
                                                Indianapolis, IN 46204
                                                E-mail: Steve@IPLawIndiana.com