IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-0354-DFH-TAB |
| | ) | |
| OOGLES N GOOGLES, an Indiana corporation; | ) | |
| KEVIN MENDELL; DANYA MENDELL; | ) | |
| MICHELLE COTE; ROB LENDERMAN; | ) | |
| STACEY LENDERMAN; BRENDA MURTY; | ) | |
| MARGIE THOMAS; ROB SLYTER; | ) | |
| ELIZABETH SLYTER; CORINNA SPARKS; | ) | |
| CHRISTINE WATERBURRY; | ) | |
| LEIGH SUNDLING; and TINA CARTAYA | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD ADDITIONAL PARTIES

Plaintiff, Stelor Productions, Inc., hereby moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of the United States District Court for the Southern District of Indiana, for leave to amend the First Amended Complaint by filing the Second Amended Complaint, attached hereto as exhibit A. In support of this motion the Plaintiff states as follows:

Plaintiff seeks to amend the First Amended Complaint in order to add additional parties. The additional parties to be added are franchisees of Defendant, Oogles N Googles. The identities of these additional parties were made available to the Plaintiff in Defendant's most recent discovery responses and were unavailable to Plaintiff previously. With the addition of these parties the Plaintiff will be able to seek full satisfaction from all relevant parties and ascertain the full extent of damages done by Defendants. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." This mandate of liberal amendment extends even to amending pleadings at trial to

conform to the evidence.[1]

On January 17, 2008, the Court entered an order allowing the Defendants an extension of time to answer the Plaintiff's pending discovery. The extension provided that the Defendants would answer Plaintiff's interrogatories directed to the franchisors on January 25, 2008, and Plaintiff's interrogatories directed to franchisees on February 11, 2008. The Defendants' responses identified several franchisees whose identities were previously unavailable to the Plaintiff.

As Noted by the United States Supreme Court in *Foman v. Davis*:

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally,* 3 Moore Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts and circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.[2]

Although leave to amend "shall be given freely when justice so requires", the decision to allow an amendment is purely discretionary. The Court cannot, however, abuse its discretion by denying leave to amend unless Plaintiff has abused his privilege in the past, there has been some undue delay, Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed or the amendment will clearly prejudice the opposing party.[3] Here, there are no such

---

[1] *See* Fed. R. Civ. P. 15(b)

[2] *Foman v Davis,* 371 U.S. 178, 182 (1962) (The district court abused its discretion by not allowing plaintiff to amend her complaint, after judgment of dismissal had been entered, to state an alternative theory of quantum meruit.); *accord Bryant v Dupree,* 252 F.3d 1161 (11th Cir. 2001).

[3] *Bryant*, 252 F.3d at 1163.

grounds for refusing amendment.

First, there is no issue of repeated failure to cure deficiencies. Second, Defendants cannot claim any prejudice by virtue of this amendment. The proposed amendment contains only the names of additional parties previously unavailable to the Plaintiff -- parties whose names were only made available to the Plaintiff by the Defendants late filed discovery responses. Third, the Plaintiff has not repeatedly failed to cure defects. The Plaintiff has been attempting to ascertain the identities of all Oogles N Googles franchisees throughout this litigation and has amended on only one prior occasion to add other previously discovered franchisees.

Moreover, Plaintiff's amendment is timely. In its decision in *Bryant v Dupree*, the Eleventh Circuit made it clear that"[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint"[4] While this matter was filed on March 11, 2005, this Court ordered it stayed on February 10, 2006. This stay was not lifted until September 7, 2007. Plaintiff had no opportunity during this time to conduct any discovery for the purpose of determining Defendants' franchisees. This information has only recently become available and no bad faith or prejudice can be claimed as to the timing of this amendment given the lateness of Defendant's discovery responses and the Court ordered stay. Accordingly, Plaintiff's motion should motion should be granted by allowing the filing of Plaintiff's Second Amended Complaint.

## Conclusion

For all the forgoing reasons, Plaintiff respectfully requests that the Court enter an order Granting its Motion for Leave to File Plaintiff's Second Amended Complaint, attached hereto as exhibit "A", deeming the amendment field as of the date of the Order and granting any additional relief as this Court deems just and proper.

---

[4] *Bryant*, 252 F.3d at 1164 (The district court abused its discretion in denying plaintiffs' request to amend deficient complaint to allege heightened scienter required under Private Securities Litigation Reform Act, after case had been pending three years.); *see also Floyd v. Eastern Airlines, Inc.* 872 F.2d 1462, 1490 (11th Cir. 1989)("The mere passage of time, without anything more, is insufficient reason to deny leave to amend.")

Dated this 29th day of February 2008.

Respectfully submitted,


s/John David Hoover
John David Hoover, Attorney No. 7945-49
HOOVER HULL LLP
Attorneys at Law
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Phone:  (317) 822-4400
Fax:  (317) 822-0234
E-mail:  jdhoover@hooverhull.com

Of counsel:

Kevin C. Kaplan (admitted *pro hac vice*)
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive – PH
Miami, Florida 33133
Tel:  (305) 858-2900
Fax:  (305) 858-5261
Email:  kkaplan@bwskb.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 29, 2008, a copy of the foregoing ***Plaintiff's Motion for Leave to File Second Amended Complaint to Add Additional Parties*** was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stephen L. Vaughan
Steve@IPLawIndiana.com

s/John David Hoover
John David Hoover
HOOVER HULL LLP
Attorneys at Law
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Fax: (317) 822-0234
E-mail: jdhoover@hooverhull.com