IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-0354-DFH-TAB |
| | ) | |
| OOGLES N GOOGLES, an Indiana corporation; | ) | |
| KEVIN MENDELL; DANYA MENDELL; | ) | |
| MICHELLE COTE; ROB LENDERMAN; | ) | |
| STACEY LENDERMAN; BRENDA MURTY; | ) | |
| MARGIE THOMAS; ROB SLYTER; | ) | |
| ELIZABETH SLYTER; CORINNA SPARKS; | ) | |
| CHRISTINE WATERBURRY; | ) | |
| LEIGH SUNDLING; TINA CARTAYA; | ) | |
| LARRY BERNIER; KAREN BERNIER; DAVIS | ) | |
| DENSON; BILLIE JOE DENSON; AARON | ) | |
| JACOBITZ; TORIE JACOBITZ; CYNTHIA | ) | |
| BROWN; MELISSA KELSEY; KRISTA | ) | |
| ALLENSTEIN; MARIA WEICHERT; BRENDA | ) | |
| GROTHAUS; JASON BLACKHURST; | ) | |
| SHELLEY BLACKHURST; VLC | ) | |
| ENTERPRISES, LLC a Hawaii Limited Liability | ) | |
| Company; MELISSA CULP; WATERBURY | ) | |
| ENTERPRISES, LLC a Texas Limited Liability | ) | |
| Company; ELIZABETH LIN; WINSTON LIN; | ) | |
| ISLAND GIRLS COMPANY, LLC a Nevada | ) | |
| Limited Liability Company; DAVID KIRK; | ) | |
| GENEVIEVE KIRK; WRAYLYNN-PATRICK | ) | |
| ENTERPRISES,LLC; DEGLIN, J.E. | ) | |
| INVESTMENTS, INC. d/b/a OOGLES N | ) | |
| GOOGLES OF THE MAIN LINE, a | ) | |
| Pennsylvania corporation; KATHERINE | ) | |
| KAHLIG; AMANDA WILLIAMS; DONNIE | ) | |
| WILLIAMS; CHARLES MURTY; DARRIN | ) | |
| DUNNE; HEATHER GRIPKA; LINDA | ) | |
| OUGHTON; CARI OUGHTON MICHELLE | ) | |
| DABEK; STEVE CURL; TARA CURL; | ) | |
| CARRIE DIMARIA; KECHIA LAKE; | ) | |
| CARYLEEN GUNDERMAN; TOM MEIER; | ) | |
| KERI MEIER; MARY CLAIRE BALKO; | ) | |
| BRITTANY PFEIFER; KERRY MURRAY; | ) | |

| | |
|---|---|
| NICOLE PAULINO-LYTEL; CHRISTA OWENS; KRISTA HARPER; HAMID TAVASSOLI; SAHAR TAVASSOLI; RENE BOOP; BRYAN PULLARA; GISELLE PULLARA; ELIZABETH PORCELLI; JENNIFER WEBB; TY WEBB; KID SAVVEY, INC. , | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT FOR: (1) FEDERAL TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; AND (3) DILUTION

Plaintiff, STELOR PRODUCTIONS, INC. ("STELOR"), by its undersigned attorneys, hereby sues Defendants OOGLES N GOOGLES ("OOGLES"), an Indianapolis Corporation; KEVIN MENDELL; DANYA MENDELL; MICHELLE COTE; ROB LENDERMAN; STACEY LENDERMAN; BRENDA MURTY; MARGIE THOMAS; ROB SLYTER; ELIZABETH SLYTER; CORINNA SPARKS; CHRISTINE WATERBURRY; LEIGH SUNDLING; TINA CARTAYA; LARRY BERNIER; KAREN BERNIER; DAVIS DENSON; BILLIE JOE DENSON; AARON JACOBITZ; TORIE JACOBITZ; CYNTHIA BROWN; MELISSA KELSEY; KRISTA ALLENSTEIN; MARIA WEICHERT; BRENDA GROTHAUS; JASON BLACKHURST; SHELLEY BLACKHURST; VLC ENTERPRISES, LLC; MELISSA CULP; WATERBURY ENTERPRISES, LLC; ELIZABETH LIN; WINSTON LIN; ISLAND GIRLS COMPANY, LLC; DAVID KIRK; GENEVIEVE KIRK; WRAYLYNN-PATRICK ENTERPRISES,LLC; DEGLIN, J.E. INVESTMENTS, INC. d/b/a OOGLES N GOOGLES OF THE MAIN LINE,; KATHERINE KAHLIG; AMANDA WILLIAMS; DONNIE WILLIAMS; CHARLES MURTY; DARRIN DUNNE; HEATHER GRIPKA; LINDA OUGHTON; CARI OUGHTON MICHELLE DABEK; STEVE CURL; TARA CURL; CARRIE DIMARIA; KECHIA LAKE; CARYLEEN GUNDERMAN; TOM MEIER; KERI MEIER; MARY CLAIRE BALKO; BRITTANY PFEIFER; KERRY MURRAY; NICOLE PAULINO-LYTEL;

