IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OOGLES N GOOGLES, an Indiana corporation, )<br>et al. )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 1:05-cv-0354-DFH-TAB |

_____

**PLAINTIFFS PROPOSED AMENDED CASE MANAGEMENT PLAN**

1.  <u>Parties and Representatives</u>

    A. Stelor Productions, LLC.  Plaintiff

    Counsel for Plaintiff:

    Robert F. Merz Jr. (admitted *pro hac vice*) Stelor Productions, 19110 Montgomery Village Ave., Montgomery Village, Maryland 20886. Tel: 301-963-0000; Fax 301-740-7552; E-mail: b.merz@stelorproductions.com

    John David Hoover, Hoover Hull LLP, Suite 4400, 111 Monument Circle, P.O. Box 44989, Indianapolis, IN 46244-0989. Tel: 317-822-4400. Fax: 317-822-0234, E-mail: jdhoover@hooverhull.com

    B. Defendants

    Counsel for Defendants:

    Stephen L. Vaughan, #2294-49, Indiano Vaughan LLP, One N. Pennsylvania Street, Suite 1300, Indianapolis, IN 46204, E-mail: steve@iplawindiana.com

    Counsel shall promptly file a notice with the clerk if there is any change in this information.

II.      <u>Synopsis of Case</u>

    A.      <u>Statement of Plaintiff's Claims, relevant facts, legal theories, basis for subject matter jurisdiction, and estimate of damages.</u>

Plaintiff Stelor Productions, LLC, brings this action for Federal Trademark Infringement, Federal and State Unfair Competition, and Federal Trademark Dilution against Defendants. This Court has subject matter jurisdiction pursuant to 15 U.S.C § 1121 (Lanham Act), 28 U.S.C § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1338 (trademark and unfair competition), and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The parties are citizens of different states.

The Plaintiff's mission is to teach children broadbased sciences, develop self-esteem and reduce anxiety. To further this mission the Plaintiff provides entertainment, information and goods for children. To convey its message of education and self-esteem, the Plaintiff utilizes four lovable alien creatures called "Googles." Plaintiff is the exclusive worldwide licensee for the terms and/or designs Googles, Oggle, Oogle, and Iggle, which are registered and incontestable trademarks. Plaintiff markets it products and information through, among other outlets, its Internet domain name "googles.com."

Defendant Oogles N Googles and its principal, Defendant Kevin Mendell, infringed and otherwise violated Plaintiff's rights by marketing children's entertainment services, programs and products, including music CDs, under the name "Oogles-N-Googles," including over the Internet domain name "ooglesngoogles.com." "Ooglesngoogles.com" includes a kids club with activities, and Defendant Kevin Mendell has also filed registration applications for the mark and design "Oogles-N-Googles." Defendants have sold franchises of its business to other named defendants who are also infringing and otherwise violating the Plaintiff's rights. Defendant Kevin Mendell and his wife, Defendant Danya Mendell, adopted the name "Oogles-N-Googles" with full knowledge of Plaintiff's senior rights in its marks.

Plaintiff seeks temporary and injunctive relief, actual, statutory, extraordinary, punitive and trebled damages, and imposition of a constructive trust, disgorgement of trebled profits from Defendants, reasonable attorneys' fees, and costs. Plaintiff's investigation as to damages is ongoing and relief based on Defendant's profits will require discovery.

    B.      <u>Statement of Defendants' claims, relevant facts, legal theories, affirmative defenses, counterclaims, subject matter jurisdiction, and damages</u>.

The correct name of the defendant named as "OOGLES N GOOGLES, an Indiana Corporation", is Oogles n Googles Franchising LLC (hereinafter Oogles n Googles). Oogles n Googles is in the business of offering franchises for a themed birthday party business. Oogles n Googles was started by Kevin and Danya Mendell, and currently consists of the Mendells and one (1) employee, Carla Spencer. Oogles n Googles has been in business since approximately 2002 and has sold approximately forty (40) franchises in various locations throughout the United

States, with one (1) franchise as far away as Hawaii.  Oogles n Googles franchisees provide the service of themed birthday parties to parents with children where the parents wish to avoid the hassles and problems with problems of putting together a birthday party themselves.  In addition, Oogles n Googles franchisees offer pre-school enrichment programs and summer camp programs similar in format to the themed birthday parties.  The service offered by Oogles n Googles Franchisees is to go to a location of the customer's choosing, then Oogles n Googles personnel conduct a structured themed birthday, enrichment program, or a summer program in which the children actively participate.

