UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC )<br><br>)<br><br>)<br>Plaintiff )<br><br>)<br><br>) Case Number: 1:05-CV-0354-DFH-TAB<br>v. )<br><br>)<br><br>)<br>OOGLES N GOOGLES FRANCHISING )<br>LLC, *et. al*. )<br><br>)<br><br>)<br>Defendants ) | |

## DEFENDANTS' SUBMISSION OF PROPOSED
## AMENDED CASE MANAGEMENT PLAN

Plaintiff has requested the Case Management Plan deadlines be extended due to the
appearance on new counsel and the addition of fifty three (53) Defendants. Defendants agree
that the case deadlines should be extended, and also agree on the extended dates. However,
Plaintiff and Defendants differ on two (2) issues, the issue of whether F.R.C.P. 34 requires the
requesting party to pay the cost of reproducing electronically stored documents, and
Defendants' proposal to limit Requests for Production because of the large number of parties.
Defendants proposed Amended Case Management Plan is attached as Exhibit 1. Defendants'
proposals with respect to the above issues are found in Section III. K. and Section IX of the
proposed CMP. Defendants also submit herewith a proposed Magistrate Judge's Summary of
Case Management Plan as Exhibit 2.

In Section III. K., the Case Management Plan requires the parties to discuss
preservation and disclosure of electronically stored discovery information. Defendants

proposed that the requesting party pay for the reproduction of electronically stored data. Plaintiff has made no counter proposal.

Previously, Plaintiff made a Request for Production to Oogles n Googles Franchising LLC ("Oogles n Googles") for "all communications" between Oogles n Googles and its Franchisees to which thousands of electronically stored e-mails are responsive. The undersigned has asked Plaintiff to be more specific as to the subject matter of the communications it desires so as to narrow that request, but to date Plaintiff has not agreed to narrow that request. Currently, Defendant Oogles n Googles also has a pending Request for Production of electronically stored web pages of Plaintiff. Upon information and belief, Plaintiff Stelor Productions has a web site designer or IT professional on its staff. Presumably, Plaintiff can produce its own electronically stored data at little or no cost to Plaintiff. Oogles n Googles employees (Kevin Mendell, Danya Mendell and Karla Spencer) do not have the technical expertise to copy thousands of emails. Mr. Mendell has advised that he would be charged $175/hr. for a computer professional (The Data Doctors) to make an estimate of the cost of reproducing the e-mails.

F.R.C.P. 34(a) states that "any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to **inspect**, **copy** (emphasis added), test, or sample any designated documents or electronically stored information …which are in the position or custody control of the party to whom the request is served." F.R.C.P. 34(a) does not require a producing party to pay for copies of documents requested by an opposing party; it only requires the producing party to make the documents or electronically stored information available for inspection and copying by the requestor or the requestor's representative.

Defendant Oogles n Googles does not object to producing responsive electronic data

to Plaintiff's Request for Production, even though Plaintiff's request is extremely broad. In fact, the electronically stored e-mails currently in possession of Oogles n Googles are available at any time upon reasonable notice for Plaintiff, its Maryland counsel, its Indianapolis counsel, or other representative to inspect, copy, download, or review in accordance with F.R.C.P. 34(a). The issue with respect to the electronically stored documents or data is one of cost and of convenience for Plaintiff's lead counsel located in Maryland. F.R.C.P. 34 does not require a producing party to pay for copies of documents or send the copies to out of state counsel, and makes no distinction between electronic or hard copy documents. Defendants' proposal is simply one to require the requesting party to pay for the reproduction or copying of the documents (whether electronic or hard copy) as the rules requires. The undersigned and opposing counsel have been unable to come to an agreement on this point. Defendants' proposal to deal with that issue is set forth in para. III. K.

Plaintiff has now sued a total of sixty seven (67) individuals in franchisee businesses which are scattered throughout the country. Oogles n Googles franchisees are currently located in Hawaii, Texas, North Carolina, Colorado, Missouri, Kansas, Arkansas, Pennsylvania, Virginia, New Jersey, Wisconsin, Nebraska, Florida, Nevada, Georgia, Illinois, Ohio, Kentucky, and Louisiana. The undersigned counsel anticipates that Plaintiff may make additional Requests for Production to Defendants in these states to which voluminous electronically stored information may be responsive. The Oogles n Googles' franchisees to which these requests may be directed typically are very small businesses owned by "soccer moms" that conduct kids' birthday parties. The franchisees do not have computer technicians or IT professionals on staff, and upon information and belief, do not have the technical knowledge to electronically copy large numbers of electronic documents

without hiring an outside contractor. Again, that is a not a cost that F.R C.P. 34 requires these Defendants to bear.

In addition, because of the large number of Defendants in this case, and the unlimited Request for Production that the opposing parties could serve on each other, Defendants have proposed what they believe to be reasonable limitations on Request for Production to the parties. Defendants' proposal is set forth in the proposed CMP in Sec. 1X. pertaining to "Other Matters". Defendants propose that the Plaintiff be limited to twenty five (25) Requests for Production to each defendant, for a total of one thousand six hundred and seventy five (1675) Requests for Production to the Defendants (additional to those of which have already been served), and that the Defendants collectively be limited to an additional two hundred (200) Requests for Production (additional to those of which have already been served). Plaintiff has submitted no counter proposal to Defendants' proposal to reasonably limit Requests for Production.

Defendants submit that it is eminently reasonable and standard practice for the requesting party to pay for the cost of reproducing documents, whether they are stored electronically or in hard copy. Additionally, Defendants contend that its proposal to put some reasonable limits on Requests for Production is reasonable in view of the sheer number of parties so as to obviate the possibility of each side overburdening the other with such requests.

Accordingly, Defendants, by counsel, request that the Court enter the Amended Case Plan as proposed by Defendants.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49

INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to all counsel of record by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49