UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| | ) |
| OOGLES N GOOGLES FRANCHISING LLC | ) Jury Demanded |
| *et. al.* | ) |
| Defendants. | ) |

## OOGLES N GOOGLES' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Oogles n Googles Franchising LLC (hereinafter "Oogles n Googles"), by counsel, for its Answer to Plaintiff's Second Amended Complaint state as follows:

### FIRST DEFENSE

1. Oogles n Googles is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 1.

2. The Defendant named as "Oogles N Googles, an Indiana corporation" is incorrectly named. The correct name of this defendant is "Oogles n Googles Franchising LLC", an Indiana limited liability company with its principal place of business in Carmel, Indiana. To the extent that allegations are directed to "OOGLES", an Indiana corporation, said allegations are answered by "Oogles n Googles Franchising LLC". Oogles n Googles Franchising LLC, denies the allegations in paragraph 2.

3. Oogles n Googles admits Kevin Mendell is a member of Oogles n Googles Franchising LLC and states that he resides in Carmel, Indiana. Oogles n Googles denies

any remaining allegations of paragraph 3.

4. Oogles n Googles denies Danya Mendell is a member or owner of Oogles n Googles Franchising LLC. Oogles n Googles admits she resides in Carmel, Indiana, and that Danya and Kevin Mendell are husband and wife, but denies any remaining allegations in paragraph 4.

5. Oogles n Googles denies paragraph 5.

6. Oogles n Googles denies paragraph 6.

7. Oogles n Googles denies paragraph 7.

8. Oogles n Googles denies paragraph 8.

9. Oogles n Googles admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 9.

10. Oogles n Googles admits this Court has subject matter jurisdiction but denies the remaining allegations in paragraph 10.

11. Oogles n Googles admits venue is proper in this district, but denies the remaining allegations in paragraph 11.

12. Oogles n Googles denies the allegations of paragraph 12.

13. Oogles n Googles denies the allegations of paragraph 13.

14. Oogles n Googles is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 14.

15. Oogles n Googles denies the allegations of paragraph 15.

16. Oogles n Googles is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 16.

17. Oogles n Googles is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 17.

18. Oogles n Googles denies paragraph 18.

19. Oogles n Googles denies paragraph 19.

20. Oogles n Googles denies paragraph 20.

21. Oogles n Googles denies paragraph 21.

22. Oogles n Googles admits "ooglesngoogles.com" is registered as a domain name and that it advertises its services on that website, but denies any remaining allegations of paragraph 22.

23. Oogles n Googles admits that Kevin Mendell's attorney filed an application to register the Oogles n Googles trademark, but denies the remaining allegations in paragraph 23.

24. Oogles n Googles admits it offers for sale and has sold franchises, but denies the remaining allegations in paragraph 24.

25. Oogles n Googles denies paragraph 25.

26. Oogles n Googles denies paragraph 26.

27. Oogles n Googles denies paragraph 27.

28. Oogles n Googles denies paragraph 28.

29. Oogles n Googles denies paragraph 29.

30. Oogles n Googles is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 30.

31. Oogles n Googles denies paragraph 31.

32. Oogles n Googles denies paragraph 32.

33 - 42. Oogles n Googles denies paragraphs 33 through 42.

43 – 48. Oogles n Googles denies paragraphs 43 through 48.

49 – 53. Oogles n Googles denies paragraphs 49 through 53.

54 – 56.  Oogles n Googles denies paragraphs 54 through 56.

57 – 68.  Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Oogles n Googles is required to admit or deny such a prayer for judgment, Oogles n Googles denies paragraphs 57 through 68.

## SECOND DEFENSE

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Oogles n Googles has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has Oogles n Googles falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of its own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Oogles n Googles has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

**NINTH DEFENSE**

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

**TENTH DEFENSE**

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

**ELEVENTH DEFENSE**

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

**TWELFTH DEFENSE**

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has incurred no damages.

**FOURTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Oogles n Googles had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks until Plaintiff opposed Kevin Mendell's registration of the Oogles n Googles trademark.

Wherefore, Oogles n Googles prays for judgment in its favor, costs of this action, includes attorney fees, and all other just and proper relief.

## COUNTERCLAIM

Oogles n Googles Franchising LLC, for its Counterclaim against Stelor Productions, LLC, states as follows:

1. Plaintiff Stelor Productions, LLC, alleges that the Defendants have infringed on Plaintiff's trademarks, more specifically a Googles word and design mark, an unregistered Googles word mark, an Oogle word mark, and Oggle word mark, and an Iggle word mark. (See, Doc.94, Plaintiff's Second Amended Complaint).

2. The Googles word and design mark, Reg. No. 2,087,590, was previously owned by The Googles Children's Workshop, Inc., a New Jersey corporation (Exh. 1).

3. The Googles Children's Workshop, Inc., went defunct and was dissolved on October 22, 1997 (Exh. 2). Thereafter, The Googles Children's Workshop, Inc., no longer an existing corporation, filed for renewal of the federal registration of the Googles word and design mark asserting in a Combined Declaration of Use and Incontestability Under Sections 8 and 15 dated March 25, 2003 that it was doing business in Potomac, Maryland on that date and that the mark had been in continuous use in commerce for the previous five (5) years (Exh. 3).

4. The Googles Children's Workshop, Inc., falsely represented to the U.S. Patent and Trademark Office that it was doing business in Potomac, Maryland, on March 25, 2003. The renewal for the registration of the Googles word and design mark filed by The Googles Children's Workshop, a non-existent corporation, was a material misrepresentation to the U. S. Patent and Trademark Office. But for this material misrepresentation, the registration for the Googles word and design mark would not have been renewed.

5. The filing of the trademark registration renewal for the Googles word and design mark was a fraud on the U.S. Patent and Trademark Office.

6. The Googles word and design mark was abandoned prior to this fraudulent filing.

7. Plaintiff also alleges Oogles n Googles infringed of the word marks Oogle, Oggle, and Iggle, and an unregistered Googles word mark.

8. Plaintiff and other purported prior owners of the Oogle, Oggle, and Iggle word marks have not used and did not continuously use those words in commerce as

identifiers of a source or origin of goods or services. Neither the Plaintiff nor other purported prior owners of alleged Googles intellectual property have used the word Googles as a trademark to identify the source or origin of goods.

9. The words Oogle, Oggle, and Iggle are not trademarks for any goods or services allegedly sold or offered for sole by Plaintiff. Plaintiff has no trademark rights in the word Googles.

10. Alternatively, the Oogle, Iggle, and Oggle word marks have been abandoned by Stelor Productions, LLC and/or other purported prior owners of those alleged trademarks.

Wherefore, Oogles n Googles Franchising LLC, by counsel, prays for a declaratory judgment that Plaintiff has no common law or other trademark rights in the Googles word and design mark, the Oogle word mark, the Oggle word mark, and the Iggle word mark, or in the word mark Googles, for an order directing the U. S. Patent and Trademark Office to revoke any registrations for these marks, for a ruling that the Plaintiff's claims and conduct are exceptional in view of the fraud on the U.S. Patent and Trademark Office, for attorney's fees and costs pursuant to the Federal Trademark Act, and for all other just and proper relief.

**JURY DEMAND**

Oogles n Googles demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN   46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, a copy of the foregoing Oogles n Google's Answer to Counterclaim to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com