UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| | ) |
| OOGLES N GOOGLES FRANCHISING LLC | ) |
| *et. al.* | ) Jury Demanded |
| | ) |
| Defendants. | ) |

### KEVIN AND DANYA MENDELL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Kevin and Danya Mendell, by counsel, for their Answer to Plaintiff's Second Amended Complaint states as follows:

### FIRST DEFENSE

1.   Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2.   Paragraph 2 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3.   Kevin Mendell admits he is a resident of Carmel, Indiana, and admits he is a member of Oogles n Googles Franchising, LLC, but denies any remaining allegations of paragraph 3.

4. Danya Mendell admits she resides Carmel, Indiana, but denies she is an owner or member of Oogles n Googles Franchising, LLC. Danya and Kevin Mendell admit that they are husband and wife, but deny any remaining allegations in paragraph 4.

5. Kevin and Danya Mendell deny paragraph 5.

6. Paragraph 6 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell deny the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell deny the allegations of paragraph 7.

8. Kevin and Danya Mendell deny paragraph 8.

9. Kevin and Danya Mendell admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 9.

10. Kevin and Danya Mendell admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 10.

11. Kevin and Danya Mendell admit that venue is proper in this district, but deny any remaining allegations of paragraph 11.

12. Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 12.

13. Kevin and Danya Mendell deny the allegations of paragraph 13.

14. Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 14.

15. Kevin and Danya Mendell deny the allegations of paragraph 15.

16. Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 16.

17. Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18. Kevin and Danya Mendell deny the allegations of paragraph 18.

19. Paragraph 19 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 19.

20. Kevin and Danya Mendell deny paragraph 20.

21. Kevin and Danya Mendell deny paragraph 21.

22. Kevin Mendell admits he registered the domain name "ooglesngoogles.com". The remainder of paragraph 22 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph; Kevin and Danya Mendell deny the remaining allegations of paragraph 22.

23. Kevin Mendell admits his attorney filed an application to register the Oogles n Googles trademark. The remainder of paragraph 23 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Paragraph 25 makes no allegations against Kevin and Danya Mendell. To the extent an answer is required to this paragraph, Kevin and Danya Mendell are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Kevin and Danya Mendell deny the allegations of paragraph 26.

27. Kevin and Danya Mendell deny paragraph 27.

28. Kevin and Danya Mendell deny paragraph 28.

29. Kevin and Danya Mendell deny paragraph 29.

30. Kevin and Danya Mendell deny the allegations of paragraph 30.

31. Kevin and Danya Mendell deny paragraph 31.

32. Kevin and Danya Mendell deny paragraph 32.

33 - 42. Kevin and Danya Mendell deny paragraphs 33 through 42.

43 – 48. Kevin and Danya Mendell deny paragraphs 43 through 48.

49 – 53. Kevin and Danya Mendell deny paragraphs 49 through 53.

54 – 56. Kevin and Danya Mendell deny paragraphs 54 through 56

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Kevin and Danya Mendell are required to admit or deny such a prayer for judgment, they deny paragraphs 57 through 68.

## SECOND DEFENSE

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Kevin and Danya Mendell made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Kevin and Danya Mendell have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.   Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

### FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

### FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

### SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

### SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

### EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

**NINETEENTH DEFENSE**

Kevin and Danya Mendell had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks, prior to being notified of Plaintiff's Opposition to the application for registration of the Oogles n Googles trademark.

Wherefore, Kevin and Danya Mendell pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

**JURY DEMAND**

Kevin and Danya Mendell demand trial by jury.

> Respectfully submitted by:
>
> /s/ Stephen L. Vaughan
> Stephen L. Vaughan, #2294-49
> INDIANO VAUGHAN LLP
> One N. Pennsylvania Street, Suite 850
> Indianapolis, IN   46204
> Telephone: (317) 822-0033
> Fax:    (317) 822-0055
> E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, a copy of the foregoing Kevin and Danya Mendell's Answer to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com