UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| | )   Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| | ) |
| OOGLES N GOOGLES FRANCHISING LLC | ) |
|   *et. al.* | )   Jury Demanded |
| | ) |
|       Defendants. | ) |

### TINA CARTAYA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Tina Cartaya, by counsel, for her Answer to Plaintiff's Second Amended Complaint states as follows:

### FIRST DEFENSE

1. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 3.

4. Paragraph 4 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as

to the truth of, and therefore denies the allegations of paragraph 4.

5. Tina Cartaya denies paragraph 5.

6. Paragraph 6 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 7.

8. Tina Cartaya denies paragraph 8.

9. Tina Cartaya admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 9.

10. Tina Cartaya admits this Court has subject matter jurisdiction but denies any remaining allegations in paragraph 10.

11. Tina Cartaya admits venue is proper in this district, but denies any remaining allegations of paragraph 11.

12. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 12.

13. Tina Cartaya denies the allegations of paragraph 13.

14. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 14.

15. Tina Cartaya denies the allegations of paragraph 15.

16. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 16.

17. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and

therefore denies the allegations of paragraph 17.

18. Tina Cartaya denies the allegations of paragraph 18.

19. Paragraph 19 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 19.

20. Tina Cartaya denies paragraph 20.

21. Tina Cartaya denies paragraph 21.

22. Tina Cartaya denies the allegations of paragraph 22.

23. Paragraph 23 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Tina Cartaya. To the extent an answer is required to this paragraph, Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 24.

25. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 25.

26. Tina Cartaya denies of paragraph 26.

27. Tina Cartaya denies paragraph 27.

28. Tina Cartaya denies paragraph 28.

29. Tina Cartaya denies paragraph 29.

30. Tina Cartaya is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 30.

31. Tina Cartaya denies paragraph 31.

32. Tina Cartaya denies paragraph 32.

33 - 42. Tina Cartaya denies paragraphs 33 through 42.

43 – 48. Tina Cartaya denies paragraphs 43 through 48.

49 – 53. Tina Cartaya denies paragraphs 49 through 53.

54 – 56. Tina Cartaya denies paragraphs 54 through 56.

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Tina Cartaya is required to admit or deny such a prayer for judgment, she denies paragraphs 57 through 68.

**SECOND DEFENSE**

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

**THIRD DEFENSE**

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

**FOURTH DEFENSE**

Tina Cartaya has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has she falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Tina Cartaya has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

**ELEVENTH DEFENSE**

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

**TWELFTH DEFENSE**

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has incurred no damages.

**FOURTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Tina Cartaya had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Tina Cartaya prays for judgment in her favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Tina Cartaya demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, a copy of the foregoing Tina Cartaya's Answer to Counterclaim to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
E-mail: Steve@IPLawIndiana.com