| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## MICHELLE COTE'S ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

Michelle Cote, by counsel, for her Answer to Plaintiff's Second Amended Complaint

states as follows:

## FIRST DEFENSE

1.      Michelle Cote is without sufficient knowledge to form a belief as to the truth of,

and therefore denies the allegations of paragraph 1.

2.      Paragraph 2 makes no allegations against Michelle Cote.  To the extent an answer

is required to this paragraph, Michelle Cote is without sufficient knowledge to form a

belief as to the truth of, and therefore denies the allegations of paragraph 2.

3.      Paragraph 3 makes no allegations against Michelle Cote.  To the extent an answer

is required to this paragraph, Michelle Cote is without sufficient knowledge to form a

belief as to the truth of, and therefore denies the allegations of paragraph 3.

4.       Paragraph 4 makes no allegations against Michelle Cote.  To the extent an answer

is required to this paragraph, Michelle Cote is without sufficient knowledge to form a

belief as to the truth of, and therefore denies the allegations of paragraph 4.

5.       Michelle Cote denies paragraph 5.

6.       Paragraph 6 makes no allegations against Michelle Cote.  To the extent an answer

is required to this paragraph, Michelle Cote is without sufficient knowledge to form a

belief as to the truth of, and therefore denies the allegations of paragraph 6.

7.        Paragraph 7 makes no allegations against Michelle Cote.  To the extent an answer

is required to this paragraph, Michelle Cote is without sufficient knowledge to form a

belief as to the truth of, and therefore denies the allegations of paragraph 7.

8.       Michelle Cote denies paragraph 8.

9.       Michelle Cote admits that Plaintiff makes claims for trademark infringement, unfair

competition, and dilution, but denies liability for such claims of paragraph 9.

10.      Michelle Cote admits this Court has subject matter jurisdiction but denies the

remaining allegations in paragraph 10.

11.      Michelle Cote admits venue is proper in this district, but denies any remaining

allegations of paragraph 11.

12.      Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and

therefore denies the allegations of paragraph 12.

13.      Michelle Cote denies the allegations of paragraph 13.

14.      Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and

therefore denies the allegations of paragraph 14.

15.      Michelle Cote denies the allegations of paragraph 15.

16.      Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and

therefore denies the allegations of paragraph 16.

17.      Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and

therefore denies the allegations of paragraph 17.

18.     Michelle Cote denies the allegations of paragraph 18.

19.     Paragraph 19 makes no allegations against Michelle Cote.  To the extent an answer is required to this paragraph, Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 19.

20.     Michelle Cote denies paragraph 20.

21.     Michelle Cote denies paragraph 21.

22.      Michelle Cote denies the allegations of paragraph 22.

23.     Paragraph 23 makes no allegations against Michelle Cote.  To the extent an answer is required to this paragraph, Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 23.

24.     Paragraph 24 makes no allegations against Michelle Cote.  To the extent an answer is required to this paragraph, Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 24.

25.     Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 25.

26.     Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 26.

27.     Michelle Cote denies paragraph 27.

28.     Michelle Cote denies paragraph 28.

29.     Michelle Cote denies paragraph 29.

30.     Michelle Cote is without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 30.

31.     Michelle Cote denies paragraph 31.

32.      Michelle Cote denies paragraph 32.

33 - 42. Michelle Cote denies paragraphs 33 through 42.

43 – 48. Michelle Cote denies paragraphs 43 through 48.

49 – 53. Michelle Cote denies paragraphs 49 through 53.

54 – 56. Michelle Cote denies paragraphs 54 through 56.

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Michelle Cote is required to admit or deny such a prayer for judgment, she denies paragraphs 57 through 68.

## SECOND DEFENSE

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Michelle Cote has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has she falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Michelle Cote has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.      Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on

the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor

does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Michelle Cote had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and

services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Michelle Cote prays for judgment in her favor, costs of this action including

attorney fees, and all other just and proper relief.

## JURY DEMAND

Michelle Cote demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, a copy of the foregoing Michelle Cote's Answer to Counterclaim to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
E-mail: Steve@IPLawIndiana.com