UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| | ) |
| OOGLES N GOOGLES FRANCHISING LLC | ) |
| *et. al.* | ) Jury Demanded |
| | ) |
| Defendants. | ) |

## DAVID AND BILLIE JO DENSON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

David and Billie Jo Denson, by counsel, for their Answer to Plaintiff's Second Amended Complaint states as follows:

## FIRST DEFENSE

1. David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against David and Billie Jo Denson. To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against David and Billie Jo Denson. To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations

of paragraph 3.

4. Paragraph 4 makes no allegations against David and Billie Jo Denson To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. David and Billie Jo Denson deny paragraph 5.

6. Paragraph 6 makes no allegations against David and Billie Jo Denson To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against David and Billie Jo Denson. To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. David and Billie Jo Denson deny paragraph 8.

9. David and Billie Jo Denson admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 9.

10. David and Billie Jo Denson admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 10.

11. David and Billie Jo Denson admit venue is proper in this district, but deny any remaining allegations of paragraph 11.

12. David and Billie Jo Denson are without sufficient knowledge to form a belief as

to the truth of, and therefore deny the allegations of paragraph 12.

13.     David and Billie Jo Denson deny the allegations of paragraph 13.

14.     David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 14.

15.     David and Billie Jo Denson deny the allegations of paragraph 15.

16.     David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 16.

17.     David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18.     David and Billie Jo Denson deny the allegations of paragraph 18.

19.     Paragraph 19 makes no allegations against David and Billie Jo Denson To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 19.

20.     David and Billie Jo Denson deny paragraph 20.

21.     David and Billie Jo Denson deny paragraph 21.

22.     David and Billie Jo Denson deny the allegations of paragraph 22.

23.     Paragraph 23 makes no allegations against David and Billie Jo Denson To the extent an answer is required to this paragraph, David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 23.

24.     Paragraph 24 makes no allegations against David and Billie Jo Denson To the extent an answer is required to this paragraph, David and Billie Jo Denson are without

sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. David and Billie Jo Denson deny the allegations of paragraph 26.

27. David and Billie Jo Denson deny paragraph 27.

28. David and Billie Jo Denson deny paragraph 28.

29. David and Billie Jo Denson deny paragraph 29.

30. David and Billie Jo Denson are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 30.

31. David and Billie Jo Denson deny paragraph 31.

32. David and Billie Jo Denson deny paragraph 32.

33 - 42. David and Billie Jo Denson deny paragraphs 33 through 42.

43 – 48. David and Billie Jo Denson deny paragraphs 43 through 48.

49 – 53. David and Billie Jo Denson deny paragraphs 49 through 53.

54 – 56. David and Billie Jo Denson deny paragraphs 54 through 56.

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that David and Billie Jo Denson are required to admit or deny such a prayer for judgment, they deny paragraphs 57 through 68.

## **SECOND DEFENSE**

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

David and Billie Jo Denson have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because David and Billie Jo Denson have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.    Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

David and Billie Jo Denson had no knowledge or notice of Plaintiff, Plaintiff's alleged

goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, David and Billie Jo Denson pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

David and Billie Jo Denson demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing David and Billie Jo Denson's Answer to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com