UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

### KRISTA HARPER'S ANSWER TO PLAINTIFF'S
### SECOND AMENDED COMPLAINT

Krista Harper, by counsel, for her Answer to Plaintiff's Second Amended Complaint states as follows:

### FIRST DEFENSE

1. Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 3.

4. Paragraph 4 makes no allegations against Krista Harper. To the extent an answer

is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 4.

5. Krista Harper denies paragraph 5.

6. Paragraph 6 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 7.

8. Krista Harper denies paragraph 8.

9. Krista Harper admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 9.

10. Krista Harper admits this Court has subject matter jurisdiction but denies any remaining allegations in paragraph 10.

11. Krista Harper admits venue is proper in this district, but denies any remaining allegations of paragraph 11.

12. Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 12.

13. Krista Harper denies the allegations of paragraph 13.

14. Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 14.

15. Krista Harper denies the allegations of paragraph 15.

16. Krista Harper is without sufficient knowledge to form a belief as to the truth of,

and therefore denies the allegations of paragraph 16.

17. Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 17.

18. Krista Harper denies the allegations of paragraph 18.

19. Paragraph 19 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 19.

20. Krista Harper denies paragraph 20.

21. Krista Harper denies paragraph 21.

22. Krista Harper denies the allegations of paragraph 22.

23. Paragraph 23 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Krista Harper. To the extent an answer is required to this paragraph, Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 24.

25. Krista Harper is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 25.

26. Krista Harper denies of paragraph 26.

27. Krista Harper denies paragraph 27.

28. Krista Harper denies paragraph 28.

29. Krista Harper denies paragraph 29.

30. Krista Harper is without sufficient knowledge to form a belief as to the truth of,

and therefore denies the allegations of paragraph 30.

31. Krista Harper denies paragraph 31.

32. Krista Harper denies paragraph 32.

33 - 42. Krista Harper denies paragraphs 33 through 42.

43 – 48. Krista Harper denies paragraphs 43 through 48.

49 – 53. Krista Harper denies paragraphs 49 through 53.

54 – 56. Krista Harper denies paragraphs 54 through 56.

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Krista Harper is required to admit or deny such a prayer for judgment, she denies paragraphs 57 through 68.

## SECOND DEFENSE

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

**FOURTH DEFENSE**

Krista Harper has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has she falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Krista Harper has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.  Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Krista Harper had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Krista Harper prays for judgment in her favor, costs of this action including attorney fees, and all other just and proper relief.

# JURY DEMAND

Krista Harper demands trial by jury.

                                  Respectfully submitted by:

                                  /s/ Stephen L. Vaughan
                                  Stephen L. Vaughan, #2294-49
                                  INDIANO VAUGHAN LLP
                                  One N. Pennsylvania Street, Suite 850
                                  Indianapolis, IN   46204
                                  Telephone: (317) 822-0033
                                  Fax:     (317) 822-0055
                                  E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 5, 2008, a copy of the foregoing Krista Harper's Answer to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
E-mail: Steve@IPLawIndiana.com