UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

### JENNIFER AND TY WEBB'SANSWER TO PLAINTIFF'S
### SECOND AMENDED COMPLAINT

Jennifer and Ty Webb, by counsel, for their Answer to Plaintiff's Second Amended Complaint states as follows:

### FIRST DEFENSE

1. Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of

paragraph 3.

4. Paragraph 4 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. Jennifer and Ty Webb deny paragraph 5.

6. Paragraph 6 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. Jennifer and Ty Webb deny paragraph 8.

9. Jennifer and Ty Webb admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 9.

10. Jennifer and Ty Webb admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 10.

11. Jennifer and Ty Webb admit venue is proper in this district, but deny any remaining allegations of paragraph 11.

12. Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the

truth of, and therefore deny the allegations of paragraph 12.

13.     Jennifer and Ty Webb deny the allegations of paragraph 13.

14.     Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 14.

15.     Jennifer and Ty Webb deny the allegations of paragraph 15.

16.     Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 16.

17.     Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18.     Jennifer and Ty Webb deny the allegations of paragraph 18.

19.     Paragraph 19 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 19.

20.     Jennifer and Ty Webb deny paragraph 20.

21.     Jennifer and Ty Webb deny paragraph 21.

22.     Jennifer and Ty Webb deny the allegations of paragraph 22.

23.     Paragraph 23 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 23.

24.     Paragraph 24 makes no allegations against Jennifer and Ty Webb. To the extent an answer is required to this paragraph, Jennifer and Ty Webb are without sufficient

knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Jennifer and Ty Webb deny the allegations of paragraph 26.

27. Jennifer and Ty Webb deny paragraph 27.

28. Jennifer and Ty Webb deny paragraph 28.

29. Jennifer and Ty Webb deny paragraph 29.

30. Jennifer and Ty Webb are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 30.

31. Jennifer and Ty Webb deny paragraph 31.

32. Jennifer and Ty Webb deny paragraph 32.

33 - 42. Jennifer and Ty Webb deny paragraphs 33 through 42.

43 – 48. Jennifer and Ty Webb deny paragraphs 43 through 48.

49 – 53. Jennifer and Ty Webb deny paragraphs 49 through 53.

54 – 56. Jennifer and Ty Webb deny paragraphs 54 through 56.

57 – 68. Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Jennifer and Ty Webb are required to admit or deny such a prayer for judgment, they deny paragraphs 57 through 68.

## **SECOND DEFENSE**

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Jennifer and Ty Webb have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Jennifer and Ty Webb have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

### FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

### FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

### SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

### SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

### EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Jennifer and Ty Webb had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Jennifer and Ty Webb pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Jennifer and Ty Webb demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN   46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2008, a copy of the foregoing Jennifer and Ty Webb Answer to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN  46204
E-mail: Steve@IPLawIndiana.com