UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

### BRYAN AND GISELLE PULLARA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Bryan and Giselle Pullara, by counsel, for their Answer to Plaintiff's Second Amended Complaint states as follows:

### FIRST DEFENSE

1. Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations

of paragraph 3.

4. Paragraph 4 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. Bryan and Giselle Pullara deny paragraph 5.

6. Paragraph 6 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 6.

7. Paragraph 7 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. Bryan and Giselle Pullara deny paragraph 8.

9. Bryan and Giselle Pullara admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 9.

10. Bryan and Giselle Pullara admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 10.

11. Bryan and Giselle Pullara admit venue is proper in this district, but deny any remaining allegations of paragraph 11.

12. Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to

the truth of, and therefore deny the allegations of paragraph 12.

13. Bryan and Giselle Pullara deny the allegations of paragraph 13.

14. Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 14.

15. Bryan and Giselle Pullara deny the allegations of paragraph 15.

16. Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 16.

17. Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18. Bryan and Giselle Pullara deny the allegations of paragraph 18.

19. Paragraph 19 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 19.

20. Bryan and Giselle Pullara deny paragraph 20.

21. Bryan and Giselle Pullara deny paragraph 21.

22. Bryan and Giselle Pullara deny the allegations of paragraph 22.

23. Paragraph 23 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Bryan and Giselle Pullara. To the extent an answer is required to this paragraph, Bryan and Giselle Pullara are without

sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25.     Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26.     Bryan and Giselle Pullara deny the allegations of paragraph 26.

27.     Bryan and Giselle Pullara deny paragraph 27.

28.     Bryan and Giselle Pullara deny paragraph 28.

29.     Bryan and Giselle Pullara deny paragraph 29.

30.     Bryan and Giselle Pullara are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 30.

31.     Bryan and Giselle Pullara deny paragraph 31.

32.     Bryan and Giselle Pullara deny paragraph 32.

33 - 42.     Bryan and Giselle Pullara deny paragraphs 33 through 42.

43 – 48.     Bryan and Giselle Pullara deny paragraphs 43 through 48.

49 – 53.     Bryan and Giselle Pullara deny paragraphs 49 through 53.

54 – 56.     Bryan and Giselle Pullara deny paragraphs 54 through 56.

57 – 68.     Paragraphs 57 through 68 comprise a prayer for judgment by the Plaintiff. To the extent that Bryan and Giselle Pullara are required to admit or deny such a prayer for judgment, they deny paragraphs 57 through 68.

## **SECOND DEFENSE**

Plaintiff's Second Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Bryan and Giselle Pullara have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Bryan and Giselle Pullara have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.   Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Bryan and Giselle Pullara had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Bryan and Giselle Pullara pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Bryan and Giselle Pullara demand trial by jury.

                        Respectfully submitted by:

                        /s/ Stephen L. Vaughan
                        Stephen L. Vaughan, #2294-49
                        INDIANO VAUGHAN LLP
                        One N. Pennsylvania Street, Suite 850
                        Indianapolis, IN   46204
                        Telephone: (317) 822-0033
                        Fax:     (317) 822-0055
                        E-mail:  Steve@IPLawIndiana.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2008, a copy of the foregoing Bryan and Giselle Pullara's Answer to Plaintiff's Second Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN  46204
E-mail: Steve@IPLawIndiana.com