UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. ) | |
| ) | |
| OOGLES N GOOGLES, an Indiana ) | |
| Corporation, *et. al.* ) | |
| ) | |
| Defendants. ) | |

## **STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties believe that discovery in the above-entitled action will involve the production of financial, commercial, trade and other information which is considered to be sensitive, confidential, proprietary, and/or protected by privilege, for the purposes of expediting discovery only, and for no other reason, the parties has stipulated, and the Court HEREBY ORDERS that:

1. Any party may designate documents, deposition transcripts and testimony, interrogatory responses, responses to requests for admissions, exhibits, transcripts and other information (and/or copies thereof) produced, provided by, or provided on behalf of that party (or anyone acting on behalf of that party) and all information derived there from and/or contained therein, as CONFIDENTIAL Information within the meaning of this Stipulation and Protective Order.

2. Documents, interrogatory responses, responses to requests for admissions, exhibits, transcripts, and other physical information shall be designated as Confidential

Information by marking it CONFIDENTIAL at or prior to the time the physical information to be so designated is produced or provided, or as soon thereafter as may be practicable.

3       A deposition and/or the transcript thereof shall be designated as Confidential Information by orally so declaring during the taking of a deposition or by notifying all other parties to this action of such designation within twenty (20) days after the receipt of the transcript of such deposition. If only a portion of a deposition is too designated, the transcript of that portion shall be separately bound.

4.      Unless otherwise ordered by the Court in this action, all Confidential Information will be held by the attorney for the receiving party solely for use in connection with, and shall be used solely in connection with, this action.

5.      Except with the prior written consent of the parties, or upon prior order of this Court obtained upon notice to the parties, or as otherwise provided in this Stipulation and Protective Order, Confidential Information shall <u>not</u> be disclosed to any person other than:

    (a)     A party or officer of a party (unless otherwise marked "CONFIDENTIAL - For Attorney and Expert Witness Eyes Only" as described more fully in Paragraph 15 herein);

    (b)     Counsel for the parties to this litigation, including in-house counsel and co-counsel;

    (c)     Secretaries, legal assistants, and other employees or agents of such counsel assigned to assist such counsel in this litigation;

    (d)     Expert witnesses, consultants, and their employees retained for the prosecution or defense of this litigation;

    (e)     Deposition reporters engaged for any deposition at which Confidential

Information is provided; and

(f) The Court.

6. Any person who is given access to Confidential Information pursuant to subparagraphs 5(a) (a party or officer of a party) or 5(d) (expert witnesses, *et. al.*) above shall, prior thereto, be provided with a copy of this Stipulation and Protective Order and such order shall be explained to them by an attorney. Such person(s) shall then, after such explanation and prior to having access to any such Confidential Information, agree not to disclose such information or to use it for any purpose other than the prosecution and defense of this action, and shall execute a Written Representation and Assurance of Confidentiality in the form annexed hereto. Counsel giving access to Confidential Information to a person specified in subparagraphs 5(a) (a party or officer of a party) and/or 5(d) (expert witnesses, *et. al.*) shall obtain and retain a copy of each executed Written Representation and Assurance of Confidentiality, at or near the time of the execution thereof. Copies of Written Assurances executed by such persons need not be provided to counsel for other parties until such persons are designated as witnesses in the Final Witness list for trial or until the final resolution of this action, whichever first occurs.

7. In the event that counsel for any party determines to lodge, file or otherwise submit to this Court (a) any Confidential Information or information derived there from, or (b) any papers containing or making reference to such information, such document shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

### **CONFIDENTIAL**

This envelope contains documents that are subject to an Order of
this Court governing discovery and the use of confidential
discovery material. Pursuant to such Order, this envelope shall not

    be opened nor the contents thereof displayed or revealed except pursuant to the terms of the Order. Violation of such Order may be regarded as contempt of the Court.

  8. Nothing herein shall restrict the use or disclosure of a party of documents or information obtained by such party independently of discovery proceedings therein. Further, unless otherwise agreed between counsels in writing, no party shall have the right to designate as Confidential Information any discovery material produced by an adverse party. A party who disagrees with another party's confidential designation must nevertheless abide by the same until the matter is resolved by agreement or by order of the Court.

  9. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not prejudice in any way the right of a party (i) to seek a judicial determination of whether particular discovery material should be produced or, if produced, whether it should be subject to the terms of this Stipulation and Protective Order; (ii) to interpose an objection to a request for discovery on any ground; (iii) to seek either from the Court, or through negotiations between counsel, protection greater than that contained herein; or (iv) to seek relief on notice from any provision of this Stipulation and Protective Order, either generally or as to any particular discovery material.

  10. The provisions of this Stipulation and Protective Order shall remain in full force and effect after the termination of this action.

  11. All documents and/or deposition transcripts designed by any producing party as Confidential and all copies thereof shall be delivered to such counsel within thirty (30) days after entry of final judgment and exhaustion and/or expiration of all rights of appellate review, settlement, or other final termination of this action. Additionally, counsel for all parties and any person counsel has provided such Confidential Information will send a letter to the producing

party that all such Confidential Information and copies thereof have been returned to the producing party within thirty (30) days after entry of final judgment and exhaustion and/or expiration of all rights of appellate review, settlement, or other final termination of this action.

12. Confidential Information may be used in connection with the deposition of any witness. Whenever confidential Information is to be so used, the deponent must be informed, on the record, that the use of such Confidential Information is subject to the terms of this Stipulation and Protective Order, and the deponent must be provided a copy of this Stipulation and Protective Order and informed, on the record, that the witness is bound by the terms of this Stipulation and Protective Order.

