IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 1:05-cv-0354-DFH-TAB |
| | ) |
| OOGLES N GOOGLES FRANCHISING, LLC, | ) |
| an Indiana limited liability company, et al. | ) |
| | ) |
|     Defendants/Counter-Plaintiff. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT TO ADD ADDITIONAL DEFENDANTS

Plaintiff/Counter-Defendant, Stelor Productions, LLC ("Stelor"), by counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and S.D. Ind. Local Rule 15.1, for its Motion for Leave to file Third Amended Complaint to Add Additional Defendants, states the following:

1.    Stelor seeks to amend its Second Amended Complaint in order to add additional recently identified parties as Defendants. The additional parties to be added as Defendants are Andria Brown, Kevin Belieu, Sandra Gonzalez, Claudia Navarro, Carol Cervantes, Rene Kenney, Mario Cartaya, Paul MacNeill, Oogles N Googles Branding, LLC, Mendell Enterprises, LLC and Bernier, Inc.

2.    Stelor's proposed Third Amended Complaint is substantively identical to its Second Amended Complaint in all other respects, with the sole exception of the addition of the Defendants identified in paragraph 1 hereof.

3.    Per counsel for Defendants/Counter-Plaintiff, the parties of Andria Brown, Kevin Belieu and Sandra Gonzalez are new franchisees of Defendant/Counter-Plaintiff Oogles N

Googles Franchising, LLC, who entered into their franchise agreements after counsel propounded the answers to Stelor's first set of discovery.

4. Per counsel for Defendants/Counter-Plaintiff, the parties of Claudia Navarro, Carol Cervantes and Rene Kenney are franchisees of Defendant/Counter-Plaintiff Oogles N Googles Franchising, LLC whose franchises were terminated and whose names were not included in the responses to Stelor's discovery requests as a result of a clerical oversight.

5. The parties of Mario Cartaya and Paul MacNeill, both franchisees of Defendant/Counter-Plaintiff Oogles N Googles Franchising, LLC, were inadvertently omitted from Stelor's Second Amended Complaint due to a clerical oversight.

6. The parties of Oogles N Googles Branding, LLC, Mendell Enterprises, LLC and Bernier, Inc are recently discovered parties using the Oogles N Googles name. Mendell Enterprises, LLC and Bernier, Inc. both operate under the assumed name Oogles N Googles.

7. With the addition of these parties, Stelor will finally be able to seek full satisfaction from all relevant parties and ascertain the full extent of damages caused by Defendants.

8. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." This mandate of liberal amendment extends even to amending pleadings at trial to conform to the evidence. [*See* FED. R. CIV. P. 15(b)]

9. Although leave to amend "shall be given freely when justice so requires," the decision to allow an amendment is purely discretionary. The Court cannot, however, abuse its discretion by denying leave to amend unless Plaintiff has abused his privilege in the past, there has been some undue delay, Plaintiff has repeatedly failed to cure deficiencies by amendments

previously allowed or the amendment will clearly prejudice the opposing party. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, there are no such grounds for refusing amendment.

10. Defendants/Counter-Plaintiff cannot claim any prejudice by virtue of this amendment. The proposed amendment adds the names of additional parties that have been franchisees of Oogles N Googles, LLC and were either not included by Stelor in its Second Amended Complaint by oversight or previously not provided to the Plaintiff by the Defendant/Counter-Plaintiff due to oversight. The remaining parties were not discovered until after the Defendants/Counter-Plaintiff filed the motion to correct the name.

11. Moreover, Stelor's request for leave to amend is timely. The Case Management Plan, which was approved by this Court on June 2, 2008, provides that the parties may file motions for leave to amend pleadings through and including August 15, 2008, which time has not yet expired.

12. Further, in *Bryant v Dupree*, the Eleventh Circuit Court of Appeals explained that "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint." *Bryant*, 252 F.3d at 1164 (finding that district court abused its discretion in denying plaintiffs' request to amend deficient complaint to allege heightened scienter required under Private Securities Litigation Reform Act, after case had been pending three years); *see also Floyd v. Eastern Airlines, Inc.* 872 F.2d 1462, 1490 (11th Cir. 1989) ("The mere passage of time, without anything more, is insufficient reason to deny leave to amend.") Although this matter was filed on March 11, 2005, this Court ordered it stayed on February 10, 2006. This stay was lifted on September 7, 2007.

13. Stelor had no opportunity during the course of the stay to conduct any discovery for the purpose of determining the identity of Oogles N Googles, LLC's franchisees. Regardless, the Defendant/Counter-Plaintiff only recently filed a motion to correct the name from Oogles N Googles, an Indiana corporation, to Oogles N Googles Franchising, LLC. Additionally, the Defendant/Counter-Plaintiff only recently provided names of six additional franchisees whose names were not previously produced in response to Stelor's discovery requests.

14. Accordingly, for the reasons described herein, Stelor's Motion for Leave should be granted by allowing the filing of Stelor's Third Amended Complaint.

15. Pursuant to S.D. Ind. Local Rule 15.1, Stelor has attached hereto the proposed Third Amended Complaint as <u>Exhibit A</u>.

## CONCLUSION

For all the forgoing reasons, Stelor respectfully requests that the Court enter an order Granting its Motion for Leave to File Third Amended Complaint, deeming the Third Amended Complaint, attached hereto as <u>Exhibit A</u>, filed as of the date of the Order, ordering that the filing shall relate back to the date on which Plaintiff filed its original Complaint, and granting any additional relief as this Court deems just and proper.

Respectfully submitted,

s/*Robert F. Merz*
Robert F. Merz (admitted *pro hac vice*)
Stelor Productions, LLC
19110 Montgomery Village Ave, #320
Montgomery Village, MD 20886
Tel: (301) 963-0000
Fax: (301) 740-7552
Email: b.merz@stelorproductions.com

John David Hoover, Attorney No. 7945-49  
HOOVER HULL LLP  
Attorneys at Law  
111 Monument Circle, Ste. 4400  
P.O. Box 44989  
Indianapolis, IN  46244-0989  
Phone:  (317) 822-4400  
Fax:  (317) 822-0234  
E-mail:  jdhoover@hooverhull.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2008, a copy of the foregoing *Plaintiff's Motion for Leave to File Third Amended Complaint to Add Additional Defendants* was filed electronically.

Notice of this filing will be sent to the following party by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Stephen L. Vaughan  
Steve@IPLawIndiana.com

s/*Robert F Merz*  
Robert F. Merz (admitted *pro hac vice*)  
Stelor Productions, LLC  
19110 Montgomery Village Ave, #320  
Montgomery Village, MD 20886  
Tel:  (301) 963-0000  
Fax:  (301) 740-7552  
Email:  b.merz@stelorproductions.com