UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | )<br>)<br>) |
| Plaintiff/Counterdefendant | )<br>) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | )<br>) |
| OOGLES N GOOGLES FRANCHISING, LLC, *et. al.* | )<br>)<br>) |
| Defendant/Counterclaimant | )<br>) |
| *********************** | )<br>) |
| OOGLES N GOOGLES FRANCHISING, LLC | )<br>) |
| v. | )<br>)<br>) |
| STELOR PRODUCTIONS, LLC and STEVEN A. ESRIG | |

## MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM

Oogles n Googles Franchising, LLC, by counsel, for its Motion for Leave to File Amended Counterclaim, states as follows:

1. F.R.C.P. 15 states that leave to amend a pleading shall be freely given when justice so requires.

2. The deadline for amendments to pleadings is August 15, 2008, pursuant to the Case Management Plan, as amended by the Court's Order of June 2, 2008 (Doc. 167).

3. Defendants, by counsel, are aware of information showing that The Googles Childrens Workshop, Inc., a defunct New Jersey Corporation, was the purported owner of the

alleged Googles word and design trademark, U.S.P.T.O. Reg. No. 2,087,590 (Exh. 1 to Exh. A, the proposed Amended Counterclaim).

4. The registration issued on August 12, 1997 (Exh. 1 to Exh. A, the proposed Amended Counterclaim)and The Googles Chidlren's Workshop, Inc. was dissolved October 22, 1997 (Exh. 2 to Exh. A, the proposed Amended Counterclaim).

5. Upon information and belief, Steven A. Esrig who is or was the President of Stelor Productions, LLC, directed attorney Ira Edell of Rockville, Maryland to file a Combined Declaration of Use and Incontestability under Sections 8 and 15 of the Trademark Act. Edell attested that The Googles Children's Workshop, Inc. was located and doing business in Potomac, Maryland, and that the Googles word and design mark, Reg. No. 2,087,590, had been in continuous use in interstate commerce for more that five (5) consecutive years from June, 1996 (Exh. 3 to Exh. A, the proposed Amended Counterclaim).

6. The above representations in the Declaration are materially false and but for these material misrepresentations the U. S. Patent and Trademark Office would not have renewed the registration for the Googles word and design mark.

7. Esrig was Edell's principal; Edell acted at the direction of and was the attorney and agent for Esrig.

8. Additionally, information obtained by Oogles n Googles Franchising, LLC, by the undersigned counsel, provides a good faith basis for alleging that the words Oogle, Oggle, and Iggle asserted to be trademarks by the Plaintiff have not been continuously used in commerce as a source identifier of goods and services. Therefore, no trademark rights have ever accrued in those words, or alternatively, those word marks have been abandoned. Esrig knows or should know that no trademark rights have ever accrued in the words Oogle, Oggle, and Iggle to Stelor Productions, LLC or any other alleged prior owner or prior

2

licensee.  As such, this is an exceptional case which warrants an award of fees and costs to Defendants.

9. The instant litigation was initiated at the direction of Esrig.  The purpose of these amendments to the counterclaim is to add Steven A. Esrig as a counterdefendant to answer for the misrepresentations that occurred at his direction.

10. The proposed Amended Counterclaim is attached to this Motion as Exhibit A as required by the Local Rule 15.1.

Wherefore, Oogles n Googles Franchising LLC, by the undersigned counsel, respectfully moves that the Court grant this Motion and permit Oogles n Googles Franchising LLC to file its Amended Counterclaim against Stelor Productions, LLC and Steven A. Esrig within ten (10) business days of the Court's Order on this Motion.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, I N 46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49