UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## MARIO AND TINA CARTAYA'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Mario and Tina Cartaya, by counsel, for their Answer to Plaintiff's Third Amended Complaint states as follows:

### FIRST DEFENSE

1. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya deny said allegations.

4. Paragraph 4 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient

knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. Paragraph 5 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 5.

6. Mario and Tina Cartaya deny paragraph 6.

7. Paragraph 7 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. Paragraph 8 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 8.

9. Mario and Tina Cartaya deny paragraph 9.

10. Mario and Tina Cartaya admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 10.

11. Mario and Tina Cartaya admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 11.

12. Mario and Tina Cartaya admit venue is proper in this district, but deny any remaining allegations of paragraph 12.

13. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the

truth of, and therefore deny the allegations of paragraph 13.

14. Mario and Tina Cartaya deny the allegations of paragraph 14.

15. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 15.

16. Mario and Tina Cartaya deny the allegations of paragraph 16.

17. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 18.

19. Mario and Tina Cartaya deny the allegations of paragraph 19.

20. Paragraph 20 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21. Mario and Tina Cartaya deny paragraph 21.

22. Mario and Tina Cartaya deny paragraph 22.

23. Mario and Tina Cartaya deny the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph.

25. Paragraph 25 makes no allegations against Mario and Tina Cartaya. To the extent an answer is required to this paragraph, Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 26.

27. Mario and Tina Cartaya deny paragraph 27.

28. Mario and Tina Cartaya deny paragraph 28.

29. Mario and Tina Cartaya deny paragraph 29.

30. Mario and Tina Cartaya deny paragraph 30.

31. Mario and Tina Cartaya are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 31.

32. Mario and Tina Cartaya deny paragraph 32.

33. Mario and Tina Cartaya deny paragraph 33.

34 - 43. Mario and Tina Cartaya deny paragraphs 34 through 43.

44 – 49. Mario and Tina Cartaya deny paragraphs 44 through 49.

50 – 54. Mario and Tina Cartaya deny paragraphs 50 through 54.

55 – 57. Mario and Tina Cartaya deny paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Mario and Tina Cartaya are required to admit or deny such a prayer for judgment, they deny paragraphs 58 through 69.

**SECOND DEFENSE**

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

**THIRD DEFENSE**

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and

Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

### **FOURTH DEFENSE**

Mario and Tina Cartaya have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

### **FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

### **SIXTH DEFENSE**

Plaintiff's claims are barred because Mario and Tina Cartaya have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

### **SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.   Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Mario and Tina Cartaya had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Mario and Tina Cartaya pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

**JURY DEMAND**

Mario and Tina Cartaya demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing Mario and Tina Cartaya's Answer to Counterclaim to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com