UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| Plaintiff | ) |
| v. | ) Case Number: 1:05-CV-0354-DFH-TAB |
| OOGLES N GOOGLES FRANCHISING LLC *et. al.* | ) Jury Demanded |
| Defendants. | ) |

### AARON AND TORIE JACOBITZ ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Aaron and Torie Jacobitz, by counsel, for their Answer to Plaintiff's Third Amended Complaint states as follows:

### FIRST DEFENSE

1. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz deny said allegations.

4. Paragraph 4 makes no allegations against Aaron and Torie Jacobitz. To the extent

an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. Paragraph 5 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 5.

6. Aaron and Torie Jacobitz deny paragraph 6.

7. Paragraph 7 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. Paragraph 8 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 8.

9. Aaron and Torie Jacobitz deny paragraph 9.

10. Aaron and Torie Jacobitz admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 10.

11. Aaron and Torie Jacobitz admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 11.

12. Aaron and Torie Jacobitz admit venue is proper in this district, but deny any

remaining allegations of paragraph 12.

13. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 13.

14. Aaron and Torie Jacobitz deny the allegations of paragraph 14.

15. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 15.

16. Aaron and Torie Jacobitz deny the allegations of paragraph 16.

17. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 18.

19. Aaron and Torie Jacobitz deny the allegations of paragraph 19.

20. Paragraph 20 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21. Aaron and Torie Jacobitz deny paragraph 21.

22. Aaron and Torie Jacobitz deny paragraph 22.

23. Aaron and Torie Jacobitz deny the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Paragraph 25 makes no allegations against Aaron and Torie Jacobitz. To the extent an answer is required to this paragraph, Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 26.

27. Aaron and Torie Jacobitz deny the allegations of paragraph 27.

28. Aaron and Torie Jacobitz deny paragraph 28.

29. Aaron and Torie Jacobitz deny paragraph 29.

30. Aaron and Torie Jacobitz deny paragraph 30.

31. Aaron and Torie Jacobitz are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 31.

32. Aaron and Torie Jacobitz deny paragraph 32.

33. Aaron and Torie Jacobitz deny paragraph 33.

34 - 43. Aaron and Torie Jacobitz deny paragraphs 34 through 43.

44 – 49. Aaron and Torie Jacobitz deny paragraphs 44 through 49.

50 – 54. Aaron and Torie Jacobitz deny paragraphs 50 through 54.

55 – 57. Aaron and Torie Jacobitz deny paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Aaron and Torie Jacobitz are required to admit or deny such a prayer for judgment, they deny paragraphs 58 through 69.

## SECOND DEFENSE

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Aaron and Torie Jacobitz have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Aaron and Torie Jacobitz have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the

source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution

has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Aaron and Torie Jacobitz had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Aaron and Torie Jacobitz pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Aaron and Torie Jacobitz demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN  46204
Telephone: (317) 822-0033
Fax:    (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, a copy of the foregoing Aaron and Torie Jacobitz Answer to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com