UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## TOM AND KERI MEIER'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Tom and Keri Meier, by counsel, for their Answer to Plaintiff's Third Amended Complaint states as follows:

### FIRST DEFENSE

1. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Tom and Keri Meier. To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Tom and Keri Meier. To the extent an answer is required to this paragraph, Tom and Keri Meier deny said allegations.

4. Paragraph 4 makes no allegations against Tom and Keri Meier. To the extent an

answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5. Paragraph 5 makes no allegations against Tom and Keri Meier. To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 5.

6. Tom and Keri Meier deny paragraph 6.

7. Paragraph 7 makes no allegations against Tom and Keri Meier To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8. Paragraph 8 makes no allegations against Tom and Keri Meier To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 8.

9. Tom and Keri Meier deny paragraph 9.

10. Tom and Keri Meier admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 10.

11. Tom and Keri Meier admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 11.

12. Tom and Keri Meier admit venue is proper in this district, but deny any remaining

allegations of paragraph 12.

13. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 13.

14. Tom and Keri Meier deny the allegations of paragraph 14.

15. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 15.

16. Tom and Keri Meier deny the allegations of paragraph 16.

17. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 18.

19. Tom and Keri Meier deny the allegations of paragraph 19.

20. Paragraph 20 makes no allegations against Tom and Keri Meier. To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21. Tom and Keri Meier deny paragraph 21.

22. Tom and Keri Meier deny paragraph 22.

23. Tom and Keri Meier deny the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Tom and Keri Meier To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Paragraph 25 makes no allegations against Tom and Keri Meier To the extent an answer is required to this paragraph, Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 26.

27. Tom and Keri Meier deny the allegations of paragraph 27.

28. Tom and Keri Meier deny paragraph 28.

29. Tom and Keri Meier deny paragraph 29.

30. Tom and Keri Meier deny paragraph 30.

31. Tom and Keri Meier are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 31.

32. Tom and Keri Meier deny paragraph 32.

33. Tom and Keri Meier deny paragraph 33.

34 - 43. Tom and Keri Meier deny paragraphs 34 through 43.

44 – 49. Tom and Keri Meier deny paragraphs 44 through 49.

50 – 54. Tom and Keri Meier deny paragraphs 50 through 54.

55 – 57. Tom and Keri Meier deny paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Tom and Keri Meier are required to admit or deny such a prayer for judgment, they deny paragraphs 58 through 69.

## SECOND DEFENSE

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Tom and Keri Meier have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Tom and Keri Meier have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or

origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution

has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

### FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

### FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

### SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

### SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Tom and Keri Meier had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Tom and Keri Meier pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Tom and Keri Meier demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN  46204
Telephone: (317) 822-0033
Fax:    (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, a copy of the foregoing Tom and Keri Meier's Answer to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com