UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## CHRISTINE WATERBURY'S ANSWER TO PLAINTIFF'S
## THIRD AMENDED COMPLAINT

Christine Waterbury, by counsel, for her Answer to Plaintiff's Third Amended Complaint states as follows:

## FIRST DEFENSE

1. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury denies said allegations.

4. Paragraph 4 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 4.

5. Paragraph 5 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 5.

6. Christine Waterbury denies paragraph 6.

7. Paragraph 7 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 7.

8. Paragraph 8 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 8.

9. Christine Waterbury denies paragraph 9.

10. Christine Waterbury admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 10.

11. Christine Waterbury admits this Court has subject matter jurisdiction but denies the remaining allegations in paragraph 11.

12. Christine Waterbury admits venue is proper to this district, but denies any remaining allegations of paragraph 12.

13. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 13.

14. Christine Waterbury denies the allegations of paragraph 14.

15. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 15.

16. Christine Waterbury denies the allegations of paragraph 16.

17. Christine Waterbury is without sufficient knowledge to form a belief as to the truth

of, and therefore denies the allegations of paragraph 17.

18. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 18.

19. Christine Waterbury denies the allegations of paragraph 19.

20. Paragraph 20 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 20.

21. Christine Waterbury denies paragraph 21.

22. Christine Waterbury denies paragraph 22.

23. Christine Waterbury denies the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 24.

25. Paragraph 25 makes no allegations against Christine Waterbury. To the extent an answer is required to this paragraph, Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 25.

26. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 26.

27. Christine Waterbury denies paragraph 27.

28. Christine Waterbury denies paragraph 28.

29. Christine Waterbury denies paragraph 29.

30. Christine Waterbury denies paragraph 30.

31. Christine Waterbury is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 31.

32. Christine Waterbury denies paragraph 32.

33. Christine Waterbury denies paragraph 33.

34 - 43. Christine Waterbury denies paragraphs 34 through 43.

44 – 49. Christine Waterbury denies paragraphs 44 through 49.

50 – 54. Christine Waterbury denies paragraphs 50 through 54.

55 – 57. Christine Waterbury denies paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Christine Waterbury is required to admit or deny such a prayer for judgment, she denies paragraphs 58 through 69.

## **SECOND DEFENSE**

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

## **THIRD DEFENSE**

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## **FOURTH DEFENSE**

Christine Waterbury has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has she falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of Oogles n Googles services.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Christine Waterbury has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

**NINTH DEFENSE**

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

**TENTH DEFENSE**

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the

fame of Google, Inc.'s trademarks.

**ELEVENTH DEFENSE**

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

**TWELFTH DEFENSE**

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has incurred no damages.

**FOURTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Christine Waterbury had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Christine Waterbury prays for judgment in her favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Christine Waterbury demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax: (317) 822-0055
E-mail: Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, a copy of the foregoing Christine Waterbury's Answer to Counterclaim to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
E-mail: Steve@IPLawIndiana.com
