# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**AMANDA AND DONNIE WILLIAMS' ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT**

Amanda and Donnie Williams, by counsel, for their Answer to Plaintiff's Third Amended

Complaint states as follows:

**FIRST DEFENSE**

1.      Amanda and Donnie Williams are without sufficient knowledge to form a belief

as to the truth of, and therefore deny the allegations of paragraph 1.

2.      Paragraph 2 makes no allegations against Amanda and Donnie Williams. To the

extent an answer is required to this paragraph, Amanda and Donnie Williams are without

sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations

of paragraph 2.

3.      Paragraph 3 makes no allegations against Amanda and Donnie Williams.  To the

extent an answer is required to this paragraph, Amanda and Donnie Williams deny said

allegations.

4.      Paragraph 4 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 4.

5.      Paragraph 5 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 5.

6.      Amanda and Donnie Williams deny paragraph 6.

7.      Paragraph 7 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 7.

8.       Paragraph 8 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 8.

9.      Amanda and Donnie Williams deny paragraph 9.

10.     Amanda and Donnie Williams admit that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but deny liability for such claims of paragraph 10.

11.     Amanda and Donnie Williams admit this Court has subject matter jurisdiction but deny any remaining allegations in paragraph 11.

12.     Amanda and Donnie Williams admit venue is proper in this district, but deny any remaining allegations of paragraph 12.

13.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 13.

14.     Amanda and Donnie Williams deny the allegations of paragraph 14.

15.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 15.

16.     Amanda and Donnie Williams deny the allegations of paragraph 16.

17.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 17.

18.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 18.

19.     Amanda and Donnie Williams deny the allegations of paragraph 19.

20.     Paragraph 20 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21.     Amanda and Donnie Williams deny paragraph 21.

22.     Amanda and Donnie Williams deny paragraph 22.

23.     Amanda and Donnie Williams deny the allegations of paragraph 23.

24.     Paragraph 24 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations

of paragraph 24.

25.     Paragraph 25 makes no allegations against Amanda and Donnie Williams. To the extent an answer is required to this paragraph, Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 26.

27.     Amanda and Donnie Williams deny the allegations of paragraph 27.

28.     Amanda and Donnie Williams deny paragraph 28.

29.     Amanda and Donnie Williams deny paragraph 29.

30.     Amanda and Donnie Williams deny paragraph 30.

31.     Amanda and Donnie Williams are without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 31.

32.     Amanda and Donnie Williams deny paragraph 32.

33.     Amanda and Donnie Williams deny paragraph 33.

34 - 43.     Amanda and Donnie Williams deny paragraphs 34 through 43.

44 – 49.     Amanda and Donnie Williams deny paragraphs 44 through 49.

50 – 54.     Amanda and Donnie Williams deny paragraphs 50 through 54.

55 – 57.     Amanda and Donnie Williams deny paragraphs 55 through 57.

58 – 69.     Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Amanda and Donnie Williams are required to admit or deny such a prayer for judgment, they deny paragraphs 58 through 69.

## SECOND DEFENSE

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

## FOURTH DEFENSE

Amanda and Donnie Williams have made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff and prior alleged owners or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

## SIXTH DEFENSE

Plaintiff's claims are barred because Amanda and Donnie Williams have done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the

source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

## SEVENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

## EIGHTH DEFENSE

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

. Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Amanda and Donnie Williams had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Amanda and Donnie Williams pray for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Amanda and Donnie Williams demand trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing Amanda and Donnie Williams' Answer to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Stephen L. Vaughan</u>
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
E-mail: <u>Steve@IPLawIndiana.com</u>