UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC ) | |
| ) | |
| Plaintiff/Counterdefendant ) | |
| ) | |
| ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. ) | |
| ) | |
| ) | |
| OOGLES N GOOGLES FRANCHISING LLC ) | |
| *et. al.* ) | |
| ) | |
| Defendant/Counterclaimant ) | |
| ) | |
| ************************************** ) | |
| ) | |
| OOGLES N GOOGLES FRANCHISING, LLC ) | |
| ) | |
| v. ) | |
| ) | |
| STELOR PRODUCTIONS, LLC and ) | |
| STEVEN A. ESRIG ) | |

**OOGLES N GOOGLES FRANCHISING'S ANSWER AND AMENDED
COUNTERCLAIM TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Oogles n Googles Franchising LLC (hereinafter "Oogles n Googles Franchising"), by counsel, for its Answer and Amended Counterclaim to Plaintiff's Third Amended Complaint state as follows:

**FIRST DEFENSE**

1. Oogles n Googles Franchising denies Stelor is a corporation, and is without sufficient knowledge to form a belief as to the truth of, and therefore denies the remaining allegations of paragraph 1.

2. Oogles n Googles Franchising admits that it is an Indiana limited liability company

and states that its principal place of business is in Carmel, Indiana. Oogles n Googles Franchising denies any remaining allegations in paragraph 2.

3. Paragraph 3 makes no allegations against Oogles n Googles Franchising. To the extent that an answer is required, Oogles n Googles Franchising denies paragraph 3.

4. Oogles n Googles admits Kevin Mendell is a member of Oogles n Googles Franchising LLC and Oogles n Googles Branding, LLC and states that he resides in Carmel, Indiana. Oogles n Googles denies any remaining allegations of paragraph 4.

5. Oogles n Googles denies Danya Mendell is a member or owner of Oogles n Googles Franchising LLC or Oogles n Googles Branding, LLC. Oogles n Googles Franchising states she resides in Carmel, Indiana, and that Danya and Kevin Mendell are husband and wife, but denies any remaining allegations in paragraph 5.

6. Oogles n Googles Franchising denies paragraph 6.

7. Oogles n Googles Franchising denies paragraph 7.

8. Oogles n Googles Franchising denies paragraph 8.

9. Oogles n Googles Franchising denies paragraph 9.

10. Oogles n Googles Franchising admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 10.

11. Oogles n Googles Franchising admits this Court has subject matter jurisdiction but denies the remaining allegations in paragraph 11.

12. Oogles n Googles Franchising admits venue is proper in this district, but denies the remaining allegations in paragraph 12.

13. Oogles n Googles Franchising denies the allegations of paragraph 13.

14. Oogles n Googles Franchising denies the allegations of paragraph 14.

15. Oogles n Googles Franchising is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 15.

16. Oogles n Googles Franchising denies the allegations of paragraph 16.

17. Oogles n Googles Franchising is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 17.

18. Oogles n Googles Franchising is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 18.

19. Oogles n Googles Franchising denies paragraph 19.

20. Oogles n Googles Franchising denies paragraph 20.

21. Oogles n Googles Franchising denies paragraph 21.

22. Oogles n Googles Franchising denies paragraph 22.

23. Oogles n Googles Franchising admits "ooglesngoogles.com" is registered as a domain name and that it advertises its services on that website, but denies any remaining allegations of paragraph 23.

24. Oogles n Googles Franchising admits that Kevin Mendell's attorney filed an application to register the Oogles n Googles trademark, but denies the remaining allegations in paragraph 24.

25. Oogles n Googles Franchising admits it offers for sale and has sold franchises, but denies the remaining allegations in paragraph 25.

26. Oogles n Googles Franchising denies paragraph 26.

27. Oogles n Googles Franchising denies paragraph 27.

28. Oogles n Googles Franchising denies paragraph 28.

29. Oogles n Googles Franchising denies paragraph 29.

30. Oogles n Googles Franchising denies paragraph 30.

31. Oogles n Googles Franchising is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 31.

32. Oogles n Googles Franchising denies paragraph 32.

33. Oogles n Googles Franchising denies paragraph 33.

34 - 43. Oogles n Googles Franchising denies paragraphs 34 through 43.

44 – 49. Oogles n Googles Franchising denies paragraphs 44 through 49.

50 – 54. Oogles n Googles Franchising denies paragraphs 50 through 54.

55 – 57. Oogles n Googles Franchising denies paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Oogles n Googles Franchising is required to admit or deny such a prayer for judgment, Oogles n Googles Franchising denies paragraphs 58 through 69.

