UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case Number: 1:05-CV-0354-DFH-TAB |
| | ) |
| OOGLES N GOOGLES FRANCHISING LLC, *et. al.* | ) |
| | ) |
| Defendants | ) |

## DEFENDANTS' MOTION TO EXTEND
## CERTAIN CASE MANAGEMENT PLAN DEADLINES

Defendants, by counsel, for their Motion to Extend Certain Case Management Plan Deadlines states as follows:

1. On March 14, 2008, Defendants served Plaintiffs with written Interrogatories and Requests for Production.

2. The trademarks asserted by the Plaintiff in this trademark infringement have a lengthy and bizarre history. In 1988, Steven A. Silvers ("Silvers"), his brother, Gary, and George Chaconas a/k/a "Little George" Chaconas were indicted in U. S. District Court in Maryland for their part in a major cocaine trafficking enterprise that transported cocaine from Miami for distribution in Maryland and Virginia. Silvers wrote a children's book while in federal prison serving time for convictions on those charges. One of the asserted trademarks is a word and design mark that is the face of an alien character in Silver's book named Googles. While in prison, Silvers and/or his father formed a New Jersey corporation

called The Googles Children's Workshop, Inc. which was dissolved a couple of months after the federal registration for the Googles word and design mark was issued in 1997. After his release from prison, Silvers lived with his sister for a short time in Potomac, Maryland, then moved back to the Miami area where he lived when he was indicted. In 1998 and/or 1999, Silvers attempted to sell his book on the internet with no success. In 2000, Silvers purported to license his "intellectual property" to a start-up Miami area company called The Aurora Collection, Inc. ("Aurora") that was formed in 1999. Also in the year 2000, Steven A. Esrig of Darnestown, Maryland claims he learned of Aurora from a yet-to-be identified friend on Aurora's board of directors. Esrig later invested in Aurora, and claims he and his company E.G.G. International, LLC acted as a consultant for Aurora. In 2002, Esrig formed Stelor Productions, Inc. which operated out of his house in Darnestown, Maryland. In 2002, Stelor Productions, Inc. entered into a license agreement with Silvers and an asset purchase agreement with Aurora to use the trademarks asserted in this case. Esrig has testified he has all of Aurora's business records. In 2003, Aurora's former president, Myles Farrington, was convicted on federal money laundering charges and sentenced to fifty-four (54) months in prison for a multi-million dollar investment scam (a Ponzi scheme) in South Florida that Farrington operated before and during the time he was president of Aurora. In 2004 and thereafter, Silvers and Stelor Productions, Inc. sued each other in at least three (3) separate lawsuits in South Florida. Each claimed the rights to exploit the Googles word and design mark against Google, Inc. (the search engine company) and others. In 2005, Silvers sued Google, Inc. in U. S. District Court in the Southern District of Florida (Case No. 9:2005cv80387) alleging infringement of the same Googles word and design mark asserted

in this case. Stelor and Silvers apparently settled their disputes in late 2007, and Stelor is now the Plaintiff in the case against Google, Inc.

3.	On March 14, 2008, the undersigned served Stelor with Defendants with First Interrogatories and Requests for Production. One purpose of the written discovery was to identify witnesses that could be deposed for the purpose of filing a Motion for Summary Judgment on all of Stelor's claims in this case. Stelor missed that deadline for responding to the First Interrogatories and Requests for Production, and the Court entered an order requiring Stelor to respond to the written discovery by July 11, 2008. The undersigned received partial discovery responses on July 25, 2008. A substantial number of the discovery responses were missing, apparently due to an envelope being torn while the documents were in transit in the U. S. mail. The numerical order of the written responses was scrambled, apparently due to clerical staff issues at Stelor. For a period of four (4) or five (5) weeks thereafter, counsel for the parties corresponded to attempt to identify the discovery responses that did not arrive. Counsel for Stelor then offered and agreed to resend a second set of the written discovery responses which were received this past Friday, September 26, 2008. The answers to the Interrogatories and responses to Requests for Production appear to be complete in that an answer and/or objection is provided to each Interrogatory and Request for Production. However, Defendants still have many issues with respect to documents and information being withheld due to Stelor's objections. Counsel for the parties have scheduled a Local Rule 37.1 conference for next Tuesday, October 7, 2008, to make a good faith effort to resolve those differences.

4.	Potential witnesses in this case are located in Maryland and Florida, and possibly other states. It will be time consuming, not to mention expensive, to schedule and

take out-of-state depositions, and it would be prejudicial to the defense to attempt to identify deponents and take depositions without complete discovery from Stelor. Defendants will be prejudiced if Defendants are not accorded sufficient time to locate and depose out-of state witnesses after Stelor fully responds to the First Interrogatories and Requests For Production. The same prejudice applies to Defendants making expert disclosures without Stelor's complete discovery responses.

5. Assuming that documents and information which have been withheld to date by Stelor are produced promptly, Defendants anticipate that the depositions needed for the Motion for Summary Judgment can be obtained if the following deadlines are extended as follows:

    a. Dispositive motion deadline from October 1, 2008 to December 5, 2008 (Case Management Plan, Doc.117-2, para. IV. B)

    b. Defendants' expert disclosures from October 15, 2008 to December 5, 2008 (Case Management Plan, Doc.117-2, para. III.G)

    c. Non- expert discovery cutoff from November 16, 2008 to December 17, 2008 (Case Management Plan, Doc.117-2, para. IV.B)

6. Defendants fully expect this case to be fully disposed of on their Motion for Summary Judgment. If that does not occur, Defendants intend to keep this case on track for trial on March 2, 2009. Oogles n Googles Franchising, LLC is a very small company that started up in 2002 that has been successful in building a franchise network throughout the country and is anxious to conclude the inconvenience this lawsuit has caused to its business and franchisees.

7. The undersigned has conferred with counsel for Stelor. Opposing counsel does not object to extending the aforementioned deadlines. Stelor's Counsel also advises that Stelor will be filing its own Motion to Extend the Case Management Plan deadlines.

Wherefore, Defendants move that the Case Management Plan deadlines be extended as set forth in paragraph 5 above.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com