UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) | |
| | ) | |
| | ) | |
| OOGLES N GOOGLES FRANCHISING LLC | ) | |
| *et. al.* | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## MENDELL ENTERPRISES, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Mendell Enterprises, LLC, by counsel, for their Answer to Plaintiff's Third Amended Complaint states as follows:

### FIRST DEFENSE

1. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies the allegations of paragraph 2.

3. Paragraph 3 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies said allegations.

4. Paragraph 4 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies the allegations of

paragraph 4.

5. Paragraph 5 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies the allegations of paragraph 5.

6. Mendell Enterprises denies paragraph 6.

7. Paragraph 7 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies the allegations of paragraph 7.

8. Paragraph 8 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises denies the allegations of paragraph 8.

9. Mendell Enterprises denies paragraph 9.

10. Mendell Enterprises admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 10.

11. Mendell Enterprises admits this Court has subject matter jurisdiction but denies any remaining allegations in paragraph 11.

12. Mendell Enterprises admits venue is proper in this district, but denies any remaining allegations of paragraph 12.

13. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 13.

14. Mendell Enterprises denies the allegations of paragraph 14.

15. Mendell Enterprises is without sufficient knowledge to form a belief as to the

truth of, and therefore denies the allegations of paragraph 15.

16. Mendell Enterprises denies the allegations of paragraph 16.

17. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 17.

18. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 18.

19. Mendell Enterprises denies the allegations of paragraph 19.

20. Paragraph 20 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 20.

21. Mendell Enterprises denies paragraph 21.

22. Mendell Enterprises denies paragraph 22.

23. Mendell Enterprises denies the allegations of paragraph 23.

24. Paragraph 24 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 24.

25. Paragraph 25 makes no allegations against Mendell Enterprises. To the extent an answer is required to this paragraph, Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore deny the allegations of paragraph 25.

26. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 26.

27. Mendell Enterprises denies the allegations of paragraph 27.

28. Mendell Enterprises denies paragraph 28.

29. Mendell Enterprises denies paragraph 29.

30. Mendell Enterprises denies paragraph 30.

31. Mendell Enterprises is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 31.

32. Mendell Enterprises denies paragraph 32.

33. Mendell Enterprises denies paragraph 33.

34 - 43. Mendell Enterprises denies paragraphs 34 through 43.

44 – 49. Mendell Enterprises denies paragraphs 44 through 49.

50 – 54. Mendell Enterprises denies paragraphs 50 through 54.

55 – 57. Mendell Enterprises denies paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Mendell Enterprises is required to admit or deny such a prayer for judgment, it denies paragraphs 58 through 69.

**SECOND DEFENSE**

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

**THIRD DEFENSE**

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

**FOURTH DEFENSE**

Mendell Enterprises has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor have they falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin Oogles n Googles own services.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners and/or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Mendell Enterprises has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles' services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.   Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiff and/or other alleged predecessor owners and/or licensees of the alleged trademarks have abandoned the alleged trademarks.

## SIXTEENTH DEFENSE

Subject to discovery, Plaintiff has failed to mitigate its damages.

## SEVENTEENTH DEFENSE

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

## EIGHTEENTH DEFENSE

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

## NINETEENTH DEFENSE

Mendell Enterprises had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks prior to being notified of Plaintiff's lawsuit.

Wherefore, Mendell Enterprises prays for judgment in their favor, costs of this action including attorney fees, and all other just and proper relief.

## JURY DEMAND

Mendell Enterprises demands trial by jury.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN   46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2008, a copy of the foregoing Mendell Enterprises' Answer to Counterclaim to Plaintiff's Third Amended Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com