UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC ) | |
| ) | |
| Plaintiff/Counterdefendant ) | |
| ) | |
| ) | Case Number: 1:05-CV-0354-DFH-TAB |
| v. ) | |
| ) | |
| ) | |
| OOGLES N GOOGLES FRANCHISING LLC ) | |
| *et. al.* ) | |
| ) | |
| Defendant/Counterclaimant ) | |
| ) | |
| ************************************* ) | |
| ) | |
| OOGLES N GOOGLES FRANCHISING, LLC ) | |
| OOGLES N GOOGLES BRANDING, LLC ) | |
| ) | |
| Defendants/Counterclaimants ) | |
| ) | |
| v. ) | |
| ) | |
| STELOR PRODUCTIONS, LLC ) | |
| ) | |
| Plaintiff/Counterdefendant ) | |
| ) | |
| STEVEN A. ESRIG ) | |
| ) | |
| Third-Party Defendant ) | |

**<u>OOGLES N GOOGLES BRANDING'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT</u>**

Oogles n Googles Branding, LLC (hereinafter "Oogles n Googles Branding"), by counsel, for its Answer to Plaintiff's Third Amended Complaint, Counterclaim, and Third-Party Complaint state as follows:

# FIRST DEFENSE

1. Oogles n Googles Branding denies Stelor is a corporation, and is without sufficient knowledge to form a belief as to the truth of, and therefore denies the remaining allegations of paragraph 1.

2. Paragraph 2 makes no allegations against Oogles n Googles Branding. To the extent that an answer is required, Oogles n Googles Branding denies the allegations in paragraph 2.

3. Oogles n Googles Branding admits it is an Indiana limited liability company and states that its principal place of business is in Carmel, Indiana. Oogles n Googles Branding denies any remaining allegations of paragraph 3.

4. Oogles n Googles Branding admits Kevin Mendell is a member of Oogles n Googles Franchising LLC and Oogles n Googles Branding, LLC and states that he resides in Carmel, Indiana. Oogles n Googles denies any remaining allegations of paragraph 4.

5. Oogles n Googles Branding denies Danya Mendell is a member or owner of Oogles n Googles Franchising LLC or Oogles n Googles Branding, LLC. Oogles n Googles Branding states Danya and Kevin Mendell reside in Carmel, Indiana, and that Danya and Kevin Mendell are husband and wife, but denies any remaining allegations in paragraph 5.

6. Oogles n Googles Branding denies paragraph 6.

7. Oogles n Googles Branding denies paragraph 7.

8. Oogles n Googles Branding denies paragraph 8.

9. Oogles n Googles Branding denies paragraph 9.

10. Oogles n Googles Branding admits that Plaintiff makes claims for trademark infringement, unfair competition, and dilution, but denies liability for such claims of paragraph 10.

11. Oogles n Googles Branding admits this Court has subject matter jurisdiction but denies the remaining allegations in paragraph 11.

12. Oogles n Googles Branding admits venue is proper in this district, but denies the remaining allegations in paragraph 12.

13. Oogles n Googles Branding denies the allegations of paragraph 13.

14. Oogles n Googles Branding denies the allegations of paragraph 14.

15. Oogles n Googles Branding is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 15.

16. Oogles n Googles Branding denies the allegations of paragraph 16.

17. Oogles n Googles Branding is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 17.

18. Oogles n Googles Branding is without sufficient knowledge to form a belief as to the truth of, and therefore denies the allegations of paragraph 18.

19. Oogles n Googles Branding denies paragraph 19.

20. Oogles n Googles Branding denies paragraph 20.

21. Oogles n Googles Branding denies paragraph 21.

22. Oogles n Googles Branding denies paragraph 22.

23. Oogles n Googles Branding denies paragraph 23.

24. Oogles n Googles Branding admits that Kevin Mendell's attorney filed an application to register the Oogles n Googles trademark, but denies the remaining allegations in paragraph 24.

