IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Case No. 1:05-cv-0354-DFH-TAB |
| OOGLES N GOOGLES FRANCHISING, LLC, et. al. | ) |
| Defendants/Counter-Plaintiffs and Third Party Plaintiff | ) |
| ***************************************** | ) |
| OOGLES N GOOGLES FRANCHISING, LLC, | ) |
| v. | ) |
| STELOR PRODUCTIONS, LLC, | ) |
| Counter-Defendant, and | ) |
| STEVEN A. ESRIG, | ) |
| Third Party Defendant. | ) |

## MOTION FOR PROTECTIVE ORDER

Plaintiff/Counter-Defendant, Stelor Productions, LLC, by counsel, hereby moves for a protective order under Fed. R. Civ. P. 26(c) requiring the Defendant to limit his discovery to non-privileged matters of relevance to the instant action and to refrain from engaging in process that unduly burdens Plaintiff/Counter-Defendant or harasses Plaintiff/Counter-Defendant or other individuals or entities. In support of this Motion, the Plaintiff/Counter-Defendant states the following:

1. Defendant/Counter-Plaintiff, Oogles N Googles has propounded two sets of Interrogatories and two sets of Production Requests.

2. In total, including sub-parts, there are over 500 interrogatories. This number is

without multiplying for questions that ask for information about multiple individuals, entities or matters. If you include this multiplier then the number of interrogatories is well over 1,000.

3. In total, including subparts, there are over 300 production requests. This number is without multiplying for questions that ask for information about multiple individuals, entities or matters. If you include this multiplier then the number of interrogatories is well over 500.[1]

4. On October 8, 2008 and October 17, 2008 counsel for Plaintiff/Counter-Defendant and counsel for Defendant/Counter-Plaintiff engaged in teleconferences in a good faith attempt to resolve this dispute without court action. Plaintiff/Counter-Defendant's efforts to reach agreement without Court intervention are described in greater detail in the separate Statement of Compliance with Local Rule 37.1 being filed contemporaneously herewith.

5. The Supreme Court has held that a bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise, or vague guesses is called a 'fishing bill,' and will be dismissed. *See Carpenter v. Winn*, 31 S.Ct. 683, 685 (U.S. 1911).

6. The Defendants/Counter-Plaintiffs' discovery practice has left the friendly shores of relevancy, privilege and privacy, and is now firmly fishing in unduly burdensome waters.

7. It is one thing to cast ones net and collect what can be collected, it is altogether another to traverse the deep ocean putting out lines of traps in hopes of something untoward crawling in.

8. Defendants/Counter-Plaintiff's counsel, most likely in the name of zealous advocacy, has unwittingly crossed the line between permissible discovery process and process that harasses not only the Plaintiff/Counter Defendants but also private citizens and entities.

9. Defendants/Counter-Plaintiffs has gone into waters where U.S. law is ignored with overly aggressive efforts to pierce the corporate veil and harass people and organizations that have nothing to do with the operation of Plaintiff/Defendant Stelor Productions, LLC.

10. Not unlike the protagonist from Ernest Hemingway's *The Old Man and the Sea,* Counsel for Defendants/Counter-Plaintiffs has ventured too far out to sea and must be brought back to shore.

11. Attached hereto as Exhibit A is a summary of the Plaintiff/Counter-Plaintiff's objections.

WHEREFORE, Plaintiff/Counter-Defendant, Stelor Productions, LLC, by counsel, respectfully requests that this Court enter a protective order limiting the Defendants/Counter-Plaintiffs' discovery to non-privileged matters directly relating to the registration and use of the Trademarks in question as outlined in the pleadings, ordering that Plaintiff/Counter-Defendant need not respond to the discovery requests identified in Exhibit A attached hereto, and granting all other proper relief.

Respectfully submitted,

s/*Michael A. Dorelli*
John David Hoover, Attorney No. 7945-49
Michael A. Dorelli, Attorney No. 20862-49
HOOVER HULL LLP
111 Monument Circle, Ste. 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Fax: (317) 822-0234
E-mail: jdhoover@hooverhull.com
mdorelli@hooverhull.com

---

[1] Due to the volume of the Defendants' overly burdensome discovery, Plaintiff/Counter-Defendant has not attached them to this Motion. If the Court would like a copy of the discovery in its entirety in advance of the hearing on this Motion, Plaintiff/Counter-Defendant will submit a copy.

Of counsel:

Robert Merz
Stelor Productions, LLC
19110 Montgomery Village Avenue, #320,
Montgomery Village, MD 20886
Tel: (301) 963-0000
Fax: (301) 740-7552
Email: b.merz@stelorproductions.com


Attorneys for Plaintiff/Counter-Defendant, Stelor Productions, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2008, a copy of the foregoing was filed electronically, and that notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stephen L. Vaughan
Steve@IPLawIndiana.com


                                        s/ *Michael A. Dorelli*