UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| OOGLES N GOOGLES | ) |
| FRANCHISING, LLC, | ) |
| | ) |
| Defendants/Counter-Plaintiffs | ) |
| and, Third Party Plaintiff | ) |
| | ) |
| ******************************** | ) |
| OOGLES N GOOGLES | ) |
| FRANCHISING LLC., and | ) |
| OOGLES N GOOGLES | ) |
| BRANDING, LLC | ) |
| | ) |
| v. | ) |
| | ) |
| STELOR PRODUCTIONS, LLC., | ) |
| | ) |
| Counter-Defendant, and | ) |
| | ) |
| STEVEN A. ESRIG, | ) |
| | ) |
| Third Party Defendant, | ) |

### DEFENDANTS' RESPONSE TO STELOR'S MOTION TO AMEND THE CASE MANAGEMENT SCHEDULE

Defendants, by counsel, for the Response to Stelors' Motion to Amend the Case Management Schedule state as follows:

#### I. Stelor Has Missed the Deadlines to Serve Written Discovery and Disclose Experts

The Court is well aware of Stelor's inability to meet the Courts' deadlines. Stelor filed this case in 2005 while in the midst of a legal dispute with its licensor, Steven A.

Silvers as to which of the two had the right to sue Google, Inc. and others for infringement of the alleged trademarks. At Mr. Merz's request, the Court has already amended the Case Management Plan once and continued the trial from August, 2008 until March 2, 2009. Mr. Merz appeared in this case in March, 2008. Since that time, Stelor has served no written discovery upon Defendants and has not identified any experts. The deadline for the parties to serve written discovery was September 16, 2008 and the deadline for Stelor to identify experts and to provide expert reports was September 15, 2008. Stelor did not timely move to extend either deadline. Belatedly, Stelor now seeks a do-over on the Case Management Plan.

Defendants strenuously object to the length of the proposed extensions of the deadlines for service of written discovery and for Plaintiff's disclosure of experts and expert reports. This case was filed in May, 2005. Stelor has had eight (8) months since Mr. Merz appeared to attend to conduct written discovery and retain experts. At the same time, Stelor has been dilatory and uncooperative with responding to Defendants' Interrogatories and Requests for Production served March 14, 2008. Moreover, Stelor is attempting to object to Defendants' Second Interrogatories and Requests for Production through August 29, 2008 by misrepresenting to the Court that a F. R .C. P. 37.1 discovery dispute conference had been held with respect to that written discovery.

Stelor has created a record of delay and lack of cooperation with the discovery process. Plaintiff has given a number of reasons for its delays in responding to Defendants' First Interrogatories and Requests for Production. Stelor missed the first deadline of May 14, 2008 for responding because Stelor's president, Steven Esrig, allegedly had back surgery. Stelor missed the second deadline of July 11, 2008 set by the Court for responding to discovery because Stelor's copier wasn't working. Mr. Merz

2

advised the Court on September 24, 2008 that he would be withdrawing his appearance, but still has not done so. Most recently, Stelor moved to continue the discovery dispute hearing because Mr. Merz was busy with depositions in Stelor's case against Google, Inc. for infringement of the same trademark Stelor asserts against Oogles n Googles.

If the Court sees fit to extend the Case Management deadlines, Stelor will be rewarded for its dilatory and non-cooperative behavior. Defendants request that Stelor be given no more than thirty (30) days to serve written discovery on Defendants and to provide Defendants with its expert disclosures and reports. Stelor has had ample time (the same amount of time as Defendants) to conduct written discovery and to locate and retain experts. If Stelor cannot accomplish those tasks within the next thirty (30) days, Stelor should be prohibited from doing so at all.

Stelor's dilatory approach to Defendants' First Interrogatories and Requests for Production has deprived Defendants of the documents needed to identify and take depositions. The Court respectfully requests that the Court set a date certain for Plaintiff to fully respond to all of the Defendants' written discovery, provide expert disclosures, and requests a sixty (60) day period thereafter to conduct depositions and serve Defendants expert disclosure. Defendants request an additional fifteen (15) days after that date for Defendants to complete their Motions for Summary Judgment. All of the potential witnesses are located out of state, and it will take some to time to identify and locate witnesses once Stelor complies with Defendants' discovery requests.

## II. Written Discovery

After Mr. Merz appeared in March, 2008, he refused to agree to the undersigned's requests for limitations on written discovery. The Court entered Defendants' proposed Case Management Plan Order that limited the number of Requests for Production that

could be served by the parties.(Doc. 117-2). In attempt to avoid responsibility for not conducting its own discovery, Stelor misrepresents the current Case Management Plan to the Court. The current Case Management Plan provides that Stelor could have served twenty five (25) additional Requests for Production on Defendants for a total of one thousand nine hundred seventy five (1975) requests, but Stelor simply has not done so. Stelor's assertion that complies with the Case Management Plan that if "has exhausted the discovery permitted by the Court" is a blatant falsehood. Stelor has not yet exhausted the allowable discovery with respect to the Defendants added by the First Amended Complaint, and has served no written discovery at all on the Defendants added by the Second and Third Amended Complaints.

Stelor now wants limitations on written discovery after Defendants have served discovery that complies with the current Case Management Plan. With respect to Interrogatories, Rule 37 provides that each party may serve twenty five (25) Interrogatories on an opposing party. There are currently seventy (79) current Defendants in this case. Thus, Stelor could conceivably serve a total of One Thousand Nine Seventy Five (1975) Interrogatories on Defendants, and the converse is also true. The Interrogatories that have been served on Stelor are well within the limitation of the rules, including subparts.

With respect to Requests for Production, the current Case Management Plan permitted the Defendants to submit an additional two hundred (200) Requests for Production on Stelor additional to those which had already been served on March 14, 2008. Including subparts, the undersigned has served an additional one hundred (178) Requests for Production on Stelor which complies with the current Case Management Plan limitations. After the fact, Stelor is trying to limit Defendants to a total of two hundred (200) Requests for Production. At the same time, Stelor is asking the Court for permission

4

to serve a total of two thousand two hundred fifty (2,250) Requests for Production on Defendants.

The undersigned will abide by any limitations that the Court sets.  However, Stelor's after-the-fact proposal to seek limitations after-the-fact written discovery which has already been served is unfair, inequitable, and should not be sanctioned by the Court. Stelor should be required to answer Defendants' second written discovery.

Respectfully submitted by:

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 1300
Indianapolis, IN 46204
Telephone: (317) 822-0033
Fax:     (317) 822-0055
E-mail:  Steve@IPLawIndiana.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen L. Vaughan
Stephen L. Vaughan, #2294-49
INDIANO VAUGHAN LLP
One N. Pennsylvania Street, Suite 850
Indianapolis, IN  46204
E-mail: Steve@IPLawIndiana.com
