UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0354-DFH-TAB |
| | ) | |
| OOGLES N GOOGLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DISCOVERY AND CASE MANAGEMENT
FOLLOWING NOVEMBER 17, 2008, HEARING**

## I.   Introduction.

Although Plaintiff filed this action over three and one-half years ago, the parties are still engaging in—and fighting over—discovery. Most recently, Plaintiff filed a motion for protective order [Docket No. 276] that cites Ernest Hemingway's *The Old Man and the Sea* and uses whimsical nautical illusions to accuse Defendants of serious discovery abuse. Also pending is another round of motions [Docket Nos. 262, 274] seeking enlargements of the Case Management Plan deadlines. The parties already have sought and received so many enlargements of the CMP deadlines that, quite frankly, the Court has nearly lost count.

In an effort to right this litigation ship—which appears to be sailing far off course—the Court held a hearing on November 17, 2008. The parties appeared by counsel and were given an opportunity to be heard on the foregoing motions. For the reasons set forth below, the Court denies the Plaintiff's motion for protective order, denies the Plaintiff's requested CMP enlargements, and grants in part and denies in part Defendants' requested CMP enlargements. The modest CMP enlargements the Court will permit are designed to bring this litigation safely

into harbor by the March 2009 trial date.

## II. Plaintiff's Motion For Protective Order.

As set forth on the record at the hearing, the Court previously ordered Plaintiff to respond to Defendants' first set of interrogatories and first request for production of documents by July 11, 2008. [Docket No. 178.] Plaintiff failed to comply with this order and did not ask the Court for any enlargement of the July 11 deadline. Instead, on July 25 Plaintiff made a partial response. Complete discovery responses were not forthcoming from Plaintiff until September 26. However, these responses contained objections. Defendants contend that Plaintiff has waived any objections by making untimely responses in disregard of the Court's July 11 discovery response deadline. Plaintiff's motion for a protective order [Docket No. 276] seeks to limit what information Defendants may obtain by way of this and other discovery requests.

Defendants served the first set of discovery requests at issue on March 14, 2008. [Docket No. 287 at 20.] The Court set Plaintiff's July 11 response deadline during a status conference, following input from counsel on both sides. [Docket No. 178.] If for some unanticipated reason the Plaintiff was unable to meet this generous deadline (approximately four months after Defendants served the discovery), it was incumbent upon Plaintiff to file a motion seeking an enlargement of the Court-ordered deadline. However, the Plaintiff did nothing, served incomplete responses two weeks past the deadline, and then made complete responses replete with objections two months later (more than six months after Defendants served the discovery).

Plaintiff's counsel, Robert Merz, offered no excuse at the November 17 hearing for the untimely discovery responses, claiming that his memory of that time is "dicey at best." Merz did complain that Defendants' discovery is overly broad and remarked that this discovery is the

2

"bane of my existence." Having reviewed the discovery requests, the Court agrees that Defendants' first set of discovery is quite broad. However, Plaintiff's failure to timely object to this discovery, as well as counsel's inexplicable disregard of the Court-ordered deadline to respond, compels the conclusion that Plaintiff has waived all objections to Defendants' first set of interrogatories and first request for production. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."); *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ind. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.") (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)).

Accordingly, Plaintiff's motion for protective order is denied to the extent it seeks to limit its responses to Defendants' first set of discovery. Plaintiff shall serve any additional documents/responses necessitated by this ruling by December 8, 2008.

As for Defendants' second set of interrogatories and requests for production, served on August 28, 2008 [Docket No. 287 at 22], the November 17 hearing highlighted that counsel have not yet exhausted informal efforts to resolve this discovery dispute as required by S.D.Ind.L.R. 37.1.[1] Accordingly, Plaintiff's motion for protective order is denied as premature with respect to

---

[1]Defendants contend that the Plaintiff has misrepresented to the Court that a Local Rule 37.1 conference has occurred. [Docket No. 286 at 2.] It is indicative of the breakdown in this case that counsel cannot even agree upon whether they have attempted to informally resolve their discovery disputes, and that this disagreement prompted allegations that Plaintiff's counsel is making false statements to the Court. Without treading too far into this thicket, the Court is satisfied that counsel has not complied with Local Rule 37.1 as it relates to Defendants' second set of discovery.

Defendants' second set of discovery. As noted at the hearing, however, the Court has reviewed these discovery requests and likewise finds them to be exceedingly broad. However, given that Plaintiff has not waived its objections to this set of discovery, Defendants should work with the Plaintiff to give these unwieldy requests proper focus. As noted below, the Court believes only minimal additional modifications to the CMP are warranted. Therefore, counsel will need to work together if either side hopes to have any meaningful additional discovery.

### III. The Parties' Motions To Amend The CMP.

This brings the Court to the parties' most recent round of proposed amendments to the CMP. [Docket Nos. 262, 274.] As its name suggests, a Case Management Plan is a plan to manage the case. A CMP should reflect counsel's careful consideration of the nature and complexity of the litigation, and should set forth a realistic roadmap for securing a just, speedy, and inexpensive resolution of the action. While this Court routinely grants CMP modifications, Fed. R. Civ. P. 16(b)(4) specifically provides that such changes must be supported by good cause. Given the numerous times the parties have requested and received enlargements of the CMP deadlines, the Court must carefully scrutinize whether any additional enlargements are justified. This is especially true given that this action has been pending since March of 2005.

Under the existing CMP, the critical deadlines were as follows: (1) Plaintiff's expert witness disclosures were due by September 15, 2008; (2) dispositive motions were to be filed by October 1, 2008; (3) Defendants' expert disclosures were due by October 15, 2008; and (4) liability discovery was to be completed by November 16, 2008. [Docket No. 167.] This case is set for a jury trial beginning on March 2, 2009. [Docket No. 170.]

