UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STELOR PRODUCTIONS, LLC. , | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) Case Number: 1:05-CV-0354-DFH-TAB |
| v. | ) |
| | ) |
| OOGLES N GOOGLES | ) |
| FRANCHISING, LLC, and | ) |
| OOGLES N GOOGLES | ) |
| BRANDING, LLC, et .al. | ) |
| | ) |
| Defendants/Counter-Plaintiffs, | ) |
| and Third Party Plaintiffs | ) |
| | ) |
| ****************************** | ) |
| OOGLES N GOOGLES | ) |
| FRANCHISING, LLC, and | ) |
| OOGLES N GOOGLES | ) |
| BRANDING, LLC, et. al. | ) |
| | ) |
| Defendants/Counter-Plaintiffs, | ) |
| and Third Party Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| STELOR PRODUCTIONS, LLC., | ) |
| | ) |
| Counter-Defendant, and | ) |
| | ) |
| STEVEN A. ESRIG, | ) |
| | ) |
| Third Party Defendant, | ) |

STELOR PRODUCTIONS v. OOGLES N GOOGLES et al

Doc. 31

## AMENDED NOTICE OF TAKING VIDEOTAPED DEPOSITION OF LORI ESRIG PURSUANT TO FED. R. CIV.P. 30(b)(1)

PLEASE TAKE NOTICE that pursuant to Fed. Civ. P. 30 and 45, Defendants

hereby request by subpoena, a copy of which is attached hereto, the deposition and

production of documents from Lori Esrig.

The deposition will occur at the time and place indicated below:

**NAME**                    **DATE AND TIME**              **LOCATION**

Lori Esrig                  January 15, 2009               Stelor Productions, LLC
                            9:00 a.m.                      19110 Montgomery Village Ave,
                                                           Ste. 320
                                                           Montgomery Village, MD 20886

The examination will continue from day to day until completed. The deposition is

being taken for the purposes of discovery, for use at trial, or for such other purposes as

are permitted under the Rules of Civil Procedure. The deposition will be taken before a

person designated under Fed. R. Div. P. 28 and will be recorded stenographically and

videotaped.

Please take further notice that the witness, Lori Esrig, is required to produce the

documents and information requested in the attached subpoena. In accordance with the

Rules of Civil Procedure, you are invited to attend and to cross-examine.

Dated this 30th day of December, 2008

By: _____
Stephen L. Vaughan, #2294-49
Attorney-at-Law
INDIANO VAUGHAN LLP
One North Pennsylvania Street, Suite1300
Indianapolis, IN 46204
(317) 822-0033
(317) 822-0055 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of December, 2008, service of the

foregoing Defendants' Amended Notice of Videotaped Deposition Pursuant to Fed. R.

Civ. P. 30 and subpoena to Lori Esrig was made by placing a copy of the same into the

United States Certified Mail, postage prepaid addressed to:

Mr. Jay Cohen
ATTORNEY AT LAW
5530 Wisconsin Ave., Suite 1127
Chevy Chase, MD 20815

Mr. Michael A. Dorelli
HOOVER HULL, LLP
111 Monument Circle, Ste. 4400
P. O. Box 44989
Indianapolis, IN 46244-0989

Stephen L. Vaughan # 2294-49

**Issued by the**

# UNITED STATES DISTRICT COURT

Southern District of Indiana

| Stelor Productions, LLC | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Oogles n Googles Franchising, LLC, *et. al.* | |

Case Number:[1]    1:05-cv-0354-DFH-TAB

TO:    Mrs. Lori Esrig
14701 Mockingbird Lane
Darnestown, Maryland, 20874

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

x YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Stelor Productions, LLC, 19110 Montgomery Village, #320, Montgomery Village, MD 20886 | January 15, 2009 9:00 a.m. |

x YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All contracts between E. G. G. International, LLC and The Aurora Collection, Inc.

| PLACE | DATE AND TIME |
| --- | --- |
| Stelor Productions, LLC, 19110 Montgomery Village, #320, Montgomery Village, MD 20886 | January 15, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Stephen L. Vaughan, attorney for Defendants | December 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen L. Vaughan, INDIANO VAUGHAN, LLP, One North Pennsylvania Street, Suite 1300, Indianapolis, IN 46204
(317) 822-0033

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| **SERVED** | 12/30/2008 | 14701 Mockingbird Lane, Darnestown, MD 20874 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Mrs. Lori Esrig | | Certified Mail - Return Receipt Requested |
| SERVED BY (PRINT NAME) | | TITLE |
| Stephen L. Vaughan | | Defendants' attorney |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    December 30, 2008
                  DATE

SIGNATURE OF SERVER

One North Pennsylvania Street, Suite 1300
ADDRESS OF SERVER

Indianapolis, Indiana 46204

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).