CHRISTA OWENS; KRISTA HARPER; HAMID TAVASSOLI; SAHAR TAVASSOLI; RENE BOOP; BRYAN PULLARA; GISELLE PULLARA; ELIZABETH PORCELLI; JENNIFER WEBB; TY WEBB; and KID SAVVEY, INC. and alleges as follows:

**JURISDICTION AND VENUE**

1. STELOR is a corporation organized and existed under the laws of the State of Delaware, and having its principal place of business in Darnestown, Maryland.

2. Defendant OOGLES, on information and belief, is an Indiana corporation, with its principal place of business in Indianapolis, Indiana.

3. On information and belief, Defendant KEVIN MENDELL is a citizen of Indianapolis, Indiana, and is an owner of OOGLES.

4. On information and belief, Defendant DANYA MENDELL is a citizen of Indianapolis, Indiana, and is an owner of OOGLES. Defendants DANYA and KEVIN MENDELL are husband and wife, and will be referred to hereafter collectively as the "MENDELLS".

5. The MENDELLS directly participated in and were directly responsible for all of Defendants' acts as set forth herein.

6. Defendant CORRINA SPARKS is a citizen of Terre Haute, IN and is a franchisee of OOGLES. Defendant SPARKS regularly conducts business in the State of Indiana, including the OOGLES franchise.

7. Defendant LEIGH SUNDLING is a citizen of Madison, IN and is a franchisee of OOGLES. Defendant SUNDLING regularly conducts business in the State of Indiana, including the OOGLES franchise.

8. On information and belief, Defendants CORINA SPARKS, LEIGH SUNDLING, MICHELLE COTE, ROB LENDERMAN, STACEY LENDERMAN, BRENDA MURTY, MARGIE THOMAS, ROB SLYTER, ELIZABETH SLYTER, CHRISTINE WATERBURY, TINA CARTAYA, LARRY BERNIER, KAREN BERNIER, DAVIS DENSON, BILLIE JOE DENSON, AARON JACOBITZ, TORIE JACOBITZ, CYNTHIA BROWN, MELISSA KELSEY, KRISTA ALLENSTEIN, MARIA WEICHERT, BRENDA GROTHAUS, JASON BLACKHURST, SHELLEY BLACKHURST, VLC ENTERPRISES, LLC a Hawaii Limited Liability Company, MELISSA CULP, WATERBURY ENTERPRISES, LLC a Texas Limited Liability Company, ELIZABETH LIN, WINSTON LIN, ISLAND GIRLS COMPANY, LLC a Nevada Limited Liability Company, DAVID KIRK, GENEVIEVE KIRK, WRAYLYNN-PATRICK ENTERPRISES, LLC, DEGLIN, J.E. INVESTMENTS, INC. d/b/a OOGLES N GOOGLES OF THE MAIN LINE, KATHERINE KAHLIG, AMANDA WILLIAMS, DONNIE WILLIAMS, DARRIN DUNNE, CHARLES MURTY, HEATHER GRIPKA, LINDA OUGHTON, CARI OUGHTON MICHELLE DABEK, STEVE CURL, TARA CURL, CARRIE DIMARIA, KECHIA LAKE, CARYLEEN GUNDERMAN, TOM MEIER, KERI MEIER, MARY CLAIRE BALKO, BRITTANY PFEIFER, KERRY MURRAY, NICOLE PAULINO-LYTEL, CHRISTA OWENS, KRISTA HARPER, HAMID TAVASSOLI, SAHAR TAVASSOLI, RENE BOOP, BRYAN PULLARA, GISELLE PULLARA, ELIZABETH PORCELLI, JENNIFER WEBB, TY WEBB and KID SAVVEY (referred to collectively herein as the "FRANCHISEE DEFENDANTS") have conducted business related to the allegations of this SECOND AMENDED COMPLAINT within the State of Indiana by, *inter alia*, entering into negotiations with Defendant OOGLES and the MENDELS and franchisee agreements within the State of Indiana, engaging in correspondence and telephone and email communications with