      Stelor Productions Inc. and/or Stelor Productions, LLC allegedly acquired the Googles trademarks from Steven A Silvers and/or The Aurora Collection, Inc. Originally, "Googles" was a character in a book authored by Steven A. Silvers called  "Googles From the Planet of Goo." Apparently, Mr. Silvers wrote that book while incarcerated in federal prison for cocaine trafficking.  In 1996, Mr. Silvers paid to have a thousand (1000) copies of the book printed which he gave to family and friends and tried to promote to various publishers and booksellers without success.  In the book, Googles is a Gootian; a Gootian is a cartoonish four-eyed alien being from the imaginary planet of Goo.  Over time, the character name "Googles" apparently morphed into the surname of a group of another group of alien creatures created by Silvers in 2001, Oogle, Oggle, and Iggle.  Plaintiff has sporadically attempted to appear to commercialize the Googles (Iggle, Oggle, and Oogle) as cartoon characters akin to "Barney" or the "Mutant Ninja Turtles." To date, there is no indication whatsoever that these Googles characters have found commercial success in the marketplace.  Defendants expect that Plaintiff 's answers and responses to pending discovery will confirm that the Googles characters have had no commercial success in the marketplace and that to the extent any Googles branded services or products have been sold, such sales are *de minimis.*

      The Defendants' activities do not infringe the Plaintiff's alleged trademarks because there is no likelihood of confusion between the marks.  The Plaintiff has no products or services that are competitive with the Defendants, and the avenues of marketing of products are distinct as well as the target customer.

      In addition, The Googles Children's  Workshop, Inc. purported to renew the Googles work and design mark, Registration No. 2,087,590 in 2002.  The Googles Children's Workshop Inc. represented in a Section 8/15 affidavit to the U. S.  Patent and Trademark Office that it was the owner of the Googles logo and that  the logo had been continuously used as a trademark in commerce for the previous five  (5) years.  The Googles Children's Workshop, Inc. was a defunct corporation when it purported to file the affidavit, having been dissolved in 1997.  The U. S. Patent and Trademark Office relied on this material misrepresentation when it renewed the registration for The Googles logo.  As such, the Section 8/15 affidavit filed by The Googles Children's Workshop, Inc. was a fraud on the U.S.P.T.O.

III.    <u>Pretrial Pleadings and Disclosures</u>

    A.    The parties have previously served their Fed. R. Civ. P. 26 initial disclosures.

B. Plaintiff has previously filed preliminary witness and exhibit lists.

C. Defendants have previously filed preliminary witness and exhibit lists.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before <u>August 15, 2008.</u>

E. Plaintiff shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before <u>July 15, 2008.</u> Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>September 15, 2008.</u> However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

G. Defendants shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after the Plaintiff(s) serves its expert witness disclosure; or if none, Defendant(s) make its expert disclosure on or before <u>October 15, 2008.</u> However, if Defendants use expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

H. Any party who wishes to limit or preclude expert testimony at a trial shall file any such objections no later than <u>November 15, 2008.</u> Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I. All parties shall file and serve their file witness and exhibit lists on or before <u>January 15, 2008.</u>

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the court as soon as possible.

K. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. [Include brief description addressing such other matters as cost allocation, treatment of "embedded data" or "metadata"; and any protocols agreed upon to facilitate discovery without waiving and claims of privilege, such as "quick peek" or "clawback" agreements.]

The Plaintiff and one or more of the Defendants make extensive use of electronically stored data in their business operations. Previously, Plaintiff made a Request for Production to

Oogles n Googles to which thousands of electronically stored e-mails are responsive. Currently, Defendant Oogles n Googles has pending with the Plaintiff Requests for Production for electronically stored web pages of Plaintiff. The parties are unable to agree as to which party should bear the financial burden for the cost of providing electronic discovery.