13. Nothing herein shall be deemed to constitute a waiver of any applicable privilege.

14. This agreement and order shall in no way be construed to make confidential matters which are (a) already known to the other party, (b) a matter of public record, or (c) is subsequently obtained from an independent non-confidential or non-privileged source.

15. Notwithstanding the above Paragraphs herein, Confidential Information designated "CONFIDENTIAL - For Attorney and Expert Witness Eyes Only" shall only be shown to (a) counsel for the parties to this litigation, (b) outside expert witnesses engaged for purposes of this litigation, and (c) secretaries, legal assistants, and other employees or agents of such counsel or expert witnesses assigned to assist such counsel or expert witnesses in this litigation.

The parties will be permitted to designate documents or information as "CONFIDENTIAL - For Attorney and Expert Witness Eyes Only" which it believes should not be disseminated to anyone other than counsel for the parties due the confidential and proprietary nature of such document or information. If any party objects to such designation of

"CONFIDENTIAL - For Attorney and Expert Witness Eyes Only", that party may (after an attempt to reasonably resolve such dispute with the designating attorney) seek relief from the Court to show such documentation or information to those people listed in Paragraph 5 above.

16. The Parties agree that this Stipulated Protective Order must comply with the case of *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943 (7th Cir. 1999).

Any member of the public may at any time petition the Court for production of a log of the materials a party seeks to hold in confidence under this Order by the Parties to this case, and any member of the public may petition this Court to make public any of the Confidential Information identified on such logs.

Upon a petition by a member of the public, the Parties shall, within thirty days from the date of such petition, submit to the Court under seal a log as described in this paragraph, and, in addition, any responses, objections, or motions and supporting papers as may pertain to said petition.

The Court, upon petition by a member of the public will, at its discretion, set a briefing schedule for motions arising upon such petition, but will in all cases receive and consider the responsive papers of petitioners to any submissions of the Parties, pursuant to the Local Rules of this Court.

# WITNESS ASSURANCE OF CONFIDENTIALITY, (Individual)

I, _____ acknowledge that I am about to receive Confidential Information and expressly certify that: I understand and agree that such Confidential Information is being provided to me pursuant to the terms and on the conditions of the Stipulation and Protective Order in the case of *Stelor Productions, LLC, v. Oogles n Googles Franchising LLC,* Case No. 1:05-CV-0354-DFH-TAB pending in United States District Court for the Southern District of Indiana; I have been given a copy of and have read the Stipulation and Protective Order and agree to be bound by it; I agree that I will not disclose any Confidential Information, as defined in the Stipulation and Protective Order, to any persons or in any manner not specifically authorized by the Stipulation and Protective Order; I agree that I will not copy or use any Confidential Information except solely for the purpose of the case referenced above; and I agree that I will return all Confidential Information no later than thirty (30) days after the final termination of this action to the counsel for the party who provided such Confidential Information to me.

Dated:_____

Signature:_____

Name (typed or printed)

## WRITTEN ASSURANCE OF CONFIDENTIALITY

(Corporation and Individual)

I, _____, on behalf of myself and _____, a _____ of (the "The Company"), acknowledge that I am about to receive Confidential Information on behalf of myself and the company and expressly certify that: I understand and agree that such Confidential Information is being provided to me and the company pursuant to the terms and on the conditions of the Stipulation and Protective Order in the case of *Stelor Productions, LLC v. Oogles n Googles Franchising LLC,* Case No.1:05-CV-0354-DFH-TAB pending in United States District Court for the Southern District of Indiana; I have been given a copy of and have read that Stipulation and Protective Order and agree that I and the Company are and shall be bound by it; I agree that neither I nor the Company will disclose any Confidential Information, as defined in the Stipulation and Protective Order, to any persons or in any manner not specifically authorized by the Stipulation and Protective Order; I agree that neither I nor the Company shall copy or use any Confidential Information except solely for the purpose of the case referenced above; and I agree that I and the Company will return all Confidential Information no later than thirty (30) days after the final termination of this action to the counsel for the party who provided such Confidential Information to me and the Company.

Dated: _____

("THE COMPANY")

By: _____

Title:_____

Signature:_____
(name typed or printed)
In my individual capacity

Respectfully submitted,

| ON BEHALF OF PLAINTIFF: | ON BEHALF OF DEFENDANTS: |
|---|---|
| By s/Robert F. Merz | By s/Stephen L. Vaughan |
| Robert F. Merz | Stephen L. Vaughan |
| 19110 Montgomery Village, Ste. 320 | INDIANO VAUGHAN LLP |
| Montgomery Village, Maryland 20886 | One North Pennsylvania Street Suite 1300 |
| | Indianapolis, Indiana 46204 |
| | Telephone: (317) 822-0033 |
| | Facsimile: (317) 822-00550 |
| | E-mail: Steve@IPLawIndiana.com |

**SO ORDERED:**

**Date:** 06/10/2008

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert F. Merz
19110 Montgomery Village, Ste. 320
Montgomery Village, Maryland 20886

John David Hoover
Hoover Hull Baker & Heath LLP
111 Monument Circle, Ste. 4400
Indianapolis, IN 46244-0989

Stephen L. Vaughan
INDIANO VAUGHAN LLP
One North Pennsylvania Street, Suite 1300
Indianapolis, Indiana 46204