**SECOND DEFENSE**

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

**THIRD DEFENSE**

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

**FOURTH DEFENSE**

Oogles n Googles Franchising has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has Oogles n Googles Franchising falsely

represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of its own services.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Oogles n Googles Franchising has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles Franchising services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

**NINTH DEFENSE**

.	Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

**TENTH DEFENSE**

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

**ELEVENTH DEFENSE**

Oogles n Googles Franchising's use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

**TWELFTH DEFENSE**

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has incurred no damages.

**FOURTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff and/or other alleged predecessor owners of the alleged trademarks have abandoned the alleged trademarks.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

**SEVENTEENTH DEFENSE**

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

**EIGHTEENTH DEFENSE**

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

**NINETEENTH DEFENSE**

Oogles n Googles Franchising had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks until Plaintiff opposed Kevin Mendell's registration of the Oogles n Googles trademark.

Wherefore, Oogles n Googles Franchising prays for judgment in its favor, costs of this action, includes attorney fees, and all other just and proper relief.

## AMENDED COUNTERCLAIM

Oogles n Googles Franchising LLC, for its Amended Counterclaim against Stelor Productions, LLC and Steven A. Esrig, states as follows:

1. Plaintiff Stelor Productions, LLC (formerly Stelor Productions, Inc.), alleges that the Defendants have infringed on Plaintiff's trademarks, more specifically a Googles word and design mark, an Oogle word mark, and Oggle word mark, and an Iggle word mark. (See Plaintiff's Second Amended Complaint, Doc. 83-2).

2. The Googles word and design mark issued on August 12, 1997 and was previously owned by The Googles Children's Workshop, Inc., a New Jersey corporation (Exh. 1).

3. The Googles Children's Workshop went defunct and was dissolved without assets on October 22, 1997 (Exh. 2). Thereafter, at the direction of Steven A. Esrig, attorney and Ira Edell of Rockville, Maryland filed a combined Declaration of Use and Incontestability under Sections 8 and 15 of the Trademark Act on or about March 25, 2003. Edell attested that The Googles Children's Workshop was located and doing business in Potomac, Maryland on that date and that the Googles word and design mark was in use and had been in continuous use in interstate commerce for more than five (5) consecutive years from June, 1996 (Exh. 3).

4. The renewal for the registration of the Googles word and design mark filed on behalf of The Googles Children's Workshop, Inc. a non-existent corporation, was a misrepresentation to the U.S. Patent and Trademark Office.

5. The filing of the trademark registration renewal for the Googles word and design mark was a fraud on the U.S. Patent and Trademark Office.

6. The Googles word and design mark was abandoned prior to this fraudulent filing.

7. At all times relevant to the renewal of the Googles word and design mark, Edell was acting at the direction of and as the agent of Esrig. Esrig is therefore legally responsible as the principal for Edell's acts and misrepresentations.

8. Plaintiff also alleges infringement of the word marks Oogle, Oggle and Iggle.

9. Plaintiff and other purported prior owners or licensees of the Oogle, Oggle, and Iggle word marks have not used and did not continuously use those words in commerce as identifiers of a source of goods or services.

10. The words Oogle, Oggle and Iggle are not trademarks.

11. Alternatively, the Oogle, Iggle, and Oggle word marks have been abandoned by Stelor Productions, LLC and/or purported prior owners or licensees of these alleged trademarks.

12. The instant litigation was initiated by Stelor Productions, Inc. at the direction of Steven A. Esrig.

13. Esrig knew or should have known with the exercise of ordinary diligence that Stelor Productions, LLC has no trademark rights in the words Oogle, Oggle and Iggle, and even if it did, Esrig knew or should have known in the exercise of ordinary diligence that the Oogles n Googles name and trademark does not infringe Stelor Productions, LLC's alleged trademarks.

14. The conduct of Esrig and Stelor Productions, LLC is and was frivolous, intended for harassment and this is an exceptional case under the Trademark Act which

warrants an award of attorney's fees and costs to Defendants and against Steven A. Esrig and Stelor Productions, LLC.

Wherefore, Oogles n Googles Franchising LLC, by counsel, prays for a declaratory judgment that the Googles word and design mark, the Oogle word mark, the Oggle word mark, and the Iggle word mark are invalid, for an order directing the U. S. Patent and Trademark Office to cancel any registrations for these marks, for attorney's fees and costs pursuant to the Federal Trademark Act and for frivolous litigation, for a judgment that Stelor Productions, LLC and Steven A. Esrig are jointly and severally liable to Defendants for attorney's fees and costs, and for all other just and proper relief.

## JURY DEMAND

Oogles n Googles Franchising demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
Telephone: (317) 822-0033
Fax:    (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, a copy of the foregoing Oogles n Google Franchising's Answer to Counterclaim to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com