25. Oogles n Googles Branding denies paragraph 25.

26. Oogles n Googles Branding denies paragraph 26.

27. Oogles n Googles Branding denies paragraph 27.

28. Oogles n Googles Branding denies paragraph 28.

29. Oogles n Googles Branding denies paragraph 29.

30. Oogles n Googles Branding denies paragraph 30.

31. Oogles n Googles Branding denies paragraph 31.

32. Oogles n Googles Branding denies paragraph 32.

33. Oogles n Googles Branding denies paragraph 33.

34 - 43. Oogles n Googles Branding denies paragraphs 34 through 43.

44 – 49. Oogles n Googles Branding denies paragraphs 44 through 49.

50 – 54. Oogles n Googles Branding denies paragraphs 50 through 54.

55 – 57. Oogles n Googles Branding denies paragraphs 55 through 57.

58 – 69. Paragraphs 58 through 69 comprise a prayer for judgment by the Plaintiff. To the extent that Oogles n Googles Branding is required to admit or deny such a prayer for judgment, Oogles n Googles Branding denies paragraphs 58 through 69.

## SECOND DEFENSE

Plaintiff's Third Amended Complaint fails to state claim upon which relief can be granted.

## THIRD DEFENSE

The Oogles n Googles name and trademark do not infringe Plaintiff's alleged trademarks because there is no likelihood of confusion between the Oogles n Googles name and Plaintiff's alleged trademarks or between Oogles n Googles services and any goods or services allegedly offered for sale by Plaintiff.

**FOURTH DEFENSE**

Oogles n Googles Branding has made no representations whatsoever regarding Plaintiff's alleged goods and services, nor has Oogles n Googles Branding falsely represented any facts pertaining the origin, sponsorship, approval, quality, characteristics, or geographic origin of its own services.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff and prior alleged owners and/or licensees of the alleged trademarks have not used such marks in commerce as trademarks to identify the source or origin of its alleged goods or services.

**SIXTH DEFENSE**

Plaintiff's claims are barred because Oogles n Googles Branding has done nothing to mislead, deceive or confuse consumers or to generate likelihood of confusion as to the source or origin of Oogles n Googles Branding's services, or the source or origin of Plaintiff's alleged goods and services.

**SEVENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by doctrine of unclean hands.

**EIGHTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred by fair use.

## NINTH DEFENSE

.    Subject to discovery, Plaintiff's claims are barred by laches and/or statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged trademarks are not famous except to the extent the Google, Inc., has made the word "Google" famous; Plaintiff has no right to make claims based upon the fame of Google, Inc.'s trademarks.

## ELEVENTH DEFENSE

Oogles n Googles Branding's use of its name and trademark in commerce preceded any alleged fame of Plaintiff's alleged trademarks.

## TWELFTH DEFENSE

Plaintiff's alleged trademarks are not distinctive or famous and in any case no dilution has occurred to Plaintiff's alleged trademarks irrespective of their lack of distinctiveness or fame.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has incurred no damages.

## FOURTEENTH DEFENSE

Subject to discovery, Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff and/or other alleged predecessor owners and/or licensees of the alleged trademarks have abandoned the alleged trademarks.

**SIXTEENTH DEFENSE**

Subject to discovery, Plaintiff has failed to mitigate its damages.

**SEVENTEENTH DEFENSE**

Plaintiff and/or the prior alleged owner(s) of the alleged trademarks committed fraud on the U.S. Patent and Trademark Office.

**EIGHTEENTH DEFENSE**

Plaintiff does not have a federal registration for the word "googles" as a trademark, nor does Plaintiff have any common law or other trademark rights to the word "googles".

**NINETEENTH DEFENSE**

Oogles n Googles Branding had no knowledge or notice of Plaintiff, Plaintiff's alleged goods and services, or Plaintiff's alleged trademarks until Plaintiff opposed Kevin Mendell's registration of the Oogles n Googles Branding trademark.