Plaintiff's motion to amend the CMP deadlines proposes to push the trial back

4

approximately seven months until October 2009, and enlarge CMP deadlines accordingly. [Docket No. 274.] In support of its motion, Plaintiff reiterates its allegations against Defendants of discovery abuse. As noted above, Plaintiff's objections to Defendants' first set of discovery have been waived, so complaints about the breadth of this discovery ring hollow. As for Defendants' second round of discovery, the Court already has observed that this discovery is overly broad. This preemptive characterization, combined with the Court's admonition that counsel must work together if either side hopes to have any meaningful additional discovery, should provide for a more focused discovery approach. As a result, Plaintiff's allegations of discovery abuse provide no basis to push the CMP deadlines and trial back seven months.

Plaintiff's motion correctly observes that on August 15, 2008, the parties sought (and were promptly granted) leave to amend their pleadings and add additional parties. [Docket Nos. 180-82, 184.] Defendants' motion also points out that potential witnesses are located in several different states, thereby adding to the complexity of discovery. [Docket No. 262 at 3.] As a result, a modest amendment to the CMP deadlines is warranted. Defendants propose to keep the March 2009 trial date, but seek to push the dispositive motions deadline from October 1 to December 5.

The problem with the Defendants' proposal is that a December 5 dispositive motion deadline does not provide a realistic opportunity to hold the March 2, 2009, trial date. Presuming counsel utilize the time permitted for filing briefs under Local Rule 56.1, a dispositive motion filed on December 5 will be fully briefed (provided no sur-reply is filed) no earlier than January 26, 2009. The Civil Justice Expense and Delay Reduction Plan for the Southern District of Indiana provides that if a summary judgment motion has not been resolved

5

thirty days prior to trial, the motion shall be ruled upon by the trial date and the trial date should be rescheduled. Thus, a summary judgment motion that becomes ripe no earlier than January 26 simply leaves insufficient time for a ruling in advance of a March 2 trial. The Court therefore must decide whether to keep the trial date and forego summary judgment motions, or enlarge the dispositive motion deadline and reset the trial.

The Court opts to keep the trial date and forego summary judgment motions. The parties have had ample opportunity to file summary judgment motions in this case. Rather than file such motions, however, the parties have repeatedly asked that the deadline be moved. The Court has accommodated these requests several times, and the trial date also has been reset. The Court sees no utility in continuing in this fashion. Unfortunately, this approach could complicate the issues to be addressed at the final pretrial conference. But this inconvenience is far preferable to yet another enlargement of the dispositive motions deadline and another corresponding delay in trial.

The Court will, however, grant Defendants' motion in part to extend the deadline for Defendants' expert disclosures from October 15 to December 5, 2008. Defendants' motion is timely and supported by good cause, since Plaintiff's incomplete and untimely discovery responses may well have hindered Defendants' ability to secure an expert. The Court likewise will grant Defendants' request to extend the liability discovery deadline from November 16 to December 17, 2008. No further enlargements of these deadlines are contemplated.

The Court will not extend the deadline for Plaintiff's expert disclosures. As with other deadlines in this case, the Plaintiff simply ignored the deadline and let it pass. Plaintiff's expert disclosures were due September 15, but Plaintiff did not seek an enlargement of this deadline

6

until October 21. [Docket Nos. 167, 274.] A belated attempt to reset the Plaintiff's expert disclosure deadline must be supported by excusable neglect. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (a party requesting an extension of time to complete discovery after the deadline is required to show excusable neglect); Fed. R. Civ. P. 6(b)(1)(B). For reasons already set forth, Plaintiff cannot show excusable neglect, or even good cause for that matter.

Consistent with the foregoing rulings, Plaintiff's motion to amend the CMP [Docket No. 274] is denied, and Defendants' motion to amend the CMP [Docket No. 262] is granted in part and denied in part.

## IV. Conclusion.

Making a comparison to the protagonist in Hemingway's *The Old Man and the Sea*, Plaintiff contends that counsel for the Defendants "has ventured too far out to sea and must be brought back to shore." [Docket No. 276 at 3.] In the Court's view, however, perhaps a more apt observation is that Plaintiff's counsel may be in over his head.

For the reasons set forth above, Plaintiff's motion for protective order [Docket No. 276] is denied to the extent it seeks to limit its responses to Defendants' first set of discovery. Plaintiff shall serve any additional documents/responses necessitated by this ruling by December 8, 2008. Plaintiff's motion for protective order is denied for non-compliance with Local Rule 37.1 with respect to Defendants' second set of discovery. Counsel shall work together to complete any remaining discovery needed in advance of trial. Plaintiff's motion to amend the CMP [Docket No. 274] is denied. Defendants' motion to amend the CMP [Docket No. 262] is granted in part and denied in part to the extent that the deadline for Defendants' expert witness

7

disclosures is enlarged to December 5, 2008, and the liability discovery deadline is enlarged to

December 17, 2008.

Dated: 11/21/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Kevin C. Kaplan
BURLINGTON WEIL SCHWEIP KAPLAN & BLONSKY
kkaplan@coffeyburlington.com

Robert F. Merz Jr.
STELOR PRODUCTIONS, LLC
b.merz@stelorproductions.com

Stephen Lewis Vaughan
INDIANO VAUGHAN LLP
steve@iplawindiana.com

David John Zack
BURLINGTON WEIL SCHWIEP KAPLAN & BLONSKY
dzack@coffeyburlington.com