individuals within the State of Indiana, violating STELOR's statutory and common law trademark rights within the State of Indiana. The FRANCHISEE DEFENDANTS have also caused injury to STELOR within the State of Indiana.

9. This is a civil action for trademark infringement, unfair competition and dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, and the applicable common law.

10. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark and unfair competition), and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b) and (c) in that STELOR's controversy arises in this District, where Defendants OOGLES, KEVIN and DANYA MENDELL, SPARKS and SUNDLING reside.

**GENERAL ALLEGATIONS**

12. STELOR is in the business of providing information and goods for children, including over the Internet through its web site.[1] STELOR's products are based on four loveable alien creatures called "Googles", first developed in 1991.

13. Since then, STELOR and its predecessors have adopted and continuously used in interstate commerce the terms GOOGLES, OOGLE, OGGLE AND IGGLE as trademarks for goods and services offered, sold and directed to young children. The goods and services included entertainment services, books, videos, interactive web sites, novelties, games and toys.

---

[1] The Internet is an international network of internetworked computers. Each computer that is connected to the Internet has a unique Internet Protocol ("IP") number that functions as a kind of Internet address. As the system has developed over time, individual Domain Names can be registered for use on the Internet, which gives the registrant an exclusive right and property interest in the Name.

14. STELOR is the exclusive worldwide licensee of the following marks and United States trademark registrations:

| Reg. No. | Mark | Goods/Services | Registration Date | First Use |
| --- | --- | --- | --- | --- |
| 2,087,590 | GOOGLES, (and Design) | children's books | August 12, 1997 | June 1996 |
| 2,496,753 | OGGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |
| 2,496,754 | IGGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |
| 2,496,755 | OOGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |

15. The registration for GOOGLES has become incontestable under the provisions of 15 U.S.C. § 1065. The trademarks are valid and subsisting, and have neither been revoked nor canceled.

16. In addition, Plaintiff's licensor on July 18, 1997, registered the Internet domain name "googles.com" and on or about that date, started using GOOGLES as a service mark on its website for pre-school and young children.

17. The trademarks, service marks, and domain name identified in paragraphs 13-16 above shall be collectively referred to hereafter as the "GOOGLES Marks".

18. The GOOGLES Marks have long been advertised and promoted in interstate commerce and have developed and represent valuable good will.

**Defendants' Infringement**

19. Defendant OOGLES, according to the description contained on its website, is a "children's turnkey party provider." For a fee, it provides "entertainment services, namely,

conducting theme parties at various locations of the client's choosing." These services are directed exclusively to young children.

20. Beginning at some time in the past and continuing until the present, Defendants, with actual or constructive knowledge of the GOOGLES Marks, have advertised, promoted and sold their children's entertainment services under the name "OOGLES-N-GOOGLES".

21. The name OOGLES-N-GOOGLES is highly similar to the GOOGLES Marks, and incorporates two of the GOOGLES marks, and Defendants' use of the name infringes the GOOGLES Marks.

22. In fact, on information and belief, Defendants have registered the domain name "ooglesngoogles.com", and are advertising their services on that website. The name OOGLES-N-GOOGLES, inclusive of the domain name ooglesngoogles.com, shall be collectively referred to hereafter as the "OOGLES-N-GOOGLES Name".