The Plaintiff proposes that pursuant to FRCP 34 the producing party is responsible for producing electronic discovery to the requesting party either as such documents are maintained in the usual course of business, or the producing party must organize and label such documents to correspond to the categories in the request. The cost of such production would be borne by the producing party.

The parties are in agreement that in the event privileged electronically stored information is obtained by the requesting party, the requesting party agrees to return and/or dispose of the privileged electronically stored information and agrees to not use the privileged information in this or any other litigation.

IV. <u>Discovery and Dispositive Motions</u>

Due to the time and expense involved in conduction expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes id most appropriate. If the parties are unable to agree on a track, the court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

           Plaintiffs intend to file a summary judgment motion because Defendants are infringing Plaintiff's registered trademarks, which can be established as a matter of law. Defendants anticipate filing a summary judgment motion on the infringement issue, as well as on the Plaintiff's claims for exemplary and punitive damages.

B. Select the track that best suits this case:

____ Track 1: No dispositive motions are anticipated. All discovery shall be completed[1] by_____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trail date (Section VI) substantially earlier than the presumptive trail date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which the dispositive motions are not anticipated].

__X__ Track 2: Dispositive motions are expected and shall be filed by <u>October 1, 2008</u> [no later than 11 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by <u>November 16, 2008</u> [no later than 7-10 months from the Anchor Date], expert witness discovery and discovery relating to damages shall be completed by <u>December 17, 2008</u> [no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

____ Track 3: Dispositive motions are expected and shall be filed [no later than _____ [no later than 11 months from the Anchor date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 7-10 months from the Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from the Anchor date]. [Note: The Court expects that this not be the typical track when dispositive motions are anticipated.]

____ Track 4: Dispositive motions shall be filed by _____[not later than 13 months from the Anchor date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

---

[1] The term "completed," as used in Sections III.B. means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.      Pre-Trial/Settlement Conferences

Indicate here whether any of the parties deem it helpful to hold an initial conference with the Magistrate Judge or District Judge, and if so, the suggested timing and forum (i.e., in person or by telephone) of such a conference. At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.

The parties are currently in dialogue regarding settlement and are willing to engage in settlement conference in this matter with the Magistrate Judge when it becomes appropriate. However, the parties do not believe that a settlement conference would be helpful at this time. The parties may request a follow-up conference with the Magistrate at a later time.

VI.     Trial Date

The presumptive trial date is 18 months from the Anchor Date. The parties request a trial date in March, 2008. The trial is by jury and is anticipated to take four (4) days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII.    Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [Indicating the parties' consent in this paragraph may result in this matter being referred to the Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent.]

VIII.   Required Pre-Trial Preparation

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

   1.   File a list of witnesses who are expected to be called to testify at trial.

   2.   Number in sequential order all exhibits, including graphs, charts, and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspections by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. Brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. If a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with the proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings and fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at a trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

Counsel for Plaintiff

s/John David Hoover
John David Hoover, Attorney No. 7945-49
HOOVER HULL LLP
Suite 4400
111 Monument Circle
P.O. Box 44989
Indianapolis, IN 46244-0989
Fax: 317-822-0234
E-mail: jdhoover@hooverhull.com

Of counsel:

s/Robert F. Merz
Robert F. Merz
Stelor Productions, LLC
19110 Montgomery Village Avenue, #320,
Montgomery Village, MD 20886
Tel: (301) 963-0000
Fax: (301) 740-7552
Email: b.merz@stelorproductions.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____ PARTIES APPEARED IN PERSON/BY COUNSEL ON
_____ FOR A PRETRIAL/STATUS CONFERENCE

_____ APPROVED AS SUBMITTED.

_____ APPROVED AS AMENDED.

_____ APPROVED AS AMENDED PER SEPARATE ORDER.

_____ APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS

_____ APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____ THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____ A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____.

_____ DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN
_____
_____
_____
_____

_____  _____
Date                         U. S. District Court
                             Southern District of Indiana