Wherefore, Oogles n Googles Branding prays for judgment in its favor, costs of this action, includes attorney fees, and all other just and proper relief.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Oogles n Googles Branding, for its Counterclaim against Stelor Productions, LLC and Third-Party Complaint against Steven A. Esrig, states as follows:

1. Plaintiff Stelor Productions, LLC (formerly Stelor Productions, Inc.), alleges that the Defendants have infringed on Plaintiff's trademarks, more specifically a Googles word and design mark, an Oogle word mark, and Oggle word mark, and an Iggle word mark. (See Plaintiff's Third Amended Complaint, Doc. 180-2).

2. The Googles word and design mark issued on August 12, 1997 and was previously owned by The Googles Children's Workshop, Inc., a New Jersey corporation (Exh. 1).

3. The Googles Children's Workshop went defunct and was dissolved without assets on October 22, 1997 (Exh. 2). Thereafter, at the direction of Steven A. Esrig, attorney Ira Edell of Rockville, Maryland filed a combined Declaration of Use and Incontestability ("Declaration") under Sections 8 and 15 of the Trademark Act on or about March 25, 2003. Edell attested that The Googles Children's Workshop was located and doing business in Potomac, Maryland on that date and that the Googles word and design mark was in use and had been in continuous use in interstate commerce for more than five (5) consecutive years from June, 1996 (Exh. 3).

4. The Declaration regarding the Googles word and design mark filed on behalf of The Googles Children's Workshop, Inc. a non-existent corporation, was a misrepresentation to the U.S. Patent and Trademark Office.

5. The filing of the Declaration regarding the Googles word and design mark was a fraud on the U.S. Patent and Trademark Office.

6. The Googles word and design mark was abandoned prior to this fraudulent filing.

7. At all times relevant to the renewal of the Googles word and design mark, Edell was acting at the direction of and as the agent of Esrig. Esrig is therefore legally responsible as the principal for Edell's acts and misrepresentations.

8. Plaintiff also alleges infringement of the word marks Oogle, Oggle and Iggle.

9. Plaintiff and other purported prior owners or licensees of the Oogle, Oggle, and Iggle word marks have not used and did not continuously use those words in commerce as identifiers of a source of goods or services.

10. The words Oogle, Oggle and Iggle are not trademarks.

11. Alternatively, the Oogle, Iggle, and Oggle word marks have been abandoned by Stelor Productions, LLC and/or purported prior owners or licensees of these alleged trademarks.

12. The instant litigation was initiated by Stelor Productions, Inc. at the direction of Steven A. Esrig.

13. Esrig knew or should have known with the exercise of ordinary diligence that Stelor Productions, LLC has no trademark rights in the words Oogle, Oggle and Iggle, and even if it did, Esrig knew or should have known in the exercise of ordinary diligence that the Oogles n Googles name and trademark does not infringe Stelor Productions, LLC's alleged trademarks.

14. The conduct of Esrig and Stelor Productions, LLC is and was frivolous and intended for harassment. This is an exceptional case under the Trademark Act which

9

warrants an award of attorney's fees and costs to Defendants and against Steven A. Esrig and Stelor Productions, LLC.

Wherefore, Oogles n Googles Branding, by counsel, prays for a declaratory judgment that the Googles word and design mark, the Oogle word mark, the Oggle word mark, and the Iggle word mark are invalid, for an order directing the U. S. Patent and Trademark Office to cancel any registrations for these marks, for attorney's fees and costs pursuant to the Federal Trademark Act and for frivolous litigation, for a judgment that Stelor Productions, LLC and Steven A. Esrig are jointly and severally liable to Defendants for Defendants' attorney's fees and costs, and for all other just and proper relief.

## JURY DEMAND

Oogles n Googles Branding demands trial by jury.

> Respectfully submitted by:
>
> /s/ Stephen L. Vaughan
> Stephen L. Vaughan, #2294-49
> INDIANO VAUGHAN LLP
> One N. Pennsylvania Street, Suite 1300
> Indianapolis, IN   46204
> Telephone: (317) 822-0033
> Fax:    (317) 822-0055
> E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2008, a copy of the foregoing Oogles n Google Branding's Answer to Plaintiff's Third Amended Complaint, Counterclaim, and Third-Party Complaint was filed electronically on all counsel of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
E-mail: Steve@IPLawIndiana.com