23. In addition, KEVIN MENDELL has filed an application to register the mark OOGLES-N-GOOGLES (and Design) with the United States Patent and Trademark Office ("USPTO"). STELOR opposed that application before the USPTO Trademark Trial and Appeal Board ("TTAB") under Opposition No. 91157879.

24. OOGLES also offers for sale, and has already sold, franchises of its business to various entities around the country. On information and belief, the franchises are also named OOGLES-N-GOOGLES.

25. The FRANCHISEE DEFENDANTS are franchisees of OOGLES.

26. Defendants have obtained and continue to obtain substantial profits through their course of conduct.

27. On information and belief, each of the Defendants has at all times knowingly participated with one another to advertise, promote, and sell their children's entertainment services under the OOGLES-N-GOOGLES Name and are, accordingly, jointly and severally liable for all damages from their conduct.

28. Defendants' OOGLES-N-GOOGLES Name so resembles STELOR's previously used and registered GOOGLES Marks as to be likely to cause confusion, mistake and deception among consumers.

29. The services Defendants advertise, promote and sell through the use of the infringing OOGLES-N-GOOGLES Name, moreover, are directed to the same class of consumers to which STELOR's goods and services are offered and sold, and are closely related to STELOR's goods and services.

30. The first use and registration dates of the GOOGLES Marks long precede the Defendants' alleged first use of the OOGLES-N-GOOGLES Name.

31. Defendants' actions have and will cause STELOR irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue and/or expand the improper activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to STELOR, through *inter alia:*

    a. Depriving STELOR of its statutory rights to use and control use of its exclusively licensed trademarks;

    b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services;

c. Causing the public falsely to associate the GOOGLES Marks with the Defendants or vice versa;

d. Causing incalculable and irreparable damage to STELOR's goodwill and dilution of the value of its trademarks.

32. Accordingly, in addition to other relief sought, STELOR is entitled to preliminary and permanent injunctive relief against Defendants and against all persons acting in concert with them.

## I.

## **FEDERAL TRADEMARK INFRINGEMENT**
(15 U.S.C. § 1114 – 1117; Lanham Act § 32)

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 32, inclusive, as though fully set forth.

33. Without STELOR's consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' services, the OOGLES-N-GOOGLES Name, which infringes the registered GOOGLES Marks.

34. Because STELOR advertises, markets, distributes, and licenses its services and products under the GOOGLES Marks, these Marks are the means by which STELOR's services and products are distinguished from those of others in the same or related fields.

35. The infringing names that Defendant has and is continuing to use to offer, advertise, market and distribute its services are likely to cause confusion, mistake, or deception as to their source, origin or authenticity.

36. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that their services and infringing names originate with or are authorized by STELOR, to the damage and harm of STELOR and the public.

9

37. Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

38. At a minimum, Defendants acted with willful blindness and in reckless disregard of the registered GOOGLES Marks.

39. As a result of their wrongful conduct, Defendants are liable to STELOR for trademark infringement. 15 U.S.C. § 1114(1). STELOR has suffered, and will continue to suffer, substantial damages. STELOR is entitled to recover damages, which include any and all profits Defendant has made as a result of his wrongful conduct. 15 U.S.C. § 1117(a).

40. In addition, because Defendants' infringement of the GOOGLES Marks was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, STELOR is entitled to statutory damages.

41. STELOR is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as STELOR has no adequate remedy at law.

42. STELOR is further entitled to recover its attorneys' fees and costs. 15 U.S.C. § 1117.

## II.

### FEDERAL UNFAIR COMPETITION
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 11125(a); Lanham Act § 43(a))**

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 42, inclusive, as though fully set forth.

43. Because STELOR advertises, markets, distributes, and licenses its services and products under the GOOGLES Marks, these Marks are the means by which STELOR's services and products are distinguished from those of others in the same or related fields.

44. Defendants' conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing products. Defendants' conduct includes the use of the OOGLES-N-GOOGLES Name, which is virtually indistinguishable from the GOOGLES Marks.

45. Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

46. Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of STELOR and in violation of 15 U.S.C. § 1125(a)(1).

47. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

48. Wherefore, Plaintiff seeks temporary and permanent injunctive relief, damages and treble damages in an amount to be proven at trial, attorneys' fees and costs, disgorgement of all gains, profits and advantages derived from Defendants' unlawful activities, and such other relief as the court deems just and proper.

### III.

### FEDERAL DILUTION
### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 48, inclusive, as though fully set forth.

49. The GOOGLES Marks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("Dilution Act").

50. Defendants' activities as alleged herein constitute dilution of the distinctive quality of the GOOGLES Marks in violation of the Dilution Act.

51. STELOR is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

52. Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

53. Because Defendants willfully intended to tread on GOOGLES' reputation or to cause dilution of the GOOGLES Marks, STELOR is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## IV.

### UNFAIR COMPETITION
**(common law)**

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 53, inclusive, as though fully set forth.

54. Defendants' use of the OOGLES-N-GOOGLES Name and infringement of the GOOGLES Marks constitutes unlawful and unfair business practices.

55. Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

56. As a direct and proximate result of Defendants' misconduct, STELOR has suffered damages.

## PRAYER FOR JUDGMENT

WHEREFORE, STELOR prays that this Court grant it the following relief:

57. A judgment that the GOOGLES Marks have been infringed by Defendants in violation of Defendants' rights under common law and 15 U.S.C. § 1114.

58. A judgment that Defendants have competed unfairly with STELOR in violation of STELOR's rights under common law and 15 U.S.C. § 1125(a).

59. A judgment that Defendants' activities are likely to, or have, diluted the GOOGLES Marks in violation of STELOR's rights under common law and 15 U.S.C. § 1125(c).

60. A judgment that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with any of them, be enjoined and restrained from:

   a. Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the GOOGLES Mark – including but not limited to the OOGLES-N-GOOGLES Name and Website – as to be likely to cause confusion, mistake or deception;

   b. Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with STELOR, with the GOOGLES Mark, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

    c. Further infringing the rights of STELOR in and to any of its trademarks or otherwise damaging STELOR's goodwill or business reputation;

    d. Otherwise competing unfairly with STELOR in any manner; and

    e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

61. A judgment requiring Defendants, within thirty (30) days after service of the Judgment to destroy all advertisements and marketing materials containing infringing materials.

62. A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon STELOR's counsel a written report under oath setting forth in detail the manner in which they have complied with the Judgment.

63. A judgment ordering that Defendant hold in trust, as constructive trustees for the benefit of STELOR, its profits obtained from the infringement of STELOR's Marks.

64. A judgment ordering Defendant to provide STELOR with a full and complete accounting of all amounts due and owing to STELOR as a result of Defendant's illegal activities.

65. A judgment that STELOR recover from Defendants, jointly and severally, damages in an amount to be proven at trial, including general, special, actual and statutory damages. Pursuant to 15 U.S.C. § 1117, the amounts should include STELOR's damages and Defendants' profits, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the GOOGLES Marks, and damages under common law.

66. A judgment ordering Defendants, jointly and severally, to pay STELOR's reasonable attorneys fees and costs.

67. A judgment that Defendants be required to pay STELOR punitive damages for their oppression, fraud, malice and intentional misconduct.

68. A judgment for all such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

By: /s John David Hoover
John David Hoover, Attorney No. 7945-49
HOOVER HULL LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: 317- 822-4400
Fax: 317- 822-0234
E-mail: jdhoover@hooverhull.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 29, 2008, a copy of the foregoing *Second Amended Complaint for: (1) Federal Trademark Infringement; (2) Unfair Competition; and (3) Dilution* was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stephen L. Vaughan
Steve@IPLawIndiana.com

                                      s/John David Hoover
                                      John David Hoover
                                      HOOVER HULL LLP
                                      Attorneys at Law
                                      111 Monument Circle, Ste. 4400
                                      P.O. Box 44989
                                      Indianapolis, IN 46244-0989
                                      Phone: (317) 822-4400
                                      Fax: (317) 822-0234
                                      E-mail: jdhoover@hooverhull.com